**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Scott F. Gibson - SBN 10884
SGibson@DavisMiles.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES ARNETT,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN SNOW HOWARD, LIFELINE MEDIA LLC, a Texas entity, NATIONWIDE AFFORDABLE HOUSING, a Texas corporation, and the BEN HOWARD TRUST, an IDAHO TRUST,<br><br>Defendants. | CASE NO.  CV-12-0311-TUC-DTF<br><br>**MOTION TO DISMISS & MEMORANDUM IN SUPPORT**<br><br>**(Assigned to Magistrate Judge D. Thomas Ferraro)** |

Defendants Benjamin Snow Howard ("Howard"), Lifeline Media LLC ("Lifeline"), Nationwide Affordable Housing ("NAH"), and the Ben Howard Trust ("the Trust") request that the Court dismiss Plaintiff's Complaint.  This Motion to Dismiss is based on the following grounds from Rule 12 of the Federal Rules of Civil Procedure:

1.  Lack of personal jurisdiction.
2.  Improper venue.

1

3. Failure to state a claim upon which relief can be granted.

Defendants request dismissal of this lawsuit on each of these grounds in the alternative. Each ground will be addressed in turn.

### 1. Lack of personal jurisdiction

Plaintiff's "Civil Action" (Complaint) fails to allege sufficient facts that would establish this Court's personal jurisdiction over Defendants. Under Ninth Circuit case law, the plaintiff bears the burden of establishing personal jurisdiction over the defendant.[1] Prior to trial, a defendant may file a motion to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.[2]

Since no specific federal statute governs personal jurisdiction in this case, Arizona's long-arm statute applies.[3] Arizona's long-arm statute provides for personal jurisdiction to the fullest extent allowed by the Due Process Clause.[4]

Under U.S. Supreme Court precedent, the Due Process Clause requires that, absent traditional bases for personal jurisdiction such as physical presence or consent, nonresident defendants must have certain minimum contacts with the forum such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.[5] If a court finds that a defendant's contacts with the forum state are enough to satisfy the Due Process Clause, the court will exercise either "general" or "specific" jurisdiction over the defendant, depending on the nature of the defendant's contacts with the forum state.[6]

---

[1] *Ziegler v. Indian River Country*, 64 F.3d 470, 473 (9th Cir. 1995).

[2] *Data Disc Inc. v. Systems Tech. Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

[3] *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th. Cir. 1995).

[4] Ariz. R. Civ. P. 4.2(a); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

[5] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[6] *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-415 nn. 8-9 (1984).

A court may exercise general jurisdiction over a defendant "[i]f the defendant's activities in the state are 'substantial' or 'continuous and systematic,' . . . even if the cause of action is unrelated to those activities."[7] If a defendant's contacts with the forum state are not substantial, systematic or continuous enough for general jurisdiction, then the court must determine if exercising specific jurisdiction over the defendant would comport with Due Process. The Ninth Circuit has a three-part test to determine if specific jurisdiction exists: (1) the defendant has *purposefully availed* himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim *arises out of* the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is *reasonable*.[8]

The Ninth Circuit has established that district courts should apply different specific jurisdiction tests to contract and tort cases.[9] In cases arising out of contractual relationships, including those with related tort claims, the Ninth Circuit applies the "purposeful availment" test, which

> [R]equires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This focus on the defendant's affirmative conduct is designed to ensure that the defendant is not haled into court as the result of random, fortuitous, or attenuated contacts.[10]

"A defendant has purposely availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a State or has created 'continuing obligations'

---

[7] *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997)(citation omitted).

[8] *Bancroft & Masters. Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)(citation omitted).

[9] *Ziegler*, 64 F.3d at 473.

[10] *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990)(citation omitted).

3

between himself and the residents of the forum.'"[11] Additionally, the Ninth Circuit performs a *qualitative* evaluation of the defendant's contact with the forum state to determine whether the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."[12]

As the U.S. Supreme Court has established, the existence of a contract with a resident of the forum state is insufficient by itself to create specific personal jurisdiction over the nonresident.[13] The Ninth Circuit has also noted that "'temporary physical presence' in the forum does not suffice to confer personal jurisdiction."[14] Additionally, the "ordinary 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'"[15] But "[p]arties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities."[16] "[T]he purposeful availment analysis turns upon whether the defendant's contacts are attributable to 'actions by the defendant *himself*,' or conversely to the unilateral activity of another party."[17] When determining whether a defendant has purposefully availed himself, courts must also consider the future consequences of the alleged contract, along with the terms of the contract and the actual

---

[11] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)).

