**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Scott F. Gibson - SBN 10884
SGibson@DavisMiles.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES ARNETT,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN SNOW HOWARD, LIFELINE MEDIA LLC, a Texas entity, NATIONWIDE AFFORDABLE HOUSING, a Texas corporation, and the BEN HOWARD TRUST, an IDAHO TRUST,<br><br>Defendants. | CASE NO.  CV-12-0311-TUC-DTF<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**(Assigned to Magistrate Judge D. Thomas Ferraro)** |

Defendants Benjamin Snow Howard ("Howard"), Lifeline Media LLC ("Lifeline"), Nationwide Affordable Housing ("NAH"), and the Ben Howard Trust ("the Trust") submit this Reply brief in support of their Motion to Dismiss.

## INTRODUCTION

Defendants' Motion to Dismiss is based on three grounds: lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

1

Plaintiff's memorandum in opposition is improper in several ways. Plaintiff's brief is 26 pages long—not including the attached exhibits. Rule 7.2(e)(1) of the Local Rules of Civil Procedure establishes that a responsive memorandum may not exceed 17 pages—exclusive of any attachments or required statement of facts (but a response to a motion to dismiss does not require a statement of facts). Therefore, Defendants request that the Court reject Plaintiff's memorandum because it exceeds the page limits established by local rule.

Additionally, Plaintiff has attached 14 different exhibits to his brief in response to Defendants' motion to dismiss. Defendants request, under Rule 12(d) of the Federal Rules of Civil Procedure, that the Court exclude these materials (submitted outside the pleadings) from its consideration in deciding Defendants' motion. Additionally and alternatively, Defendants request that the Court strike Plaintiff's exhibits as being improperly submitted and irrelevant to the issues raised by Defendants' Motion to Dismiss. However, if the Court is inclined to consider Plaintiff's exhibits in its decision and thereby transform the motion to dismiss into a motion for summary judgment, then Defendants request an opportunity to present opposing affidavits and evidence.

Furthermore, when deciding Defendants' motion, the Court should note that a pro se litigant is not excused from knowing the most basic pleading requirements.[1] The Ninth Circuit has explained that although pro se pleadings are liberally construed, "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss."[2] Therefore, the Court should hold Plaintiff's complaint to the proper standard.

---

[1] *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).
[2] *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).

# ARGUMENT

## 1. Personal Jurisdiction

In his memorandum in opposition, Plaintiff fails to adequately refute the arguments Defendants have made concerning lack of personal jurisdiction. Defendants have established, under Ninth Circuit and U.S. Supreme Court case law, the following points:

- Even if Mr. Howard was temporarily physically present in Arizona, that temporary physical presence alone is not sufficient to establish personal jurisdiction.[3]

- The existence of a contract with a resident of a forum state is insufficient by itself to create specific personal jurisdiction over the nonresident.[4]

- Ordinary use of the telephone simply does not qualify as purposeful activity establishing personal jurisdiction over a nonresident.[5]

- The Court must consider the future consequences of the alleged contract, the alleged terms, the course of dealing of the parties,[6] and where performance was to or did take place.[7]

Plaintiff's own complaint alleges that the parties were to formalize their agreement in Utah, the place of performance was primarily in Utah, and the vast majority of the actual course of dealings between the parties was in Utah. Therefore, under constitutional due process case law it is not fair or reasonable for an Arizona court to exercise personal jurisdiction over Howard.

Plaintiff's argument concerning the use of the "purposeful direction" test is improper, because that test is for tort-based cases, and he has alleged a primarily contract-based case, which requires the "purposeful availment" test with the considerations set forth above.[8]

---

[3] *Roth v. Garci Martinez*, 942 F.2d 617, 621 (9th. Cir. 1991).
[4] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).
[5] *Roth*, 942 F.2d at 622.
[6] *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).
[7] *See Roth*, 942 F.2d at 622.
[8] *Ziegler v. Indian River Country*, 64 F.3d 470, 473 (9th. Cir. 1995).

Also, Plaintiff's characterization of what his complaint alleges is overly generous in his favor. The Court should take special care to only consider the face of his complaint—not the new allegations and characterizations contained in Plaintiff's brief.

Plaintiff has also failed to put forth any reasonable or persuasive argument concerning why this Court should exercise personal jurisdiction over Lifeline, NAH, and the Trust. His brief contains all new allegations concerning his "alter ego" theory—allegations that were not contained in his complaint. The Court should only consider the face of his complaint to determine whether he has alleged sufficient facts to establish personal jurisdiction over each Defendant.

