

```
                                        ┌──────────────────────────────┐
                                        │ ___ FILED      ___ LODGED    │
                                        │ ___ RECEIVED   ___ COPY      │
                                        │  7  ┌──────────────────┐  7  │
                                        │     │   NOV 1 5 2012   │     │
                                        │     └──────────────────┘     │
                                        │     CLERK U S DISTRICT COURT │
                                        │       DISTRICT OF ARIZONA    │
                                        │ BY_____     DEPUTY   │
                                        └──────────────────────────────┘
```

1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8               FOR THE DISTRICT OF ARIZONA

9

10  James Arnett,                    )

11            Plaintiff,             )

12  vs.                              )   No. 4:12-CV-00311-DCB-DTF

13  Benjamin Snow Howard, et al.,    )   **MOTION**

14            Defendants.            )

15  _____ )

16

17          **Motion For Leave To File Sur-Reply**

18     **In Opposition To Defendants' Motion To Dismiss Reply**

19

20        Plaintiff James Arnett respectfully requests leave to file the attached Sur-

21  Reply in opposition to Defendants' Motion To Dismiss Reply [Doc. 26] for the

22  purpose of responding to incorrect statements, erroneous assumptions and

23  assertions of "new allegations" made and raised for the first time by Defendants.

24

25        Alternately, Plaintiff James Arnett *Pro Se*, the non-movant party, requests

26  that this honorable Court strike Defendants' Motion To Dismiss Reply [Doc. 26].

27

28        As Grounds therefore, Plaintiff states:

1    On 25 October 2012, Defendants filed their Motion To Dismiss Reply
2    [Doc. 26], which consists of a substantial volume of incorrect statements that
3    mischaracterize Plaintiff's position, for which, Plaintiff James Arnett should be
4    permitted to rebut and correct on the record, including the following:

5

6    Defendants assert that Plaintiff's Memorandum [Doc. 25] is improper in
7    "several ways", amounting to three descending arguments:

8

9    (1)    Defendants assert an impropriety [Doc. 26, pages 1 - 2, lines  27 – 7], citing
10   Local Rule 7.2(e)(1), applying a narrow reading of the Rule, omitting and
11   disregarding the full Authority and Discretion available from this honorable Court,
12   as conspicuously provided by the Rule:

13

14       *"Unless otherwise permitted by the Court,* a motion including its supporting
15       memorandum, and the response including its supporting memorandum, may
16       not exceed seventeen (17) pages, exclusive of attachments and any required
17       statement of facts." (emphasis added by Plaintiff)

18

19       *"Unless otherwise permitted by the Court...*" provides this honorable Court
20   with the Authority to permit an excess of 17 pages, as it finds appropriate.

21

22       Whereas, Defendants' Motion To Dismiss [Doc. 18] challenged three major
23   issues of high-complexity in one document, whereby, the necessity of length was
24   made evident by the scope and the complexity of the issues they raised, for which,
25   the Court's ORDER [Doc. 21] was issued by this honorable Court for Plaintiff to
26   fulfill.  The document *is* 17 pages, *less* the white space and other readability
27   conveniences installed for the convenience of this honorable Court.

28

1    In Plaintiff's Memorandum [Doc. 25, page 26, lines 1 – 5], Plaintiff closed,

2  showing good cause to this honorable Court for the necessity of the volume of that

3  document, rendering its compliance to Local Procedure as a discretionary matter

4  for the Court, in order to sufficiently fulfill its ORDER [Doc. 21], without excuse

5  or neglect, to comply fully with the same, in all good faith.

6

7    To that end, it is reasonable to expect Plaintiff to obey the explicit ORDER

8  [Doc. 21] of this honorable Court in completeness, forthcoming with all due

9  diligence, in a convenient and digestible manner.

10

11    Whereby, fulfilling an ORDER of this honorable Court represents *implicit*

12  permission to comply fully with said ORDER as, "*otherwise permitted by the*

13  *Court...*", under the Rule, with manifest good cause.

14

15  **(2)**    Defendants then assert that Plaintiff's Statement Of Facts is "improper",

16  merely because it is not a requirement.

17

18    Plaintiff asserts that a Statement Of Facts is not prohibited by the Federal or

19  Local Rules, and that matters of record, as documented by the Clerk of the Court

20  do not represent objectionable facts, which may not be construed to be improper,

21  unless prohibited by the Rules.

