**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Scott F. Gibson - SBN 10884
SGibson@DavisMiles.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES ARNETT,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN SNOW HOWARD, LIFELINE MEDIA LLC, a Texas entity, NATIONWIDE AFFORDABLE HOUSING, a Texas corporation, and the BEN HOWARD TRUST, an IDAHO TRUST,<br><br>Defendants. | CASE NO. CV-12-0311-TUC-DCB-DTF<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Assigned to Magistrate Judge D. Thomas Ferraro)** |

In deciding Defendants' Motion to Dismiss, the Court is presented with several straightforward issues:

- **Personal Jurisdiction**. Under constitutional Due Process, exercising specific personal jurisdiction over non-resident defendants in cases arising out of contractual relationships depends on the anticipated future consequences of the contract, and the place of the actual course of dealings and performance. Plaintiff alleges that he and Defendant *intended* their contract to be performed

1

in Utah, and that *performance* took place in Utah. Shouldn't the Court dismiss Plaintiff's claims against Defendants for lack of personal jurisdiction?

- **Venue**. Under the federal venue statute and Ninth Circuit case law, the proper venue for claims that are based on breach of contract is in the place of intended performance. Here, Plaintiff's claims are based on breach of a contract that was intended to be performed in Utah. Shouldn't proper venue for Plaintiff's case be in Utah rather than Arizona?

- **Failure to State a Claim**

  - **Breach of Contract**. Under Arizona law, a contract is not enforceable unless the necessary terms, including price or rate of compensation, are definite and certain enough that the liabilities of the parties may be exactly fixed. Here, Plaintiff has alleged that he and Defendant never agreed on a specific contract price or rate of compensation. Shouldn't Plaintiff's breach of contract claim be dismissed for failure to state a claim upon which relief can be granted?

  - **First Fraud Claim**. Under the Federal Rules of Civil Procedure, the elements of fraud must be pleaded with particularity, including the specific facts that the defendant misrepresented. Plaintiff's first fraud claim states merely that Defendant "misrepresented material facts," but does not allege with any particularity what exactly the misrepresentations were. Shouldn't Plaintiff's first fraud claim be dismissed for failing to state a claim upon which relief can be granted?

  - **Second Fraud Claim (Motorcycle)**. As part of the necessary elements of fraud, a plaintiff must allege that he relied to his detriment on a defendant's representations. There can be no detrimental reliance on a gratuitous gift. Plaintiff alleges fraud concerning a motorcycle that Defendant gave him as unexpected bonus. Has Plaintiff adequately stated a claim for fraud concerning the motorcycle?

  - **Endangerment**. Under Arizona law, criminal statutes generally do not, by themselves, provide for a private cause of action without an indication of such from the legislature. Plaintiff's claim for "Endangerment" is based an Arizona criminal statute that contains no indication that the legislature intended to provide a private cause of action for such. Can Plaintiff maintain such a claim?

# ARGUMENT

Plaintiff's arguments in opposition to Defendants' Motion to Dismiss are off-base, unpersuasive, and occasionally outright wrong or inappropriate. As a preliminary matter, Defendants' Motion to Dismiss is not, as Plaintiff suggests, their "de facto" answer. Defendants need not submit a formal answer to Plaintiff's complaint unless the Motion to Dismiss is denied. Additionally, Plaintiff cited the U.S. Supreme Court cases *Maty v. Grasselli Chemical, Co.*[1] and *Conley v. Gibson*[2] for the old "notice pleading" standard, but those cases have been abrogated by the new heightened "plausibility" standard from *Bell Atlantic Corp. v. Twombly*[3] and *Ashcroft v. Iqbal*.[4] The Court should hold Plaintiff's complaint to the proper standard.

In his response, Plaintiff embellishes and even contradicts some of the facts that he alleged in his complaint. The Court should take care to closely examine only what Plaintiff's *amended complaint* actually alleges, rather than what his recent briefing seeks to add to his allegations. Plaintiff also misses the fundamental standard of review for a motion to dismiss—that it is based only on the allegation on their face, regardless of what evidence there may or may not be or what is disputed.

## *Jurisdiction*

Plaintiff's response concerning this Court's personal jurisdiction over Defendants is unavailing. He fails to adequately address Defendants' argument that under Ninth Circuit case law, specific personal jurisdiction in cases arising from contractual relationships depends on the *future consequences* of the alleged contract, along with the *terms* of the contract and the *actual course of dealing* of the parties,[5] as well as where performance of the contract was to or did take place.[6] Plaintiff also seeks to insert language that would go

---

[1] 303 U.S. 197 (1938).
[2] 355 U.S. 41 (1957).
[3] 550 U.S. 544 (2007).
[4] 556 U.S. 662 (2009).
[5] *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990)
[6] *See Roth v. Garcia Martinez*, 942 F.2d 617, 622 (9th Cir. 1991).

