**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Scott F. Gibson - SBN 10884
SGibson@DavisMiles.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES ARNETT,<br><br>                                Plaintiff,<br><br>vs.<br><br>BENJAMIN SNOW HOWARD, LIFELINE MEDIA LLC, a Texas entity, NATIONWIDE AFFORDABLE HOUSING, a Texas corporation, and the BEN HOWARD TRUST, an IDAHO TRUST,<br><br>                                Defendants. | CASE NO.  CV-12-0311-TUC-DCB-DTF<br><br>**OPPOSITION TO MOTION TO JOIN CASES**<br><br>**(Assigned to Magistrate Judge D. Thomas Ferraro)** |

   This Court should deny Plaintiff James Arnett's "Motion to Join Cases" on the following grounds:

   1. There would be no added efficiency for this Court to combine this case with the case filed by Gerren Ard ("Ard").

       a. The Ard case has not even been officially initiated because the defendants in that case have not been served with the summons and complaint.

1

    b. Counsel for Defendants have not appeared in Ard's case and have not agreed to accept service for the defendants in that case, therefore the requirements for service of process in Ard's case would not be changed even if the two cases were combined.

2. Ard himself has not requested to have the two cases joined, nor has he requested to intervene or join this case as a necessary party.

3. Plaintiff's citation of Rule 15 of the Federal Rules of Civil Procedure is inappropriate because that Rule is for amending pleadings, not joining cases.

4. Rules 19 and 20 are also inappropriate because they deal with required and permissive joinder of parties. Plaintiff is not seeking to join any parties—he is seeking to consolidate this case with another case that has not even been fully initiated yet.

5. According to Plaintiff's own complaint, Ard was not a party to the alleged contract Plaintiff had with Defendants. Plaintiff's own allegations claim that Defendant Howard had a separate agreement with Ard.

6. Plaintiff's Motion is nothing more than an attempt to artificially bolster his facts and arguments concerning personal jurisdiction and venue in the face of Defendants' motion to dismiss. The Court would need to analyze each factual scenario in isolation when considering jurisdiction and venue anyway.

7. Plaintiff has failed to cite an appropriate Rule or proper legal basis for his Motion. Therefore, this Court should deny Plaintiff's Motion to Join Cases.

. . .

. . .

RESPECTFULLY SUBMITTED this 19th day of February, 2013.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By /s/ Scott F. Gibson
Scott F. Gibson
80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ 85281
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **OPPOSITION TO MOTION TO JOIN CASES** was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail on February 19, 2013 to the following:

Magistrate Judge D. Thomas Ferraro
United States District Court
Evo A. DeConcini U.S. Courthouse
405 West Congress Street, Suite 6660
Tucson, AZ 85701

James Arnett
9288 N. Monmouth Court
Tucson, AZ 85742
*Plaintiff Pro Per*

/s/ Annette T. Hernandez

3