FILED _____ LODGED _____
RECEIVED _____ COPY _____

3 | **FEB 2 2 2013** | 3

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1

2

3

4

5

6

7            **IN THE UNITED STATES DISTRICT COURT**

8              **FOR THE DISTRICT OF ARIZONA**

9

10   James Arnett,                  )

11            Plaintiff,          )

12   vs.                          )    No. 4:12-CV-00311-DCB-DTF

13   Benjamin Snow Howard, et al.,    )    **REPLY**

14           Defendants.       )

15                              )

16

17           **Reply To Defendants' Opposition [Doc. 42]**

18       Plaintiff James Arnett, representing himself *Pro Se*, herein replies to

19 Defendants' Opposition [Doc. 42] to Plaintiff's Motion To Join Cases [Doc. 39],

20 regarding the Case of *Gerren Ard vs. Benjamin Snow Howard, et al.*, [4:13-CV-

21 00058-DCB-TUC], presided over by the honorable United States District Judge

22 David C. Bury, *to this Case*, also presided over by the Same, which is now before

23 this honorable Court and should be Joined or otherwise Consolidated – for Good

24 Cause illustrated in Plaintiff's Motion [Doc. 39].

25

26       Whereas the merits to do so are a discretionary matter for the convenience

27 of this honorable Court, Defendants merely wish to make a greater nuisance of

28 themselves for debatable Cause.

1    Whereas both Cases are integrally bound, sharing overlapping and identical
2    Defendants, including Defendant Howard's alleged Alter Egos, solely controlled
3    by him in the occupation of creating alleged injustices (including the alleged
4    evasion of taxation and the alleged fraudulent application for, and alleged receipt
5    of substantial public assistance funds), the Cases also share identical witnesses,
6    identical matters and identical issues, and identical evidence. These merits for
7    Joining or otherwise Consolidating Cases remain self-evident.
8
9    Whereas Defendant Howard would like to keep these two Cases separate for
10   some benefit to himself (despite the additional cost which two legitimate defenses
11   would present), his Opposition is [typically] to the detriment of many others. In
12   effect,  Defendants argue for this honorable Court to agree to double the workload
13   on the honorable United States District Judge David C. Bury and upon the
14   honorable United States Magistrate Judge D. Thomas Ferraro, and possibly upon
15   another United States Magistrate Judge, for the sake of some supposed
16   inefficiency in Joining or otherwise Consolidating said Cases.
17
18   The only apparent inefficiency is the inconvenience to Defendants (to Grant
19   this Motion) that would essentially deny Defendants the opportunity to repeat their
20   nuisance upon this United States District Court For The District Of Arizona, upon
21   Plaintiff Ard, and upon the United States Marshall Service in the repeat of
22   Defendant Howard's avoidance of proper Service of Process, as a means of
23   escaping his civil liabilities, which has *always* been his intent and pursuit.
24
25   This honorable Court is already very familiar with the eighteen Documents
26   of Record filed over five months, required to merely compel Defendant Howard to
27   respond to the Authority of this honorable Court, once cornered and properly
28   served by the United States Marshal Service on the 6th day of September 2012.

1       Plaintiff strongly believes that repeating this behavior is the ambition of the
2   unrepentant Defendant Benjamin Snow Howard. To support that belief, Defendant
3   Howard's habitually dubious behavior is well documented in another Case going
4   to trial on the 11th day of March 2013. Specifically, Case 1:09-CV-02799-ODE in
5   the United States District Court for the Northern District of Georgia – Atlanta
6   Division. The United States Receiver in that case has documented Defendant
7   Howard performing a Fraudulent Conveyance in that case, and has currently
8   Motioned to Compel Discovery from Defendant Howard to produce the original
9   financial records for copies of evidence that Defendant Howard submitted, which
10  he has refused to produce because the U.S. Receiver complained of the
11  appearance of Defendant Howard manufacturing false evidence – from himself to
12  himself, after the fact.

13

14      Defendant Howard's Attorney in that case has disclosed that Defendant
15  Howard had [inexplicably] left the United States, "*After this Court granted*
16  *Plaintiff's Motion for Leave to File a Motion to Compel, counsel for Defendants*
17  *indicated that he believed Defendant Howard would provide an explanation of*
18  *what each abbreviation meant but would not be able to do so until after February*
19  *20, 2013 as his client was out of the country.*" – Pratt H. Davis, Attorney for
20  Receiver  [1:09-CV-02799-ODE Doc. 112-1 page 2 footnote 2].

21

22      Defendant Howard's departure from U.S. Jurisdiction was within the time
23  frame concurrent with the Motion To Compel in that U.S. District Court to
24  demonstrate the authenticity of his evidence, and following his Counsel becoming
25  aware that Plaintiff Gerren Ard had filed a Complaint against him in this U.S.
26  District Court. To date, Plaintiff has found no indication that Defendant Howard
27  has in fact returned to the United States or to its Territories. Whether Defendant
28  Howard returns for his March 11th trial is yet to be seen.

1    Now, Defendants argue a pointless point that, *"Plaintiff's Motion is nothing*

2    *more than an attempt to artificially bolster his facts and arguments concerning*

3    *personal jurisdiction and venue in the face of Defendants' motion to dismiss."*

4    [Doc. 42 page 2 lines 17-20]. Defendants erroneously complained twice that

5    Plaintiff was "representing" Mr. Ard, most recently in their Motion To Dismiss

6    [Doc. 37 page 13 lines 1-5]. And now that Mr. Ard has filed against Defendants,

7    they suddenly claim that this resulting action is "artificial", further demonstrating

8    Defendants' disdain for being held accountable in this honorable Court.

9

10    For these reasons, Plaintiff believes that Joining or otherwise Consolidating

11   Plaintiff Ard's Case to Plaintiff Arnett's Case (with Jurisdiction and Venue decided

12   in favor of this Forum) is the only efficient method, and possibly Plaintiff Ard's

13   only opportunity to perform proper Service of Process to Defendant Howard, and

14   the only opportunity for both Plaintiffs to bring this alleged tortfeasor to

15   accountability before the scrutiny of this honorable Court for Judicial Relief, so

16   that Justice may be fully served.

17

18   Respectfully submitted this 22nd day of February 2013.

19

20

21

22

23   James Arnett, In Propria Persona (I.F.P.)

24   9288 N. Monmouth Court

25   Tucson, Arizona 85742

26   (520)878-9779 (home)

27   (520)304-0129 (field)

28   jamesarnettaz@gmail.com (email)