FILED ____ LODGED
RECEIVED ____ COPY

FEB 2 2 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

James Arnett, )
    Plaintiff, )
vs. ) No. 4:12-CV-00311-DCB-DTF
Benjamin Snow Howard, et al., ) **MOTION**
    Defendants. )
_____ )

### Motion For Admonishing Practice

    Plaintiff James Arnett, representing himself *Pro Se,* respectfully requests that this honorable Court consider Defendants' habitual practice and thereby Motions for an Admonishment to correct their behavior and sworn demeanor.

    Plaintiff takes exception to several of Defendants' misleading statements in their recent Replies [Documents 41 and 42], which Plaintiff can no longer tolerate and overlook as the occasional error in articulation made by honest mistake. This type of practice appears to be a growing pattern of recklessly misrepresenting matters of Record and Statutes, and falsely attributing inconsistent statements to Plaintiff – for the purpose of deliberately misleading this honorable Court.

Plaintiff does not make this Motion lightly and offers this honorable Court with a substantive sampling from the Record in support, which demonstrates sufficient Good Cause. While certainly not an exhaustive list, the following examples of poor practice conspicuously stand out:

1. In Defendants' Reply [Doc. 41 page 3 lines 12-13], they state, "...*Plaintiff embellishes and even contradicts some of the facts that he alleged in his complaint.*". Defendants assert that Plaintiff has contradicted his own facts, which is reflected *no where* in the Record, offered without citation nor quote in support because there are none. Therefore, Counsel's statement is false and misleading.

2. In Defendants' Reply [Doc. 41 page 3 lines 3-5], they state, "*As a preliminary matter, Defendants' Motion to Dismiss is not, as Plaintiff suggests, their "de facto" answer.*" Whereas, it is Defendants' right under Rule 12(b)(6) to challenge the Cognizance of any Claim, Defendants appear to have exceeded the scope of that Rule by challenging Plaintiff's Third Cause of Action, by merely disputing a fact (whether the Motorcycle was a bonus incentive or a gratuitous gift), and thereby confusing the issue between challenging a Claim under Rule 12(b)(6) or if Defendants are Denying the Claim as an Answer under Rule 8(b)(1). While not a documented false statement *yet* (at this early stage), it is deliberately confusing practice to offer a de facto Answer in lieu of challenging the actual Cognizance of the Third Claim. Plaintiff respectfully requests that this Answer to Plaintiff's Third Cause of Action *stand* as Defendants' Answer of Record.

As a secondary matter, if Defendants have indeed Answered Plaintiff's Third Cause of Action under Rule 8(b)(1) by creating a *disputed fact*, have they not availed themselves to the Jurisdiction of this honorable Court by virtue of their actual *denial* beyond the scope of Rule 12(b)(6)?

3.  Now consider Defendants' Reply [Doc. 41 page 5 lines 18-20], where they state, *"According to Plaintiff's own allegations, the motorcycle was a gratuitous gift because he did not promise anything new in order to receive it, and there is no cause of action for fraud in receiving a gift."*, which is a fabrication reflected *no where* in the Record, offered without citation nor quote in support because there are none. Therefore, Counsel's statement is false and misleading.

4.  In Defendants' Reply [Doc. 41 page 4 lines 4-5], arguing Jurisdiction, they have stated, *"Plaintiff also claimed in his response that this case involves a federal question, which is entirely not true—Plaintiffs claims are not based on federal law."* Defendants asserting that this is *"entirely not true"* in the matter of Jurisdiction is a *surreal contradiction* to the Record, officially determined by the Clerk of this honorable Court, as a matter of administrative practice. According to the contrasting Case Summary, these are the Federal Questions:

    CAUSE: 28:1331 Federal Question: Breach Of Contract.
    JURISDICTION: Federal Question.

    Whereas Counsel [for Defendants] must have practiced law in a Federal Court at least once before, he should fully understand why the Federal Questions presented by this Case have been accepted into a Federal Court, as opposed to a State Court. Therefore, Counsel's statement is false and misleading.

5.  In Defendants' Reply [Doc. 41 page 4 lines 10-15], arguing Venue, they make another deceptive characterization, *"Plaintiff cannot now change what his complaint alleges."*, a fabrication which is reflected *no where* in the Record, offered without citation nor quote in support because there are none. Therefore, Counsel's statement is false and misleading.

1  6.      In Defendants' Reply [Doc. 41 page 5 lines 9-10], they argue the application
2  of the Arizona UCC, "*This alleged contract is for Plaintiff's services, not for the
3  sale of goods, therefore the Uniform Commercial Code provisions do not apply.*",
4  which is a deliberate misrepresentation of the Arizona Revised Statutes,
5  specifically, A.R.S. 47-2105, which plainly defines Goods with sufficient clarity
6  that leaves no excuse for an attorney admitted to the Arizona bar (his firm's
7  website states that he is a Judge *Pro Tem* for Maricopa Superior Court) to attempt
8  to mischaracterize Plaintiff's Goods as "Services" under this well-known Statute.
9

10  7.      In Defendants' Reply [Doc. 41 page 5 lines 17-18], arguing to dismiss both
11  Fraud Claims, "*...Plaintiff has not alleged with particularity what
12  misrepresentations Defendant Howard allegedly made.*" This is revolting practice,
13  by misrepresenting simple and plain statements of concrete particularity, evident
14  in Plaintiff's Complaint [Doc. 35], and supported by sufficient Prima Facie
15  Evidence and Affidavit, which are impossible to otherwise misconstrue. This is
16  not arguing a position, it is merely misrepresenting a matter of Record.
17

