FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 1 8 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Arnett, ) | |
| Plaintiff, ) | |
| vs. ) | No. 4:12-CV-00311-DCB-DTF |
| Benjamin Snow Howard, et al., ) | **REPLY** |
| Defendants. ) | |
| _____ ) | |

**Reply To Opposition [Doc. 45]**

Plaintiff James Arnett, representing himself *Pro Se*, herein replies to Defendants' Opposition [Doc. 45] to Plaintiff's Motion To Admonish [Doc. 44].

Plaintiff has documented Defendants' Counsel committing ten transgressions against this honorable Court [Doc. 44], demonstrating misrepresentations of matters of Record, matters of Statute, and attributing false statements to Plaintiff without any factual support whatsoever. Each of these ten transgressions remain unaddressed in their Opposition [Doc. 45]. Defendants' Counsel appears to fail to distinguish between arguing a differing position on its merits from the fabrication of convenient falsehoods. They remain unrepentant, further declaring their assumed entitlement to continue such practice [Doc. 45. page 2-3 lines 27-8].

Whereas it is impossible for Defendants' Counsel to substantiate *any* of their deceptive statements to this honorable Court from the Record or from the Arizona Revised Statutes, nor provide any evidentiary support whatsoever, they have merely defaulted to deflection, predominantly blaming Plaintiff's level of legal skill, which is completely immaterial to the issue raised by Plaintiff's Motion To Admonish [Doc. 44]. The issue of the Motion is – *Defendants' Counsel's practice*.

Whereas Defendants' Counsel offers seven grounds to justify their fabrication of false and misleading statements, which they seem to believe justifies these wholesale transgressions, none of the Federal Rules of Civil Procedure (that Plaintiff is aware of) condones, nor issues any license whatsoever to act in a deceptive manner in any District Court of the United States.

However, the Rules do provide for remedies for exactly this type of practice described in Rule 11(c). Plaintiff had exercised patience in not demanding full sanctions under Rule 11(b), with the expectation that such practice be eschewed immediately by Defendant's Counsel, at the Admonishment of this honorable Court to keep any dubious practices in check, rather than doubling-down on such behavior as we have seen. They offer the following **Seven Grounds** for failing to withdraw or otherwise retract their false and misleading statements:

**1:** Counsel deflects with some imagined lack of particularity on what grounds and what the nature of enforceable relief Plaintiff seeks – which Plaintiff stated with *certain* particularity on the last page of his Motion [Doc. 44]. This Motion is the foundation for a fully justified Admonishment before Sanctions can be applied against Defendants (if this honorable Court's Admonishments go unheeded), after an examination of prior practice cited and quoted in Plaintiff's Motion [Doc. 44], which demonstrate the necessity for such corrective action.

**2:** Counsel deflects with a feigned ignorance of Rule 11 as a whole, apparently not cognizant of their duty under Rule 11(b) and the fair notice given to them by Plaintiff, prior to seeking Judicial sanctioning for failing to retract or otherwise withdraw false and misleading statements under Rule 11(c)(1). From Defendants' Counsel's unrepentant Opposition [Doc. 45], it has become fully manifest that the benefit of any remaining doubt is thoroughly extinguished.

**3:** Counsel deflects with a non-cognizant statement that essentially asserts that Plaintiff has, "*...failed to state exactly what legal relief he seeks – other than...*" [Doc. 45 page 2 lines 4-8]. Other than what else, besides exactly the subject of Plaintiff's Motion? [Doc. 44]. On the basis of mere convenience alone, Defendants' Counsel believes they are entitled to continue to misrepresent facts to this honorable Court as the sum of their best efforts in defending their clients. Blaming Plaintiff's level of skill remains immaterial to Counsel's documented transgressions on Record, which they have failed to withdraw or otherwise retract.

**4:** Counsel deflects with Rule 12, which provides for a *"failure to state a claim upon which relief can be granted"*. The Claim in Plaintiff's Complaint [Doc. 35] remains cognizant and unaffected by Defendants stepping outside of the Rule to merely dispute a fact without any evidentiary support whatsoever, asserting that the Motorcycle was a "gratuitous gift" in stark contrast to their original challenge [Doc. 18 pages 12-13 lines 19-9]. A gratuitous gift from Defendants who cannot bring themselves to even pay their legitimate debts without Judicial intervention, is implausible. Plaintiff wishes to let that answer stand for later scrutiny.

**5:** Counsel deflects by attempting to confuse this independent Motion [Doc. 44] with previous Motions on other issues, attempting to escape being held accountable for making a plurality of false statements. That practice is at issue.

**6:** Counsel deflects with Plaintiff's lack of skill as some kind of express or implied permission to fabricate statements to mislead this honorable Court.

**7:** Counsel deflects with his "ethical obligation" to just make stuff up, as a matter of practice, without any consideration for the Rules, this honorable Court or the Oath he took in order to practice in this Forum.

All Seven of these Grounds are immaterial. Now consider Counsel's attitude, *"Defendants' counsel has an ethical obligation to advocate for Defendants, <u>and will continue to do so</u> despite Mr. Arnett "taking exception" to it. In reality, this Court has nothing to admonish. If anything, the Court could more reasonably admonish Mr. Arnett for unnecessarily driving up the costs of this pointless litigation due to his misunderstandings of the law."* [Doc. 45 page 3 lines 2-8]. Defendants' Counsel clearly states his determination to continue to just make stuff up, regardless of how anyone feels about it, including this honorable Court.

Plaintiff does indeed seek relief from this kind of practice and from the additional burden of documenting repeated violations of Rule 11 to this honorable Court on an ongoing basis, if Defendants' Counsel is allowed to continue demeaning himself in this less than upright manner.

Defendants' Counsel's attitude is manifest in characterizing their clients' non-payment of the manufacture of a three hour motion picture, that this honorable Court has in its Records on DVD, which Defendants have accepted and benefited from (also in evidence on Record) as "pointless", "frivolous" and "unpersuasive", demonstrating the level of contempt he has for Plaintiff Arnett, the law, other parties, and contempt for the gravity of an official Admonishment of this honorable Court, discounting it as a mere scolding [Doc. 45 page 2 lines 5-6].

1  In conclusion, whereas, Defendants' Counsel has dodged addressing any of
2  his ten transgressions for the lack of any substantiation, Plaintiff has pointed out
3  the obvious failings in Defendant's Counsel's Seven deflections to avoid making
4  any direct and truthful rebuttal. It also becomes obvious that Defendant's Counsel
5  remains unrepentant, indignant and unmoved to correct himself in this matter and
6  therefore, requires Judicial correction.

8  Wherefore, Plaintiff James Arnett respectfully requests that this honorable
9  Court apply whatever Judicial means that may be necessary to correct Defendant's
10 Counsel's practice, including the expansion of this Motion to include the remedies
11 provided under Rule 11 with the application of sanctions, in order to compel
12 Defendant's Counsel to hereafter proceed uprightly, with a reverent fear of ever
13 doing otherwise, as he practices before this honorable United States District Court
14 For The District Of Arizona.

16  Respectfully submitted this __18__ day of March 2013.

_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
(520)878-9779 (home)
(520)304-0129 (field)
jamesarnettaz@gmail.com (email)