Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Texas entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, and Idaho trust,<br><br>    Defendants. | **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE**<br><br>Judge Ted Stewart<br><br>Case No.: 2:13-cv-00591-TS |

Defendants Benjamin Snow Howard ("Howard"), Lifeline Media LLC ("Lifeline"), Nationwide Affordable Housing ("NAH"), and the Ben Howard Trust ("the Trust") oppose Plaintiff James Arnett's ("Plaintiff") Motion for Leave (to amend the Complaint for the second time).[1]

---

[1] Defendants would not object to the Court allowing Plaintiff *some* time to hire an attorney, but 45 days of delay on this case is excessive. Defendants want their Motion to Dismiss decided as soon as possible.

Page 1 of 6

## BACKGROUND

1. Plaintiff filed his first Complaint against Defendants in Arizona Federal District Court on April 24, 2012. That Complaint alleged nine different claims against Defendants: (1) Failure of Consideration; (2) Breach of Contract; (3) Fraud; (4) Fraud; (5) Fraud; (6) Misrepresentation of Material Facts; (7) Intentional Harm; (8) Unjust Enrichment; and (9) Copyright Infringement. (Filing No. 1, at CM/ECF pp. 16-20).

2. Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, pointing out the legal deficiencies of Plaintiff's allegations. (Filing No. 18, at CM/ECF pp. 9-15).

3. Plaintiff then responded by asking that the court allow him, under Rule 15(a) of the Federal Rules of Civil Procedure, to amend his Complaint to correct errors and omissions, claiming (in essence) that he had no knowledge or understanding of the "prima facie requirements" of a proper complaint. (Filing No. 23, CM/ECF).

4. Defendants objected to Plaintiff's Motion for Leave to Amend Complaint on the grounds that the Arizona Federal District Court Local Rules of Civil Procedure (Rule 15.1) require that such a motion be accompanied by a copy of the proposed amended complaint—something that Plaintiff had failed to do. (Filing No. 27, CM/ECF).

5. The Arizona court granted Plaintiff's Motion for Leave to Amend Complaint based on Rule 15 and the fact that Plaintiff had requested to amend within 21 days of having been served with Defendant's Rule 12(b) motion. (Filing No. 34, CM/ECF).

6. Plaintiff then filed his First Amended Complaint, which only alleged four causes of action against Defendants: (1) Breach of Contract; (2) Fraud; (3) Fraud; and (4) Endangerment. (Filing No. 35, at CM/ECF pp. 15-27).

7. Defendant then, again, moved to dismiss the First Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Filing No. 37, at CM/ECF pp. 10-16).

8. Plaintiff did not request to file another amended complaint within 21 days of being served with Defendants' Motion to Dismiss.

9. In the Report and Recommendation, the Arizona Magistrate Judge, in recommending that the this case be transferred to Utah, did not address the merits of Defendants' Rule 12(b)(6) motion. (Filing No. 47, at CM/ECF p. 9).

10. The Arizona District Court Judge adopted the Report and Recommendation and transferred this case to Utah, to this Court. (Filing No. 49, CM/ECF).

11. At the most recent hearing on July 30th, 2013, this Court gave Defendants two weeks to re-brief their Rule 12(b)(6) motion under Utah law (since it had only been briefed under Arizona law). (See Minute Entry: Filing No. 56, CM/ECF).

12. Plaintiff filed his Motion for Leave immediately after the hearing on July 30, 2013. (Filing No. 57, CM/ECF).

13. Plaintiff's Motion apparently requests that the Court allow him to add several claims to his Complaint: (1) "Fraudulent Inducement To Enter Into An Oral Agreement;" (2) Unjust Enrichment; (3) Copyright Infringment. (Filing No. 57, at CM/ECF p. 2).

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its complaint once as a matter of course. Subsequently, a party may not amend its pleading without the opposing party's written consent or the court's leave. Additionally, under Rule 15-1 of the District of Utah Civil Rules, "[p]arties moving . . . to amend a complaint must attach the proposed amended complaint as an exhibit to the motion for leave to file." Furthermore, District of Utah Civil Rule 7-1 requires that all motions contain a recitation of relevant facts, supporting authority, and argument.

The Tenth Circuit has explained that "[w]hile Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile. 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'"[2]

Here, Plaintiff has already amended his Complaint once as a matter of course. Plaintiff has provided the Court with no reason why another amendment to his complaint would be necessary or that justice would require it. There has been no fact discovery yet in this case, and no allegations of new events that would warrant another amendment. Most significantly, Plaintiff has not provided the Court with a copy of the proposed amended complaint. The Court cannot determine if the amendment would be futile if the proposed amendments are not provided.

Additionally, Plaintiff's initial Complaint included claims for Unjust Enrichment and Copyright Infringement, but for some reason he did not included those in his First Amended Complaint. Defendant should not be forced to keep chasing down Plaintiff's changing claims. It

---

[2] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)(citation omitted).

seems obvious now that Plaintiff's strategy is to allege claims, then wait and see what pleading problems Defendants point out in those claims, then amend the complaint in an effort to fix the problems and avoid dismissal. This cycle poses the possibility of going on repeatedly if the Court allows any more amendments to the Complaint.

As to Plaintiff's request to add a claim for "Fraudulent Inducement To Enter Into An Oral Agreement," Defendants are not aware that such a cause of action exists under that name. But in any event, the Court cannot make any determination without the proposed amendments to look at. Plaintiff has gone through this process once before when this case was in Arizona. He should not be allowed to amend the complaint this way again. The Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[3]

DATED and electronically signed this 6th day of August, 2013.

__/s/ Bryan J. Stoddard_____
TYCKSEN & SHATTUCK
Attorney for Defendants

---

[3] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)(internal quotation omitted).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE**, was sent to the following persons by the following means:

| | |
|---|---|
| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |

On this 6th day of August, 2013.

                                                                                                                                  */s/ Alicia Riggs*