Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Texas entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, and Idaho trust,<br><br>　　　　Defendants. | **MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT & MEMORANDUM IN SUPPORT (Under Utah Law)**<br><br>Judge Ted Stewart<br><br>Case No.: 2:13-cv-00591-TS |

Defendants Benjamin Snow Howard ("Howard"), Lifeline Media LLC ("Lifeline"), Nationwide Affordable Housing ("NAH"), and the Ben Howard Trust ("the Trust") request that the Court dismiss Plaintiff's First Amended Complaint. This Motion

to Dismiss is based on Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim upon which relief can be granted).

## PROCEDURAL BACKGROUND

Plaintiff James Arnett ("Plaintiff") initiated this lawsuit in Arizona Federal District Court in April 2012 by filing his Complaint against Defendants. (Filing No. 1, CM/ECF). Plaintiff is proceeding pro se. After being served, Defendants filed a Motion to Dismiss in September 2012, based on lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. (Filing No. 18, CM/ECF). Plaintiff responded to the Motion to Dismiss by requesting permission to amend his Complaint (Filing No. 23, CM/ECF), which the Court allowed (Filing No. 34, CM/ECF)—rendering Defendant's Motion to Dismiss moot.

Plaintiff then filed his First Amended Complaint in January 2013. (Filing No. 35, CM/ECF). Defendants then filed another Motion to Dismiss the First Amended Complaint, based on the same grounds as the original Motion to Dismiss. (Filing No. 37, at CM/ECF p. 10). The Arizona court eventually granted Defendant's request for transfer of venue to Utah, but did not reach the merits of the Rule 12(b)(6) motion. (Filing No. 47, at CM/ECF p. 9).

Since the prior Motion to Dismiss the First Amended Complaint was based on Arizona and Ninth Circuit law, Defendants are now re-filing their Motion based on Utah and Tenth Circuit law.

## STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, "[t]he court's function is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint along is legally sufficient to state a claim for which relief may be granted."[1]

## BRIEF FACTUAL SUMMARY

The following brief summary of the facts is taken from the face of Plaintiff's Complaint. While Defendants vehemently disagree with Plaintiff's version of the facts, Defendants acknowledge that, for purposes of this motion, the Court must assume that these allegations are true.

Plaintiff alleges that in February 2011, Howard came from his home in Utah to Arizona to visit Plaintiff. While in Arizona, Howard offered Plaintiff an assignment as a "major equity partner" if Plaintiff would come to Utah to help Howard produce and film a presentation of Howard's book. Plaintiff did eventually come to Utah to help with the project and work on the film production commenced in June 2011 in Utah.

Plaintiff alleges that production and filming was difficult due to Howard's actions, and that Howard and Plaintiff never finalized the terms of the equity partnership of the

---

[1] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

project. Plaintiff claims that Howard gave him a motorcycle as an incentive or bonus. Howard allegedly misrepresented the value and condition of the motorcycle, and also allowed or encouraged Plaintiff to depart from Utah to Arizona (riding the motorcycle) on the verge of a major snowstorm. Plaintiff claims that Howard has not paid for his filming and production services or given him an equity partnership. Plaintiff also claims that Howard illegally posted the finished production publicly online without license. Plaintiff is claiming that Howard owes him nearly $300,000 for his work, and Plaintiff is asking the Court to award punitive damages in the amount of $4,000,000.

## ARGUMENT

Plaintiff's complaint contains four separate claims against Defendants: (1) Breach of Contract, (2) Fraud, (3) Fraud, and (4) Endangerment. (Filing No. 35, at CM/ECF pp. 15-28). Each of these claims fails to state a claim upon which relief can be granted. Additionally, while Plaintiff has included Lifeline, NAH, and the Trust as Defendants, he has failed to allege the actual involvement of these entities to any material extent whatsoever. Plaintiff attempted to bring these three entities into the case by alleging that Howard, "acting as the authorized agent for [NAH]," (p. 5) stated that NAH was "financing the venture." (p. 15). Plaintiff also alleged that Lifeline was eventually "created to administer the venture." (p. 15). These allegations fail to establish how these three entities even belong in the case as Defendants. Therefore, at the least, the Court should dismiss Lifeline, NAH, and the Trust from this case.

