FILED
U.S. DISTRICT COURT

2013 AUG 16  A 10: 55

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona  85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT, <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust, <br><br> Defendants. | **REPLY** <br><br> Judge Ted Stewart <br><br> Case No.: 2:13-cv-00591-TS |

Plaintiff James Arnett, representing himself Pro Se, herein Replies to Defendants' Opposition [DOC. 58] to Plaintiff's Motion [Doc. 57].

## REPLY TO OPPOSITION

Whereas, Defendants oppose Plaintiff James Arnett's Motion For Leave [Doc. 57] on the basis of Local Rule 7-1, citing the requirement for submission of the proposed changes in a Motion For Leave To Amend, Defendants wish to force Plaintiff into defending his Claims (drafted under Arizona Law) under Utah Law [Docs. 54 & 59] without the benefit of appropriate time to seek representation, nor the opportunity to Amend in conformance to Utah Law within appropriate time, as well as make additional Claims, supported by the body of his Complaint [Doc. 35] and to add prima facie – material to determining the facts of this case.

Whereas, this honorable Court may liberally construe a pro se pleading liberally and may afford a pro se plaintiff the benefit of doubt [Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988), see also Bernhardt v Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003)], liberal construction by this honorable Court may be applied to Pro Se pleadings AND Pro Se motions.

Plaintiff has outlined his proposed additions in concise form [Doc. 57], reserving the full embodiment for development by qualified counsel during Leave, to effectively develop it for him, or to develop it himself Pro Se, concurrently, during a reasonable leave of 45 days.

Plaintiff is essentially "Seeking a Continuance" [Doc. 57], to be Granted appropriate time to seek representation and to Amend concurrently, following the Status Meeting of 30 July 2013. It is the intent of Plaintiff to have his Complaint conformed to Utah Law; reactivate two retired Claims; add a new Claim to articulate the relief sought from his existing pleadings; to add prima facie; and, to articulate the precise elements supporting the Claims in his Complaint, should a "plain and simple" statement prove insufficient.

This honorable Court has in its possession, prima facie for all the movable Goods that Plaintiff manufactured expressly to Defendants' criteria, which Defendants accepted and benefited from, using them in their business, without ever making payment nor compensating Plaintiff in whole or in part. Defendants have not disputed any of those alleged facts, nor can they legitimately do so. There can be no doubt that an injustice has indeed occurred, compounded by further alleged tortious wrong-doing by Defendants, supported by prima facie already on file.

Whereas, Defendants have no legitimate defense by witness testimony, evidence, nor documentation to lawfully justify the vast majority of their alleged unjust business dealings, misrepresentations, tortious behavior and systematic evasion of performance beyond testimony to the effect of, "I didn't do it", this issue represents their last means of escaping judicial scrutiny, by leveraging motion response time limits before Plaintiff has the opportunity to secure representation.

Whereas, Plaintiff is cognizant of critical elements in his Claims that have the potential to undermine his case, he has further educated himself in the art, which he can now adequately address, prior to any Decision to dismiss any Claim. Whereas, Pro Se litigants are not to be afforded privileged treatment, Pro Se litigants are likewise not to be penalized or denied effective expression of their Claims by Amending, unless it would prove futile, under Rule 15(a).

Defendants now object to Plaintiff Amending on that basis, also expressing their fear of meeting a less amateurish Complaint, that may bring Defendants' alleged actions before the scrutiny of this honorable Court – making such a necessary Amendment far from futile toward the outcome of this case, wherefore, justice does indeed require all of the testimony, evidence and documentation be reasonably presented for the trying of fact and the enforcement of the law.

Federal Rule of Civil Procedure 15(a) provides for freely amending a complaint, "when justice so requires". Transfers of Forum are an appropriate juncture in the course of proceedings where amending a complaint is warranted, especially when its Claims are specific to another Forum, and the availability of additional witnesses and testimony available within the new Forum are practical to include thereafter. For all of the reasons set forth herein, Good Cause to Amend his Complaint is shown as necessary for Plaintiff to continue to seek judicial relief before this honorable Court.

Alternatively, this honorable Court may consider granting Plaintiff a Continuance of appropriate time for Plaintiff to seek representation first, while Striking Plaintiff's Motion to Amend until Plaintiff has either secured an attorney or must proceed Pro Se, then resubmit his Motion to Amend at that time (for the Good Cause shown above), including the full embodiment of his proposed amendments to this honorable Court, at the deadline, regardless of whether he has secured representation or proceeds Pro Se – and also Striking Defendants' Motions [Docs. 54 & 59] to Decide Plaintiff's Claims under Utah Law, which they may more appropriately resubmit said Motions after Plaintiff's Claims are conformed to Utah, rather than in the Arizona Law in which they currently stand. This alternative would require Striking Documents 57, 58 and 59 (and any dependent Documents following Document 60, which is an independent Motion).

