James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH
AUG 22 2013
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>　　Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>　　Defendants. | **OPPOSITION**<br><br>Judge Ted Stewart<br><br>Case No.: 2:13-cv-00591-TS |

　　Plaintiff James Arnett, representing himself Pro Se, herein Opposes Defendants' Motion [DOC. 59].

## OPPOSITION

Plaintiff James Arnett, representing himself Pro Se, herein opposes Defendants' Motion to Dismiss [Doc. 59] on the insufficient grounds they have offered under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff rejects the characterizations in Defendants' Background [DOC. 59] and wishes this honorable Court refer to the true and correct Background in the official R&R [Doc. 47], written by the honorable United States Magistrate Judge D. Thomas Ferraro, made before this case was moved from the District of Arizona.

## TENTH CIRCUIT STANDARD OF MARCH 2013

It is correct that to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" [Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007); see also 4 App. 562. However, a plaintiff's burden at the pleading stage is relatively light. Cayman Exploration v. United Gas Pipe Line, 873 F.2D 1357, 1359 (10th Circuit 1959) (Federal Rules of Civil Procedure "erect a powerful presumption against rejecting pleadings for failure to state a claim"). Federal Rules of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Any factual allegation must be sufficiently definite to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." - Citation: Free Speech v. Federal Election Commission. Section II, ¶1 (2013).

## PLAINTIFF'S CLAIMS

Whereas, Plaintiff James Arnett comes before this honorable Court with Clean Hands, a body of prima facie is on file with the Office of the Clerk for review, which comprehensively demonstrates that Defendants had deliberately and substantially breached contract, fraudulently induced Plaintiff to contract the work, defrauded Plaintiff, unjustly enriched themselves and endangered Plaintiff, all

supported by affidavit, photographs and documentation that meet and exceed the Tenth Circuit standard for plausibility *by far* – leaving this honorable Court no doubt that Plaintiff is indeed entitled to seek judicial relief for his Claims.

1. Whereas, Defendants essentially regurgitate the same flawed defenses offered in the District of Arizona, ignoring the fact (on file) that Defendant Howard appears in the vast majority of the three-hour motion picture, reciting [verbatim] the contents of his own book, "Overcoming Life's Trauma", produced by Plaintiff to Defendants' express criteria, establishing performance by Plaintiff, against an agreement, which Defendants failed to perform by various and sundry means of deception to avoid making payment, thereby damaging Plaintiff James Arnett.

Whereas, Defendants further argue that the three-hour motion picture, audio book and TV Commercial Spot produced by Plaintiff James Arnett are "services" rather than moveable Goods. These unlicensed and movable Goods were moved to the District of Arizona as prima facie, then moved to the District of Utah, where these movable Goods reside in the Office of the Clerk for this honorable Court.

Whereas, Defendants further argue that no contract or agreement existed, despite having renegotiated "equity" into payment for both Plaintiff and Mr. Gerren Ard at the same same meeting, making the same commitment to both men, under the same revised agreement [Doc. 35 page 7, ¶16].

Wherefore, it cannot be reasonably assumed that the production of a major three-hour long motion picture project, consisting of primarily composited green-screen photography, animation and custom music score could ever be construed to be an act of personal charity merely to enrich Defendants – it is representative of a major commercial product and intellectual property rights which remain unlicensed to Defendants who continue to use it in their business to date [Doc 35, exhibit Q]. The preponderance of prima facie demonstrates that Defendants have no basis for attempting to categorize Plaintiff's First Claim as frivolous by any means because all four elements of a Breach are specifically evident in his pleadings. According to

the Rule 12(b) standard, Defendants remain in Breach of Contract in Claim One.

2.  Whereas, Plaintiff James Arnett has alleged Fraud against Defendants in his Second Claim, all nine elements of fraud are specifically evident in his pleadings, supported by prima facie on file. Defendant Howard allegedly used a fraudulently obtained L.D.S. Temple Recommend, as an instrument of fraud, to induce Plaintiff James Arnett into believing that he was "fair and upright in all of his business dealings", when in deed, Defendant Howard misrepresented materials facts to Plaintiff regarding his lack of basic behavioral requirements for membership in the L.D.S. Church, much less qualify as "virtuous" for entry into the Temple, or disclose his involvement in organized crime, according to the honorable District Judge Orinda D. Evans of the Northern District of Georgia [Doc 35, exhibit L].

Wherefore, it remains an undisputed fact that Defendants still have not made payment in whole or in part, and are determined to abscond with valuable Goods for which they have not paid. Defendants have no basis for categorizing Plaintiff's Second Claim as frivolous by any means because all nine elements of Fraud are specifically evident in his pleadings. According to the Rule 12(b) standard, Defendants remain liable for Fraud in Claim Two.

3.  Whereas, Defendants assert that the Motorcycle of Claim Three was a "gratuitous gift", in contrast to the affidavit of Mr. Gerren Ard, who was present and included in the "bonus" arrangement that included said Motorcycle, Defendants offer no prima facie or affidavit other than making the dubious assertion itself to challenge the Claim under Rule 12(b).

Wherefore, Defendants have no basis for attempting to categorize Plaintiff's Third Claim as frivolous by any means because all nine elements of Fraud are specifically evident in his pleadings. According to the Rule 12(b) standard, Defendants remain liable for Fraud in Claim Three.

4.  Whereas, Defendants challenge Plaintiff James Arnett's Forth Claim by a very narrow view of the Arizona law, ignoring the fact that the Arizona statutes

specifically and expressly include Plaintiff Arnett under its protection (due to the fact that he resided at Defendant Howard's residence for a third of the year 2011), as well as the Utah State Law that provides essentially the same, if not broader protections for victims of Endangerment. Plaintiff cites his own Document 40, pages 12-13, "Forth Cause of Action" to support its direct applicability.

Wherefore, the preponderance of prima facie demonstrates that Defendants have no basis for attempting to categorize Plaintiff's Forth Claim as frivolous by any means because both elements of Endangerment are specifically evident in his pleadings. According to the Rule 12(b) standard, Defendants remain liable for Endangerment in Claim Four.

## ALTER-EGOS

Whereas, the additional Defendants named, qualify under the law as Alter-egos [Doc. 35, exhibits I & J] (in the sole ownership and control of Defendant Howard, creating alleged injustices, and delinquent in taxes), Defendant Howard was acting as the authorized agent for said entities at the time he was creating alleged injustices, using the alter-ego as instruments of said injustices.

Wherefore, Defendant Nationwide Affordable Housing, Defendant Lifeline Media and Defendant Ben Howard Trust should in no way be excused from the liabilities of this case.

Respectfully submitted this 20th day of August 2013.

_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com