Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah entity;<br>NATIONWIDE AFFORDABLE<br>HOUSNG, a Texas corporation; and the<br>BEN HOWARD TRUST, and Idaho trust,<br><br>    Defendants. | **RESPONSE IN OPPOSITION TO PLAINTIFF'S UNTITLED "MOTION" FILED ON AUGUST 14, 2013**<br><br>Judge Ted Stewart<br>Magistrate: Dustin B. Pead<br>Case No.: 2:13-cv-00591-TS-DBP |

Defendants Benjamin Snow Howard ("Howard"), Lifeline Media LLC ("Lifeline"), Nationwide Affordable Housing ("NAH"), and the Ben Howard Trust ("the Trust") oppose Plaintiff James Arnett's ("Plaintiff") Motion filed August 14, 2013.

Plaintiff's Motion is improper, and is only driving up the costs of this litigation for Defendant. There are many legal and procedural problems with Plaintiff's Motion, such that the Court should summarily deny the Motion and award Defendant his attorney's fees for having to

respond to such a pointless filing. Rule 83-1.1(f) of the District of Utah's Local Rules states that pro se litigants "will be expected to be familiar with and to proceed in accordance with the rules of practice and procedure of this court and with the appropriate federal rules and statutes that govern the action in which such party is involved."

Plaintiff's Motion apparently asks the Court to:

1. "Expedite an inquiry" into a possible violation of federal criminal witness tampering laws.
2. Allow Plaintiff to provide a witness's telephone number to the Court confidentially, without giving access or notification to Defendant.
3. Have Judge Stewart himself interview the witness (apparently *ex parte* and *in private*) concerning alleged threats made by Defendant Howard.
4. Impose a restraining order or protective order of some kind against Defendant Howard (no specific terms were specified).
5. Order that Defendant Howard be prohibited from being in possession of any firearms for the duration of this case.

## ARGUMENT

There is no legal basis for this Court to give Plainitff what he is ostensibly asking for. Plaintiff claims that there has been a violation or a potential violation of the United States Criminal code, specifically 18 U.S.C. § 1512(b), which provides:

> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
> (2) cause or induce any person to—

>> (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>> (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
>> (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>> (D) be absent from an official proceeding to which such person has been summoned by legal process; or
> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation  [1] supervised release,, [1] parole, or release pending judicial proceedings;
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

Despite the serious nature of Plaintiff's baseless and hearsay allegations against Howard, there is nothing for this Court in this case to do about such allegations. If Plaintiff feels there has been a violation of criminal laws, he should report that kind of conduct to the appropriate law enforcement agency. Under the Federal Rules of Civil Procedure, there is no such thing as an "expedited inquiry" into suspected criminal actions in a civil case.

Additionally, in civil cases there is no procedure to compel a potential witness to provide or sign an affidavit. A witness may be deposed or subpoenaed for trial in accordance with the Rules, which Plaintiff has not attempted to do and which would not even be appropriate at this stage. The Court should also note that even if Plaintiff's potential witness had information that would support his claims, now is not the appropriate procedural time to provide such affidavit statements. Defendants have filed a Motion to Dismiss based on Rule 12(b)(6), and such motions do not even consider evidence such as affidavits. If Defendants' Motion to Dismiss is granted, it eliminates the need for any witness testimony or affidavits. Furthermore, there is no basis for this Court to have Judge Stewart conduct a private examination of or have any ex parte

communication with a potential witness in this case. Such conduct would be improper and highly irregular.

If Plaintiff wants a "Restraining Order of Protection," he surely did not describe with any clarity what exactly he wants this Court to order. The Court cannot grant relief if there is no specific request for an order. Also, Plaintiff's claims that Howard is a part of an organized crime ring pertaining to an irrelevant Georgia case are not appropriate and the Court should disregard Plaintiff's inflammatory comments. Additionally, this Court has no jurisdiction in this case to impose restrictions upon Howard's constitutional right to be in possession of firearms.

Finally, and as a sidenote, Defendant Howard wishes to make the Court aware that based on his dealings with Plaintiff James Arnett over the last several years and his conduct in this lawsuit, Howard strongly suspects that Arnett has an undiagnosed and untreated mental illness. Howard is aware of one of Arnett's family members who has been diagnosed with paranoid schizophrenia (which runs in families), and Howard suspects that Arnett may also have that or another mental illness. If possible, Howard requests that this Court strongly urge or order Plaintiff to get an attorney as soon as possible and no longer file frivolous documents with the Court that Howard has to bear the expense of responding to.

Howard requests that the Court deny Plaintiff's Motion and award Howard his attorney's fees for having to respond to it.

DATED and electronically signed this 26th day of August, 2013.

                                                  __/s/ Bryan J. Stoddard_____
                                                  TYCKSEN & SHATTUCK
                                                  Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

**RESPONSE IN OPPOSITION TO PLAINTIFF'S UNTITLED "MOTION" FILED ON AUGUST 14, 2013**, was sent to the following persons by the following means:

| | |
|---|---|
| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |

On this 26th day of August, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Alicia Riggs_