[12] *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993)(*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

[13] *Burger King*, 471 U.S. at 478.

[14] *Roth v. Garcia Martinez*, 942 F.2d 617, 621 (9th Cir. 1991)(citation omitted).

[15] *Id.* at 622.

[16] *Id.* at 473.

[17] *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986)(citation omitted).

4

course of dealing of the parties.[18] A court should also consider where performance of the contract was to or did take place.[19]

To determine whether the plaintiff's cause of action "arises out of" the defendant's contacts with the forum state, the Ninth Circuit has employed a "but for" requirement, which is met if *but for* the contacts between the defendant and the forum state, the cause of action would not have arisen.[20]

As for the "reasonableness" requirement, if the first two requirements of specific jurisdiction are met, a court presumes that exercise of jurisdiction over the defendant is reasonable, and the burden then shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[21] The Ninth Circuit considers seven factors to determine if exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiffs interest in convenient and effective relief; and (7) the existence of an alternative forum.[22]

*Analysis*

While Defendants strongly disagree with the Plaintiff's account of the facts, for purposes of this motion to dismiss Defendants must assume the truth of Plaintiff's allegations as follows: While staying at Plaintiff's work studio in Arizona, Howard offered

---

[18] *Gray*, 913 F.2d at 760.

[19] *See Roth*, 942 F.2d at 622.

[20] *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

[21] *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

[22] *Ziegler*, 64 F.3d at 475.

5

Plaintiff a job as a "major equity partner" working on a film project in Utah over a two-month period.[23] Plaintiff agreed to the offer but told Howard that he would let him know when he was available.[24] After Howard returned to Utah, Plaintiff called Howard on the telephone to let Howard know that he was now available for the project.[25] Howard reiterated his offer over the phone.[26]

Plaintiff's complaint then states that "[t]he parties were to formalize the agreement together in Utah."[27] Plaintiff agreed, and Howard booked Plaintiff a flight to Utah to begin working on the project.[28] Plaintiff's own allegations indicate that his performance under the alleged contract took place in Utah (with a brief time in Idaho) and Howard's additional promises to formalize the equity partnership were also made in Utah.[29] All of Plaintiff's other allegations have to do with events in Utah.[30]

Plaintiff has not alleged facts that establish a prima facie case for this Court to exercise personal jurisdiction over Defendants. The Court should note the complete absence of any allegations that would establish jurisdiction over Defendants Lifeline, NAH, or the Trust. Of the named Defendants, only Howard is alleged to have had any contact with Arizona. Therefore, at the least, there is no basis for this Court's exercise of personal jurisdiction over Lifeline, NAH, or the Trust.

Plaintiff has also not alleged sufficient contacts to establish this Court's general jurisdiction over Howard. The brief contact Howard is alleged to have had with Arizona is

---

[23] (Civil Action ¶ 2).
[24] (Civil Action ¶ 3).
[25] (Civil Action ¶ 4).
[26] (Civil Action ¶ 4).
[27] (Civil Action ¶ 4).
[28] (Civil Action ¶¶ 4-5).
[29] (Civil Action ¶¶ 3-30).
[30] (Civil Action ¶¶ 19-32).

6

in no way substantial, systematic or continuous. As to specific jurisdiction, Plaintiff has not alleged sufficient facts that would demonstrate Howard has purposefully availed himself of the benefits of Arizona in connection with the alleged contract. While Plaintiff alleges that Howard was briefly physically present in Arizona and offered Plaintiff a job in Utah, the Court should look at the future consequences of the alleged contract and the course of dealing. According to the allegations, the parties understood that formalization and performance of the contract would be in Utah. Plaintiff alleges that he performed his obligations in Utah. Howard's alleged brief contact with Plaintiff in Arizona, which did not result in a clearly-defined or executed contract, is not enough for purposeful availment.