Defendant notes that although Plaintiff seeks to amend his complaint, the only information he has provided concerning what he would change about or add to his complaint is that he would submit evidence (which would be improper at this stage), correct typos, and correct paragraphs 37 through 58 (those setting forth his claims). He has not indicated that he would allege any additional facts concerning jurisdiction. Therefore, the Court and Defendants can assume that Plaintiff's amended complaint would not change anything concerning analysis of the personal jurisdiction question.

For these reasons, the Court must follow the controlling constitutional case law and dismiss Plaintiff's complaint in its entirety for failing to allege a sufficient factual basis for this Court's exercise of personal jurisdiction over Defendants.

**2. Improper Venue**

In their Motion to Dismiss for improper venue, Defendants properly set forth the venue statute for federal courts, which states that "a civil action may be brought in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . . ."[9]

---

[9] 28 U.S.C. § 1391(b).

4

As shown in Plaintiff's complaint, the vast majority of the events or omissions giving rise to Plaintiff's claims occurred in Utah, not Arizona.

Plaintiff argues in response that the "property" that is the subject of this action is situated in Arizona—the "Motion Picture in its elements" and the motorcycle. However, Plaintiff's argument misses the point and the basic meaning of the venue statute. First, no property is the subject of this action—Plaintiff's complaint is based on breach of contract and several torts. This case is not in the nature of a quiet title or declaratory judgment action concerning ownership of specific property. Second, the Motion Picture is intangible property, and the venue statute is referring to real or other tangible property. This case is not about rightful ownership of specific property that can be located in a particular jurisdiction—it is about Defendants' alleged actions and omissions that Plaintiff has alleged took place in Utah.

It is only fair and reasonable for this Court to rule that proper venue for this case is in Utah, given that it was, as Plaintiff has alleged, the place of intended performance of the contract.[10] Additionally, Plaintiff's claim that a principal witness, Gerren Ard, is a resident of Arizona is a new allegation that was not included in Plaintiff's complaint. Plaintiff also fails to address the fact that most of the evidence is located in Utah.

Additionally, as set forth in the preceding section, Plaintiff has indicated that his amended complaint, if allowed, would not contain any new facts relevant to proper venue. Therefore, the Court and Defendants can assume that Plaintiff's amended complaint would not change anything concerning analysis of the improper venue issue.

Therefore, if the Court is not inclined to dismiss the case for lack of personal jurisdiction, Defendants request that the case be either dismissed for improper venue or transferred to U.S. District Court in Utah.

---

[10] *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).

5

### 3. Failure to State a Claim

While Defendants' Motion to Dismiss demonstrated why each of Plaintiff's claims fails to properly state a claim upon which relief can be granted, Plaintiff's only response is a request for leave to amend his complaint, to which Defendants object for failure to comply with the Rules. Given Plaintiff's lack of a substantive response to the Motion, and given the futility of an amended complaint as Plaintiff has proposed, Defendants' Motion to Dismiss for failure to state a claim stands unopposed. Therefore, the Court should grant the Motion and dismiss Plaintiff's complaint.

## CONCLUSION

Defendants request that the Court not consider Plaintiff's memorandum in opposition because it is nine pages overlength under the Local Rules. The Court should also not consider the evidence Plaintiff has submitted outside the pleadings. Defendants also request that the Court strike the exhibits submitted by Plaintiff because they are improper and irrelevant to Defendants' Motion to Dismiss. The Court should dismiss all Defendants for lack of personal jurisdiction. In the alternative, the Court should dismiss the case for improper venue, or transfer it to Utah federal court. Alternatively, the Court should grant Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted, due to Plaintiff's failure to respond to the substance of Defendants' arguments.

RESPECTFULLY SUBMITTED this 25th day of October, 2012.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By    /s/ Scott F. Gibson
       Scott F. Gibson
       80 E. Rio Salado Pkwy., Ste. 401
       Tempe, AZ 85281
       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing, mailed a copy via regular U.S. mail to the following, and transmitted a Notice of Electronic Filing to the following CM/ECF participants:

Magistrate Judge D. Thomas Ferraro
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 6660
Tucson, AZ  85701

James Arnett
9288 N. Monmouth Court
Tucson, AZ 85742
*Plaintiff Pro Per*

/s/ Annette T. Hernandez