22

23  **(3)**    Defendants then assert that the documentation attached in support of

24  Plaintiff's Memorandum [Doc. 25] is "improper" and "irrelevant", attempting to

25  classify it as "presenting matters outside the pleadings", when the matters of

26  Jurisdiction and Venue are manifestly integral to the Complaint [Doc. 1],

27  presenting *no* matters outside of the pleadings in the supporting documentation.

28

1      Because it is common practice to attach documentation in support of a

2  Memorandum, the only confusion Defendants attempt to create is to suggest that

3  matters outside of the pleadings have been introduced by the Plaintiff. It should be

4  noted, all of the matters supported by said documentation are firmly anchored

5  within the scope of the Complaint [Doc. 1], which substantiate Plaintiff's

6  arguments for proper Venue and Jurisdiction.

7

8      Defendants then continue to argue against Jurisdiction by asserting that

9  Plaintiff has failed to adequately refute Defendants' arguments in his

10  Memorandum [Doc. 25]. Whereas, Defendants have chosen to simply ignore the

11  great volume of the case law cited, its propriety and its direct applicability to

12  establishing the Jurisdiction that this honorable Court has over them.

13

14      Whereas, Defendants, being the Movants, have not yet established anything

15  identifiable as a plausible or compelling argument in their Reply [Doc. 26] to

16  support such conclusions in their Motion To Dismiss [Doc. 18].  Defendants have

17  made four failed arguments in the four points they cited:

18

19    **(1)    Temporary Physical Presence Alone Is Not Sufficient.**

20      The terminal flaw in Defendants' first argument is that Defendant Howard's

21  physical presence in the Forum was NOT A LONE ACT. Defendant Howard

22  *significantly compounded* his contacts within the Forum in several ways, which

23  include: purchasing a cellular telephone for the Forum, exclusively to do business

24  with Plaintiff; to request and to receive services online; the creation of a contract;

25  the partial performance of a contract by purchasing air travel for Plaintiff from the

26  Forum; making minor payments into the Forum; etc.; in addition to his physical

27  presence in the Forum with a directed, self-serving purpose.  Defendants' first

28  argument FAILS and should be disregarded by this honorable Court.

**(2)     A Contract With A Resident Of A Forum Is Insufficient By Itself.**

The terminal flaw in this argument is identical to Defendants' first argument, FAILING for the same reasons and should be disregarded by this honorable Court.

**(3)     Ordinary Use Of Phone Does Not Qualify As Purposeful Activity.**

For Defendants to characterize their purchase of a telephone and paying for the cellular service in the Forum's area code, then shipping it into the Forum for the express purpose of requesting and receiving services as "ordinary use" is a FAILED assertion *at best*, and should be disregarded by this honorable Court.

**(4)     Future Consequences, Terms, Course Of Dealings, Etc.**

Defendants assert that the four months of Performance in Utah excludes all other dealings and contacts, which span seven months within the Forum prior and four months following, for a total of eleven months of in-Forum dealings and contacts. The argument FAILS and should be disregarded by this honorable Court.

Next, Defendants make the assertion that Plaintiff's "*...use of the 'purposeful direction test' is improper, because that test is for tort-based cases, and he has alleged a primarily contract-based case, which requires the 'purposeful availment' test with the considerations set forth above.*" [Doc. 26, page 3, lines 22 – 24].

Defendants' argument FAILS because it is misleading to this honorable Court, in that Plaintiff Arnett's Memorandum [Doc. 25, pages 7 – 8, lines 1 – 5 & pages 8 – 9, lines 7 – 28] clearly puts forth BOTH the Purposeful Availment AND Purposeful Direction tests – specifically because, as Defendants note themselves later in their Reply [Doc. 26, page 5, lines 6 – 8], "*Plaintiff's complaint is based on breach of contract and several torts.*", demonstrating that Defendants are fully aware of the impropriety of their assertion.