3

to general jurisdiction (such as *continuous* and *systematic*), even though Plaintiff incorporated his prior brief (Document 25), which plainly states that he is *not* asserting general jurisdiction over Defendants.

Plaintiff also claimed in his response that this case involves a federal question, which is entirely not true—Plaintiffs claims are not based on federal law. Shockingly, Plaintiff argued that this case should not be transferred to Utah because of the predominant religion of Utah's residents. Plaintiff also inappropriately insults and questions the fairness of Utah courts based on religion. Such statements are inappropriate, unprofessional, and discriminatory.

Plaintiff cannot now change what his complaint alleges. He alleged that the parties discussed an arrangement where they would work together on a project in Utah. Plaintiff alleges that he performed in Utah. The Court must carefully examine Plaintiff's pleadings and follow the law by granting Defendants' Motion to Dismiss for lack of personal jurisdiction.

*Venue*

Plaintiff claims that venue is proper in Arizona under 28 U.S.C. § 1391(c) because the subject property is located in Arizona. Plaintiff's arguments misunderstand the venue statute and fail to address Defendants' arguments concerning proper venue for contract-based actions. The motorcycle that Plaintiff alleges is located in Arizona is not the "property" that is the subject of the action. The action is based on Plaintiff's claim of breach of contract. Additionally, the venue statute is referring to the location of real property, and Plaintiff's argument is inapplicable to this case. Plaintiff also suggests that since there has been a recent case filed involving Gerren Ard[7] and Defendants that this case should stay in this Arizona venue. Plaintiff's case must stand alone as is, and the Court should follow the venue statute and dismiss or transfer this case due to improper venue.

---

[7] It appears suspicious that Gerren Ard's complaint is strikingly similar to Plaintiff's, and yet Mr. Ard is supposedly representing himself pro se, without assistance.

4

*Failure to State a Claim*

Again, Plaintiff's response to Defendants' arguments concerning his failure to state a claim seeks to somehow again supplement the allegations of his amended complaint in a vain attempt to cure its defects.

**Breach of Contract**

The elements of a contract and the elements for a claim of breach of contract are clear. If those elements are not present and not alleged, then there is no enforceable contract. This alleged contract is for Plaintiff's services, not for the sale of goods, therefore the Uniform Commercial Code provisions do not apply. Plaintiff has not alleged any equitable claims, and he has not alleged that his contract had sufficiently definitive terms so as to make the liabilities of the parties exactly clear. Plaintiff has not stated a cause of action for breach of contract, and his claim should be dismissed.

**Fraud Claims**

Plaintiff's response does not adequately address the arguments raised by Defendants concerning his fraud claims. A cause of action for fraud cannot lie for a promise to do something in the future, and Plaintiff has not alleged with particularity what misrepresentations Defendant Howard allegedly made. According to Plaintiff's own allegations, the motorcycle was a gratuitous gift because he did not promise anything new in order to receive it, and there is no cause of action for fraud in receiving a gift. Plaintiff has failed to state a cause of action in either of his fraud claims, and they should be dismissed.

**Endangerment**

Plaintiff's arguments concerning his right to bring a private cause of action for endangerment are also well off-base. All criminal statutes are intended to protect groups of people—but it is generally the government's job to enforce those criminal laws and prosecute the offenders. The Arizona legislature did not explicitly provide or even hint that there is a private cause of action under the criminal statute on endangerment. Plaintiff

5

cannot, as a matter of law, bring a claim for violation of the Arizona endangerment statute, and it should be dismiss accordingly.

## CONCLUSION

The Court should grant Defendants' motion and dismiss Plaintiff's claims for lack of personal jurisdiction, improper venue, and/or failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED this 11th day of February, 2013.

                                **DAVIS MILES MCGUIRE GARDNER, PLLC**

                                By   /s/ Scott F. Gibson
                                       Scott F. Gibson
                                       80 E. Rio Salado Pkwy., Ste. 401
                                       Tempe, AZ 85281
                                       *Attorneys for Defendants*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail on February 11, 2013 to the following:

Magistrate Judge D. Thomas Ferraro
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 6660
Tucson, AZ  85701

James Arnett
9288 N. Monmouth Court
Tucson, AZ 85742
*Plaintiff Pro Per*


/s/ Annette T. Hernandez