18  8.      In Defendants' Reply [Doc. 41 page 5 lines 27-28], arguing to dismiss
19  Endangerment, they stated, "*The Arizona legislature did not explicitly provide or
20  even hint that there is a private cause of action under the criminal statute on
21  endangerment.*", again deliberately misrepresenting the Arizona Revised Statutes,
22  specifically, A.R.S. 12-511 that explicitly provides for Civil Actions arising from
23  Criminal Conduct, supported by A.R.S. 13-3601 and A.R.S. 13-1201. Again, this
24  is not arguing a position, it is the deliberate misrepresentation of a matter of
25  Statute, enacted by the Arizona Legislature, *expressly* for such cases.
26

27  9.      In Defendants' Opposition [Doc. 42 page 2 lines 5-7], arguing to dismiss
28  Joining Cases, they state, "*Ard himself has not requested to have the two cases*

1 joined, nor has he requested to intervene or join this case as a necessary party."
2 which is another deliberate misrepresentation of Record. Plaintiff Gerren Ard
3 clearly stated in his Complaint [4:13-CV-00058-DCB-TUC Doc 1. page 2 lines
4 12-16], "*Plaintiff asks that if jurisdiction and venue have been set in this forum
5 (per a materially related case, Arnett VS Howard, 4:12-CV-00311-DCB-DTF,
6 which Plaintiff intends to join), it now appears practical to file this complaint
7 without concern of wasting the time of this honorable Court because Plaintiff
8 does not have the means to pursue his claims in another forum state.*", leaving
9 Defendants no excuse for making such a false statement under any presumption
10 that this honorable Court might not have the time to compare Records.

12  10.    In Defendants' Opposition [Doc. 42 page 2 lines 14-16], arguing to dismiss
13 Joining Cases, they state, "*According to Plaintiff's own complaint, Ard was not a
14 party to the alleged contract Plaintiff had with Defendants. Plaintiff's own
15 allegations claim that Defendant Howard had a separate agreement with Ard.*",
16 again fabricating a false statement and attributing it to Plaintiff. What the Record
17 does in fact show [Doc. 35 paragraph 13] is Defendants' revised Contract offer of
18 Equity to Mr. Ard – Equity in the identical project as Plaintiff and Defendants, *not
19 a separate agreement*.  For Defendants to paraphrase volumes of Plaintiff's
20 Complaint to the degree it becomes an ongoing matter of misrepresenting the
21 Record, Plaintiff believes this kind of behavior requires immediate correction.

23      And, as a subsequent matter of formal practice and proper demeanor in this
24 honorable Court, it should not inconvenience Defendants to hereafter refer to
25 Mr. Gerren Ard *properly*, as either "Mr. Ard" or "Plaintiff Ard", to avoid the
26 appearance of any further contempt for Plaintiff's witness.

1  Whereas Defendants have complained twice in the Record [Doc. 31 page 2
2  lines 7-9 & Doc. 33 page 2 lines 19-22], asserting that Plaintiff was responsible
3  for, "...*making this litigation more costly, complex, and time-consuming than it*
4  *needs to be.*" & "*Plaintiff's continual ignorance of or disregard for the rules is*
5  *delaying and driving up the costs of this litigation.*" when in fact, this honorable
6  Court demonstrated just the opposite in It's ORDER [Doc. 34]. Whereas
7  Defendants complaining of the cost and complexity in attempting to impress this
8  honorable Court with their technicalities for Dismissal, that choice was the
9  *elective* burden Defendants. The burden of Plaintiff is presenting the merits and
10 establishing the facts that demonstrate Defendants should not abscond without
11 paying their legitimate debts to Plaintiff, which are now, at least seventeen months
12 past due without any sign of being recompensed outside of Judicial Relief granted
13 by this honorable Court.

15 Again, this is certainly not an exhaustive list, but the foregoing examples
16 cited conspicuously stand out as practice inconsistent with demeaning oneself
17 uprightly as they have sworn, with an overt lack of due respect for this honorable
18 Court's firm grasp of the Rules, Arizona Revised Statutes and ability to read the
19 Record, and to take note of the lack of substantiation for Defendants' misleading
20 statements.

22 In order to practice law in this United States District Court For The District
23 Of Arizona, Counsel swore an Oath to the following, "*I solemnly swear (or*
24 *affirm) that I will support the Constitution of the United States; that I will bear*
25 *true faith and allegiance to the Government of the United States; that I will*
26 *maintain the respect due to courts of justice and judicial officers; and that I will*
27 *demean myself as an attorney, counselor, and solicitor of this Court uprightly.*
28 *So Help Me God.*"

Whereas Plaintiff is a *Pro Se* rank amateur, who has not taken said Oath, yet finds no difficulty in limiting his practice to supported statements and reasoned positions which accurately and reasonably reflect the Record and Statutes, Plaintiff respectfully requests that this honorable Court Admonish Defendants, at the least, to rise to a standard of practice where their paraphrasing of matters of Record bear some reasonable correspondence to reality, and hereafter provide citations and quotations in support of any charaterizations or conclusionary statements they may make in the future. Plaintiff further believes that whatever latitude is permitted to Counsel in paraphrasing the Statutes and statements of Parties, such liberties, when they becomes deceptive, do not extend into creating the appearance of transgressing the Standards for Professional Conduct as adopted by the United States District Court for the District of Arizona or the Oath of their admission to practice within this Forum.

Wherefore, Plaintiff shows Good Cause to Move for this honorable Court to Admonish Defendants to reduce the complexity and expense for Plaintiff to prosecute this Case without any further unbecoming or unsupported statements, and to proceed uprightly with a reverent fear of ever doing otherwise.

Respectfully submitted this 22nd day of February 2013.

James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
(520)878-9779 (home)
(520)304-0129 (field)
jamesarnettaz@gmail.com (email)