1. Breach of Contract

    Plaintiff's claim for Breach of Contract fails to state a claim. Under Utah law, the elements of a breach of contract claim are: (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.[2]

    As a preliminary matter, Plaintiff's citations to Arizona's version of the Uniform Commercial Code (UCC) are inappropriate, because the contract he has alleged (if it exists) would not be governed by the UCC. It is well-established basic contract law that the UCC governs contracts for the sale of movable goods, but not services.[3] Contracts for services fall outside the UCC statutes, and are therefore governed by the common law.[4] Here, Plaintiff repeatedly characterized the contract as one for his "services," (Filing No. 35, at CM/ECF pp. 2, 3, 6, 7, 8) although he later claimed he was to produce "Goods." (p. 15). Obviously, an employment contract to produce and direct a film is a contract for services—not for movable goods. Consequently, all of Plaintiff's citations to the Arizona UCC are inapplicable to this case, and the special UCC contract rules do not apply. The contract, as it has been alleged by Plaintiff, is governed by the common law of Utah.

    Plaintiff has failed to allege sufficient facts that establish the existence of a contract between Plaintiff and Defendants. Under Utah law, "a meeting of the minds on the integral features of an agreement is essential to the formation of a contract. An

---

[2] *Bair v. Axiom Design*, LLC, 2001 UT 20, ¶ 14, 20 P.3d 388.
[3] *See* Ariz. Rev. Stat. Ann. §§ 47-2102 & 47-2105; Utah Code § 70A-2-102.
[4] *Beehive Brick Co. v. Robinson Brick Co.*, 780 P.2d 827, 832 (Utah Ct. App. 1989).

agreement cannot be enforced if its terms are indefinite."[5] Additionally, "[a] contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract."[6] Price is an essential term of a contract.[7]

    Here, Plaintiff's allegations of the existence of a contract between himself and Defendants are fundamentally deficient. Plaintiff acknowledges that there was no written contract between the parties. In his Complaint, Plaintiff alleged that Howard orally offered him a position as a "major equity partner" in a filming project in exchange for his directing and production services. (Filing No. 35, at CM/ECF p. 3). Plaintiff has not alleged the existence of at least one definitive essential term: price. The term "major equity partner" is not defined or explained in the alleged offer. According to Plaintiff, Howard never promised a specific amount or percentage of equity, and also never promised a specific amount or rate of compensation. As Plaintiff alleged, the precise terms concerning compensation were left open and not finalized or formalized. Under the facts as pleaded by Plaintiff, there is no way for the Court to determine with definite certainty what Defendants' alleged contractual obligations were.

    If, hypothetically, Defendants (under the facts of this case as alleged by Plaintiff) eventually assigned Plaintiff an equity interest in the project of 25%, the Court would not

---

[5] *Nielsen v. Gold's Gym*, 2003 UT 37, ¶ 11, 78 P.3d 600 (internal quotation marks omitted).
[6] *Id.* at ¶ 12 (internal quotation marks omitted).
[7] *See Carter v. Sorenson*, 2004 UT 33, ¶ 7, 90 P.3d 637.

be able to determine, in a subsequent breach of contract claim, if that particular percentage equity was what Defendants contractually obligated themselves to. If Plaintiff were to then claim that he was expecting 50% equity, the Court would have no basis to resolve the dispute, because the term was left open and uncertain by the parties. The Utah Supreme Court has stated that it "will not rewrite a contract to supply terms which the parties omitted."[8] Furthermore, "a court may not make a better contract for the parties than they have made for themselves . . . [or] enforce asserted rights not supported by the contract itself."[9] Since, according to Plaintiff's allegations, essential terms were always left open and unformalized, this Court cannot supply terms that the parties did not specifically agree to, and the Court cannot divine the parties' expectations in the absence of stated specifics. Plaintiff seems to have alleged nothing more than a promise to negotiate or formalize precise terms at some time in the future, which is not a binding, enforceable contract.

As a sidenote, Plaintiff has no standing to make claims for Mr. Ard or anyone else. Plaintiff seemingly attempts to represent the interests of other individuals—none of which are included in this lawsuit. (i.e., Filing No. 35, at CM/ECF pp. 7, 13-14) Such attempts are improper, and the Court should disregard them.

Since Plaintiff has failed to allege the existence of all of the elements required for a binding contract, namely, *sufficient specification of terms so that obligations involved*

---

[8] *Hal Taylor Assoc. v. Unionamerica, Inc.*, 657 P.2d 743, 749 (Utah 1982).
[9] *Ted R. Brown & Assoc., Inc. v. Carnes Corp.*, 753 P.2d 964, 970 (Utah Ct. App. 1988).

*can be ascertained*, his claim for breach of contract should be dismissed for failure to state a claim.