This alternative is offered as an orderly means to eliminate the headlong rush and confusion (to Plaintiff's unrepresented detriment in this new Forum), which Defendants' demand [Docs. 54 & 59], attempting to force No Good Cause past this honorable Court, as a justification when it is nothing more than a demand to be released from any liability "as soon as possible" [Doc. 57, footnote 1] out of the fear of what lies ahead in the trying of fact before this honorable Court.

Wherefore, Plaintiff reasserts moving for a Continuance to seek representation to assert and defend his Claims, to be appropriately Amended, at a date to be set by this honorable Court (Utah Law provides for "Unbundled Legal Services", which Plaintiff wishes to seek as well). Plaintiff also moves for Documents 54, 57, 58 and 59 (and any subsequent dependent Documents) be Struck to afford Plaintiff appropriate time to proceed in a prepared and orderly manner – after which point, Defendants' may enter a consolidated Motion to Dismiss, once all parties are reasonably arguing Claims under the same Utah Law, without the burden of any unnecessary confusion, conflict or costly distraction from essential litigation.

**NOTICE:** Plaintiff James Arnett also requires time to complete his investigation into the relationship between Defendant Howard and an elusive defendant known as Todd Eaton in a $20 million real estate fraud case, filed in this same Courthouse as 2:2010-CV-01060-DS. This individual appears to be an alias of Defendant Howard, by virtue of the physical evidence in possession by Plaintiff Gerren Ard, suing Defendant Howard in 4:13-CV-00058-DCB, District of Arizona. The dates of Defendant Howard's alleged forgeries are concurrent with the Utah events of this case, who may be added as an additional Defendant (see attachment).

Respectfully submitted this 15th day of August 2013.

_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com



### "Ben S. Howard" & "Todd Eaton" Signatures

Following the discovery of the 3 separate "Todd Eaton" signatures, Plaintiff Ard compared markings with those found on the "Ben S. Howard" check, **personally signed in front of Plaintiff Ard** himself, on or about 10/13/2011. Visually, the "Todd Eaton" signatures have similar strokes and weight compared to Defendant's own signature (illustrated above and right). The "N's" carry the same flow in both signatures, as does the first character in the 2nd name of each signature. The numbers in the dates are very similar, even with the substitution of dashes(-) for slashes (/), and "pen drags" from one number to the next, are found on both the "Todd Eaton" signatures and the Ben Howard check (See Arrow above). Through these discoveries, Plaintiff Ard alleges that all markings were made by the same individual, demonstrates some level of forgery, shows transfers using 3 separate dates (July 14, 20 and 30 of 2011), and "Todd Eaton" may be an alias of Defendant Howard.



### Further Proving the Alias Theory

To take it a step further, Plaintiff Ard calculated the angle of a Pen Stroke within Ben S. Howard's actual signature ("**D**"). To do this, each signature bar (or "signature line") for Ben Howard and "Todd Eaton" was positioned at a flat 0-Degrees. The angle of the first "Howard" (or "S. Howard") stroke was 29-degrees. The "B" in the "Ben" stroke is similar as well. When compared to the signature of "Todd Eaton - **B**," the stroke maintains a 29-Degree path, as illustrated above. The signature of "Todd Eaton - **A**" carries the same stroke path through its "T." While signatures are rarely, if ever, the same, there are common strokes and rhythms that each person produces each time without thought, through *muscle memory*. Both signatures (Ben Howard and "Todd Eaton") produce what could be described as a "Hooked Nose" facing left, in BOTH last names. These odds are VERY slim. Factor in "Todd Eaton's" occupation of real-estate officer (Like Defendant), location of Ogden, UT and surrounding areas (Like Defendant), and a lawsuit for fraudulent business practices (see Sharma/Kwong VS Freedom Investment Club, 2:10-cv-01060-DS, Utah) and this further strengthens Plaintiff Ard's allegation that "Todd Eaton" is an alias of Ben S. Howard.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, Monday the 15th of August 2013, I mailed the preceding REPLY to the Office of the Clerk of the United States Court for the District of Utah at:

      U.S. Court for the District of Utah
      350 South Main Street
      Salt Lake City, Utah  84101

I also hereby certify that I have mailed these identical materials via United States Postal Service, to the following Attorneys for Defendants Howard, et al.:

      TYCKSEN & SHATTUCK, LLC
      Bryan J. Stoddard
      12401 S. 450 E., Suite E-1
      Draper, UT  84020

      */s/ James Arnett*
      James Arnett, In Propria Persona (I.F.P.)
      9288 N. Monmouth Court
      Tucson, Arizona 85742
      Telephone: (520)304-0129
      Email: jamesarnettaz@gmail.com