Even if the Court is inclined to find that Plaintiff has established purposeful availment for specific jurisdiction, it is not reasonable, under the third prong, for the Court to exercise specific personal jurisdiction over Howard. Considering the seven factors of reasonableness: (1) the extent of the Howard's alleged purposeful interjection into Arizona is minimal; (2) the burden on Howard of litigating in Arizona is great; (3) if this Court exercised jurisdiction over Howard it would conflict with the sovereignty of Utah; (4) Utah has an interest in adjudicating the dispute—under Utah law; (5) the most efficient judicial resolution of the dispute would be in Utah where witnesses and evidence are located; (6) if Plaintiff is indeed entitled to relief, a Utah court would afford him the same; and (7) Utah is a viable alternative forum for this case.

In conclusion, it would not comport with the Due Process Clause for this Court to exercise personal jurisdiction over any of the Defendants in this case. Therefore, Defendants request that the Court grant their Motion to Dismiss based on lack of personal jurisdiction.

## 2. Improper venue

Plaintiff's complaint should also be dismissed for improper venue. According to 28 U.S.C. § 1391(c), there are specific rules for where cases may be brought in federal court:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Additionally, the Ninth Circuit has provided the following guidance for applying this venue statute in breach of contract cases:

> The overriding purpose of § 1391(a) is to further the convenience of the parties. *See Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27, 33 (8th Cir.1973). We believe that the spirit of § 1391(a) is better served in this case if venue for a claim based on breach of contract be the place of intended performance rather than the place of repudiation. *American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir.1981); *Gardner*, 484 F.2d at 33. We favor this rule because the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued. Furthermore, the place of performance is likely to have a close nexus to the underlying events.[31]

This holding reveals the Ninth Circuit's venue preferences in breach of contract cases. Because the court prefers "place of intended performance" over "place of repudiation" for venue, it logically follows that (in the absence of an agreement otherwise) the court would prefer "place of intended performance" over "place of preliminary negotiations" or "place of initial offer and conditional acceptance."

Here, in Plaintiff's Complaint, a very substantial part (nearly all) of the alleged events or omissions giving rise to Plaintiffs claims occurred in Utah. Plaintiff has alleged that the place of performance of the contract was Utah. All of the other claims in the complaint are based on events that allegedly took place in Utah. Given Plaintiff's

---

[31] *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).

8

allegations, the balance weighs heavily in favor of proper venue being in Utah rather than Arizona.

Given the foregoing, Defendants request that the Court either dismiss Plaintiff's complaint for improper venue or transfer this case to the proper venue—the U.S. District Court for the District of Utah.

### 3. Failure to state a claim upon which relief can be granted

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim."[32] Dismissal under 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[33] To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief."[34]

Plaintiff's complaint contains nine separate claims against Defendants: (1) Failure of Consideration, (2) Breach of Contract, (3) Fraud, (4) Fraud, (5) Fraud, (6) Misrepresentation of Material Facts, (7) Intentional Harm, (8) Unjust Enrichment, and (9) Copyright Infringement. Each of these claims fails to state a claim upon which relief can be granted. Additionally, while Plaintiff has included Lifeline, NAH, and the Trust as Defendants, he has failed to allege the involvement of these entities to any extent whatsoever. Therefore, at the least, the Court should dismiss Lifeline, NAH, and the Trust from this case because Plaintiff has failed to demonstrate why these entities should be in the case at all.

<u>1. Failure of Consideration</u>

---

[32] *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

[33] *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).

[34] *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010).

9

Plaintiff's claim for "Failure of Consideration" should be dismissed because it does not state an actual cause of action—it is an affirmative defense. The Arizona Court of Appeals has explained that "[t]he parties raising the *defense* of failure of consideration with reference to a note have the burden of proving it."[35] Moreover, Arizona case law dictates that "failure of consideration" is primarily a "viable personal *defense* against the holder of a negotiable instrument."[36] Therefore, this claim is legally improper and should be dismissed for failing to state a proper claim under a cognizable legal theory.

2. Breach of Contract

Plaintiff's claim for Breach of Contract also fails to state a claim. In Arizona "[i]t is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages."[37]

Plaintiff claims Howard breached their contract by "adding two additional months to the original two month term of service." Plaintiff claims that this delay caused him and Mr. Ard "a significant addition of time and duress, making Defendant Howard liable for those damages."