1    Defendants repeatedly advise this honorable Court to "*only consider the*
2  *face of his [Plaintiff's] Complaint*", asserting characterizations and new allegations
3  for which, no effective or reasonable examples are offered, from which to justify
4  disregarding any documentation, proof or information offered by Plaintiff.
5
6    Defendants then make the mischaracterizing assertion, "*Plaintiff has failed*
7  *to put forth any reasonable or persuasive argument concerning why this Court*
8  *should exercise personal jurisdiction over* [additionally named Defendants]", in
9  the face of the *exhaustive* case law Plaintiff cited in his Memorandum [Doc. 25],
10 for which they also complain is in excess.
11
12   Defendants make another mischaracterizing assertion, "*His brief makes all*
13 *new allegations concerning his "alter ego" theory—allegations that were not*
14 *contained in his complaint.*" [Doc. 26, page4, lines 6 – 8], despite the Complaint
15 [Doc. 1] making several allegations of Defendant Howard acting as the authorized
16 agent for each additionally named Defendant, clearly alleging acts and conduct
17 qualifying as Alter Ego under Arizona law, without characterization. These
18 allegations cannot be reasonably construed to be "new" when those allegations
19 have already been described in the Complaint [Doc. 1].
20
21   Defendants make the erroneous assumption, "*He has not indicated that he*
22 *would allege any additional facts concerning jurisdiction. Therefore, the Court*
23 *and Defendants can assume that Plaintiff's amended complaint would not change*
24 *anything concerning analysis of the personal jurisdiction question.*" [Doc. 26,
25 page 4, lines 14 – 18], despite ALL of the documentation submitted in support of
26 the Memorandum [Doc. 25] that comprehensively demonstrates Jurisdiction,
27 which can be properly amended in [and in support of] the Complaint [Doc. 1],
28 pursuant to Federal Rule of Civil Procedure 15(a)(2), as Justice so requires.

1    It should be noted that the term "prima facie" evidence was not contained
2    nor mentioned in the Federal Rules Of Civil Procedure, nor mentioned in the
3    Rules Of Practice For The U.S. District Court For The District of Arizona, nor
4    mentioned in the publication, "Filing A Complaint In Your Own Behalf" issued by
5    the United States District Court For The District Of Arizona. Without that critical
6    information, it is reasonable to expect a subsequent amendment, once that practice
7    is otherwise made known to the Plaintiff *Pro Se*, diligently proceeding by the
8    Rules in good faith, without any intent to withhold any evidence that would
9    support the validity of his Complaint to this honorable Court.

10

11    Defendants objected to having Plaintiff's prima facie evidence presented
12    before this honorable Court. Whereas, Defendants' demonstrated intent has been
13    to evade Justice in this Forum, or by moving this Case to a forum, beyond
14    Plaintiff's means to seek Relief, which promotes an injustice. The controlling
15    Constitutional case law in no way promotes such an injustice, as Defendants
16    earnestly pray for this honorable Court to dismiss this Case in order for them to
17    abscond with valuable goods and services without paying for them, and to avoid
18    being scrutinized as tortfeasors. Therefore, Plaintiff believes, Jurisdiction in this
19    honorable Court remains proper, under all applicable case law cited.

20

21    Defendants repeat the assertion in their Reply [Doc. 26], that they have
22    "properly set forth Venue", despite the second clause of 28 U.S.C. §1391(b)(2),
23    which states, "*or a substantial part of property that is the subject of the action is*
24    *situated*". Whereas, Defendants have erroneously assumed that Plaintiff does not
25    understand the basic meaning of the Statute. However, Defendants omit the
26    contention of *ownership* of Rights to the Motion Picture, which is in Plaintiff's
27    possession, as well as the *tangible labor*, also in Plaintiff's possession, for which,
28    he must be compensated before the question of ownership may be answered.