2. Fraud

Under Utah law, to establish a claim for Fraud, a plaintiff must show: (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[10] Additionally, Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Plaintiff has failed to allege facts that would satisfy each of the elements of fraud, and has failed to state with particularity the circumstances constituting fraud. He has not stated, with particularity, precisely what representation Howard made to Plaintiff—the complaint is too vague to extract what exactly Plaintiff claims Howard said or represented. The Complaint seems to allege that Howard's "material misrepresentations and/or omissions" were concerning whether he was a tortfeasor in an unrelated Georgia case. (Filing No. 35, at CM/ECF p. 20). Other than that, Plaintiff only states that

---

[10] *Daines v. Vincent*, 2008 UT 51, ¶ 38, 190 P.3d 1269 (citation omitted).

"Defendants misrepresented material facts," but without stating, with particularity, what exactly those representations were. (p. 20). Since it is unclear what the alleged representation was (other than a totally irrelevant reference to Howard's involvement in Georgia litigation), Plaintiff has also failed to properly allege with particularity that the statement was false, that it was material, or that Howard had knowledge of the representation's falsity or ignorance of its truth.

Furthermore, under Utah law,

> [A] misrepresentation of intended future performance is not a representation concerning a "presently existing fact" upon which a claim for fraud can be based unless [the plaintiff] can prove that [the defendant], at the time of the representation, did not intend to perform the promise and made the representation for the purpose of deceiving [the plaintiff].[11]

To the extent Plaintiff is claiming that Howard's alleged promise to give Plaintiff equity in the project (in the future) constitutes fraud, such a claim is inappropriate under the law, because Plaintiff has not alleged that, at the time Howard made the alleged promise, Howard did not intend to perform the promise and only made it to deceive Plaintiff.

Since Plaintiff has not sufficiently alleged facts with particularity that, if proven, would state a claim for fraud against Defendants, this claim should be dismissed.

3. Fraud (motorcycle bonus)

In this claim, Plaintiff alleges that Howard misrepresented several things about the condition of a motorcycle Howard allegedly gave to Plaintiff as a "bonus." (Filing No. 35, at CM/ECF p. 8). This claim simply misses the basic purpose and scope of what a

---

[11] *Republic Group, Inc. v. Won-Door Corp.*, 883 P.2d 285, 292 (Utah Ct. App. 1994).

claim for fraud really is. As set forth above, there are nine well-known elements required to state a claim for fraud. And again, Plaintiff fails in this claim to state, with particularity, facts that would satisfy each element.

Plaintiff has alleged that he had a contract with Defendant to work on a film production. According to Plaintiff's own allegations, he was already under a contractual duty to work (and was working) at the time Howard allegedly gave Plaintiff the motorcycle as a "bonus." Plaintiff claims that Howard gave the motorcycle as a bonus incentive to persuade Plaintiff to continue working on the project. However, according to Plaintiff's own pleadings and theory, he was obligated (under the alleged contract) to continue working even if the motorcycle bonus never happened. Since Plaintiff's Complaint indicates that Howard was under no obligation to give the motorcycle as a bonus, and Plaintiff promised nothing new in exchange for the bonus, the motorcycle was really a completely gratuitous *gift* from Howard.

With that determination in place, a claim for fraud concerning representations of the condition of a gift is legally impossible. Plaintiff did not give or promise anything in exchange for the gift—at least nothing that he was not already obligated to do (under the alleged contract). A plaintiff cannot claim fraud unless he relies on something to his detriment. In the gift context, the receiver of the gift cannot claim fraud if the gift was not exactly as the gift giver described it to be. How has the gift receiver relied? How has he been harmed? A fraud claim is fundamentally incongruent with this kind of gift-giving

context.

Plaintiff's claim of fraud concerning the motorcycle bonus is fundamentally inappropriate as a claim, especially given the more stringent pleading requirements for fraud claims. The Court should dismiss this cause of action for failure to state a claim upon which relief can be granted.

4. Endangerment

Plaintiff's claim for "endangerment" is based on a provision from Arizona's criminal code (Ariz. Rev. Stat. Ann. § 13-1201). However, the Arizona Court of Appeals has explained that "[t]he general rule is that 'no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group.'"[12]

Here, there is nothing in the criminal "endangerment" statute cited by Plaintiff that provides an individual a private cause of action for civil damages. Therefore, the Court should dismiss this claim for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, the Court should dismiss Plaintiff's claims against all named Defendants for failure to state a claim upon which relief can be granted.

---

[12] *Phoenix Baptist Hosp. & Medical Center, Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994)(citation omitted).

DATED and electronically signed this 6th day of August, 2013.

__/s/ Bryan J. Stoddard_____
TYCKSEN & SHATTUCK
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT & MEMORANDUM IN SUPPORT (UNDER UTAH LAW), was sent to the following persons by the following means:

| | |
|---|---|
| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |

On this 6th day of August, 2013.

_/s/ Alicia Riggs___