As a preliminary matter, Plaintiff has no standing to make claims for Mr. Ard or anyone else. In this and several other claims, Plaintiff attempts to represent the interests of other individuals—none of which are included in this lawsuit. Such attempts are improper, and the Court should disregard them.

For his Breach of Contract claim, Plaintiff has alleged nothing more than delays. Yet he has not alleged that "time is of the essence" or why these alleged delays constitutes a

---

[35] *Sepo v. First Nat. Bank of Arizona*, 21 Ariz.App. 606, 609, 522 P.2d 562, 565 (Ariz. Ct. App. 1974)(emphasis added).

[36] *Great Western Bank & Trust Co. v. Pima Sav. & Loan Ass'n*, 149 Ariz. 364, 367, 718 P.2d 1017, 1020 (Ariz. Ct. App. 1986)(emphasis added).

[37] *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004)

breach under the alleged agreement. He has not alleged that Howard specifically agreed to impose any particular time constraints upon himself. Furthermore, Plaintiff has not adequately pled what his alleged damages are—he merely states that the alleged delay caused him "time and duress." Duress is merely another affirmative defense to a contract,[38] and Plaintiff has failed to state why, how, or to what extent this time delay damaged him. Since Plaintiff has failed to properly allege a breach or damages, his claim should be dismissed for failure to state a claim.

3. Fraud (regarding project equity or payment)

The nine well-known elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; and (9) his consequent and proximate injury.[39] Additionally, Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Plaintiff has failed to allege facts that would satisfy each of the elements of fraud, and has failed to state with particularity the circumstances constituting fraud. He has not stated, with particularity, precisely what representation Howard made to Plaintiff—the complaint is too vague to extract what exactly Plaintiff claims Howard said or represented. Since it is unclear what the alleged representation was, Plaintiff has also failed to properly allege with particularity that the statement was false, that it was material, or that Howard had knowledge of the representation's falsity or ignorance of its truth.

---

[38] *See USLife Title Co. of Arizona v. Gutkin*, 152 Ariz. 349, 357, 732 P.2d 579, 587 (Ariz. Ct. App. 1986).

[39] *Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 77, 985 P.2d 556, 562 (Ariz. Ct. App. 1998).

Furthermore, under Arizona law, "[a] claim of fraud . . . does not lie for a promise to do something in the future."[40] If Plaintiff is claiming that Howard's alleged promise to give Plaintiff equity in the project (in the future) constitutes fraud, such a claim is inappropriate under the law, because "in order to support a claim for fraud, the representation must be of a matter of fact existing in the present, and not merely an agreement or promise to do something in the future . . . ."[41]

Plaintiff also did not state with particularity Howard's intent concerning his alleged representation. Plaintiff also did not allege that he himself was ignorant of the statement's falsity, or that he had the right to rely on it. Plaintiff has also not stated with particularity what his "consequent and proximate injury" is or was.

Since Plaintiff has not sufficiently alleged facts with particularity that, if proven, would state a claim for fraud against Defendants, this claim should be dismissed.

4. Fraud (for Mr. Ard)

In this claim for fraud, Plaintiff attempts to assert a claim on behalf of Mr. Ard. This is improper because Plaintiff has no standing to represent Mr. Ard. Plaintiff is not an attorney. Plaintiff has not established why he is able to represent Mr. Ard in any legal capacity. This claim is frivolous and should be dismissed accordingly.

5. Fraud (motorcycle)

In this claim, Plaintiff alleges that Howard misrepresented several things about the condition of a motorcycle Howard gave to Plaintiff as an incentive or bonus. As set forth above, there are nine well-known elements required to state a claim for fraud. And again, Plaintiff fails in this claim to state with particularity facts that would satisfy each element.

---

[40] *MH Inv. Co. v. Transamerica Title Ins. Co.*, 162 Ariz. 569, 574, 785 P.2d 89, 94 (Ariz. Ct. App. 1989).

[41] *Walters v. First Federal Sav. and Loan Ass'n of Phoenix*, 131 Ariz. 321, 325, 641 P.2d 235, 239 (Ariz. 1982).