1    Additionally, ownership of the Motorcycle shall be transferred back to
2    Defendants as soon as the Claim upon that property has been adjudicated and
3    collected by Plaintiff. When that event occurs, Defendants may arrange for
4    transporting it out of the Forum to their residence. These factors are considerable
5    and not inconsequential in the proper application of 28 U.S.C. § 1391(b)(2).
6
7    Whereas, Defendants' narrow view of four months of Performance persists,
8    despite the full scope of their eleven months of contacts in the Forum, they believe
9    it represents the entire causation of Venue. They are mistaken. Plaintiff has already
10   established the case law of *Gardner Engineering Corp. v. Page Engineering Co.*,
11   484 F.2d 47 (8th Cir.1973): "...*Since venue is a procedural rule of convenience,
12   the convenience of the aggrieved party should be first accommodated.*" Plaintiff *is*
13   the aggrieve party and on I.F.P. status as a direct result of the matter of this Case.
14   Therefore, Plaintiff believes, Venue remains properly and firmly anchored in this
15   Forum, under all applicable case law cited.
16
17   It should be noted, Defendants assert that it is a "new allegation" to state
18   that Mr. Gerren Ard is a resident of Arizona [Doc. 26, page 5, lines 16 – 17].
19   This is a very misleading assertion that does not represent a new allegation by any
20   stretch of the imagination – because Defendants had purchased airline tickets to
21   and from Mr. Ard's residence in Tucson, Arizona, as stated in the Complaint
22   [Doc. 1, page 5, lines 2 – 3 & page 12, lines 18 – 19]. With Defendants making
23   minor payments to Mr. Ard in Arizona  [Doc. 1, page 15, lines 6 – 7], Defendants
24   have no basis from which to assert that the residency of Mr. Ard is a "new
25   allegation" at all, as Defendants had corresponded with him, specifically to his
26   mailing address in Tucson, Arizona. Defendants attempt to continue to mislead
27   this honorable Court by adding more dubious assertions, including "facts" that
28   have no basis, as demonstrated in the following paragraph.

1    Defendants assert, *"Plaintiff also fails to address the fact that most of the*
2    *evidence is located in Utah."* [Doc 26, page 5, lines 17 – 19]. It has never been
3    established in the record as "fact" that there is ANY material evidence located in
4    Utah at all, from which to justify the misleading assertion that "most" of the
5    evidence is in Utah. This is another example, in a string of flawed and misleading
6    assertions offered by Defendants, which may all be disregarded as an obvious lack
7    of sufficient argument to compel this honorable Court to dismiss this Case for
8    improper Venue.
9
10    Defendants assert that no opposition to "Failing To State A Claim" exists,
11    merely because Plaintiff has exercised his right to Amend, pursuant to Federal
12    Rule of Civil Procedure 15(a)(2), although deferred until this honorable Court
13    makes its Determination, Plaintiff has offered a *de facto* opposition under the
14    Rules, whereby, *"...The court should freely give leave when justice so requires."*
15
16    Plaintiff is within his rights to ask the Court for Leave to make amendments,
17    when justice so requires under the Rule. If this honorable Court grants Leave, it
18    shall be proper to make amendments, which more clearly state and document
19    Plaintiff's Claims and Allegations, to be provided in good faith, showing the
20    currently available material proofs and information to this honorable Court.
21
22    Alternatively,  if this honorable Court believes that a Summary Judgment
23    would better serve Justice at this time, Plaintiff defers to the Just Reasoning and
24    Faithful Decision of this honorable Court. Whereas, Plaintiff is prepared to offer
25    evidence and testimony in a Hearing to seek Immediate Relief for the Damages he
26    suffered, and continues to suffer as they compound into significant consequential
27    damages.
28

1    Plaintiff asserts that Defendants' arguments against Jurisdiction, Venue and

2  Claims amount (in substance) to nothing more than the general worriment of

3  being sued in any court, and the dread of being held financially responsible for the

4  damages which they have allegedly caused. Defendants do not appear to have had

5  any notable difficulty defending in this Forum by Counsel to date, despite their

6  arguments to the contrary.

7

8    Therefore, Plaintiff James Arnett respectfully requests that this honorable

9  Court either disregard Defendants' arguments or STRIKE their Reply [Doc. 26] in

10  total, in addition to DENYING their Motion To Dismiss for Lack Of Jurisdiction,

11  Improper Venue AND render MOOT Failure To State Claims [Doc. 18], which

12  may be amended by Plaintiff, if his Motion For Leave To Amend [Doc. 23] is

13  GRANTED by this honorable Court, in order to provide Plaintiff James Arnett

14  with his *only* opportunity to seek Relief for grievous injustices and Damages

15  allegedly committed by Defendant Howard, et al., against him.

16

17    Respectfully submitted this 15th day of October 2012.

18

19

20

21

22  James Arnett, In Propria Persona (I.F.P.)

23  9288 N. Monmouth Court

24  Tucson, Arizona 85742

25  (520)878-9779 (home)

26  (520)304-0129 (field)

27  jamesarnettaz@gmail.com (email)

28