Plaintiff has not alleged that Howard's representations concerning the condition of the motorcycle were material to Plaintiff, or that Howard had any knowledge of the falsity of his representations or ignorance of their truth. Plaintiff also did not allege that Howard intended his representations to be acted upon by Plaintiff in the manner reasonably contemplated. Furthermore, Plaintiff did not allege that he was ignorant of the falsity of the representations, that he relied on their truth, or that he had a right to rely on them. Finally, Plaintiff has not stated with particularity what his "consequent and proximate injuries" are. Therefore, this claim should be dismissed for failing to state a claim.

6. Misrepresentation of Material Facts

This claim by Plaintiff also fails to state a cognizable claim. Plaintiff alleges, essentially, that Howard lied when he told Plaintiff that he was unable to pay Plaintiff for his work. Without more, these allegations do not state facts that constitute an actual cause of action in the State of Arizona. Therefore this claim should be dismissed.

7. Intentional Harm

In this claim, Plaintiff has again failed to state a cognizable cause of action. There is no such cause of action in Arizona for "intentional harm." Defendants have no way of knowing what the legal elements of this claim are or what defenses may be available. Furthermore, Plaintiff alleges that Howard is liable for "intentional harm" by simply "knowingly and willingly remaining silent." Plaintiff also admits in his complaint that he left Utah on the motorcycle at that time *on his own will*.[42] Given these alleged facts, Defendants could not be liable. Plaintiff also fails to state *how* he was harmed. With these fatal deficiencies in the allegations, this claim should be dismissed for failing to state a claim upon which relief can be granted.

---

[42] (Civil Action ¶ 28).

### 8. Unjust Enrichment

Under Arizona law, to state a claim for unjust enrichment, "a plaintiff must demonstrate five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law."[43] Furthermore, "if there is 'a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'"[44]

Here, Plaintiff has alleged the existence of a specific contract governing the relationship between himself and Howard concerning the alleged filming project. Therefore, Plaintiff has not alleged the last element of unjust enrichment—the absence of a remedy provided by law. Consequently, his unjust enrichment claim is improper and should be dismissed.

### 9. Copyright Infringement

On its face, Plaintiff's claim for Copyright Infringement fails as a matter of law. The strict requirements in the United State Code for initiating a copyright infringement dictate that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."[45] Plaintiff has not alleged that he registered a copyright in the work he claims Howard infringed upon.

Furthermore, federal copyright law also dictates that "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a

---

[43] *Freeman v. Sorchych*, 226 Ariz. 242, 251, 245 P.3d 927, 936 (Ariz. Ct. App. 2011).

[44] *Trustmark Ins. Co. v. Bank One, Arizona, NA*, 202 Ariz. 535, 542, 48 P.3d 485, 492 (Ariz. Ct. App. 2002).

[45] 17 U.S.C. § 411(a).

*written instrument* signed by them, owns all of the rights comprised in the copyright."[46] Here, Plaintiff has alleged that he did work for hire for Howard. Plaintiff has also failed to allege that he and Howard agreed to a different copyright arrangement in a signed, written instrument.

Since Plaintiff's claim for Copyright Infringement is, on its face, contrary to federal copyright laws, it should be dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, the Court should dismiss Plaintiff's claims against all named Defendants for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. If the Court is not inclined to grant the motion to dismiss for improper venue, Defendants request transfer of venue to Utah.

RESPECTFULLY SUBMITTED this 26th day of September, 2012.

          **DAVIS MILES MCGUIRE GARDNER, PLLC**

By   /s/ Scott F. Gibson
     Scott F. Gibson
     80 E. Rio Salado Pkwy., Ste. 401
     Tempe, AZ 85281
     *Attorneys for Defendants*

---

[46] *Id.* § 201(b)(emphasis added).

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing, mailed a copy via regular U.S. mail to the following, and transmitted a Notice of Electronic Filing to the following CM/ECF participants:

Magistrate Judge D. Thomas Ferraro
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 6660
Tucson, AZ  85701

James Arnett
9288 N. Monmouth Court
Tucson, AZ 85742
*Plaintiff Pro Per*


/s/ Annette T. Hernandez