FILED
U.S. DISTRICT COURT

2013 AUG 26 ⊃ 12: 49

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| JAMES ARNETT,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>Defendants. | **MOTION**<br><br>Presiding Judge Ted Stewart<br><br>Referred to Magistrate Judge Dustin Pead<br><br>Case No.: 2:13-cv-00591-TS |
|---|---|

Plaintiff James Arnett, representing himself Pro Se, herein originates a Motion for Temporary Injunctive Relief and Temporary Restraining Order.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff James Arnett, representing himself Pro Se, herein Motions for a TRO and Preliminary Injunction, under Federal Rule of Civil Procedure 65 for the purpose of restraining Defendants from selling, distributing and otherwise exhibiting Plaintiff's Goods, consisting of the Motion Picture, the Audio Book, and the TV Commercial Spot until this case has been officially and fully resolved.

## FACTUAL BACKGROUND

**1.** Plaintiff James Arnett completed his performance, manufacturing the Motion Picture, the Audio Book and the TV Commercial Spot [Doc. 35, ¶28 and exhibits on DVD-1] in Utah by 3 October 2011 and then returned home to Arizona.

**2.** Defendant Howard telephoned Plaintiff to induce him to mix the full Motion Picture elements into a master on or around 7 December 2011 [Doc. 35, ¶31], which resulted in no action, due to Defendant Howard's ongoing failure to perform.

**3.** Defendant Howard cut the first 20 minutes of the Motion Picture on his own effort and uploaded an abbreviated version of the Motion Picture online on 8 December 2011 to www.vimeo.com/33328737 [Doc. 35 exhibit Q].

**4.** Plaintiff Arnett emailed a demand letter for payment to Defendant Howard on 26 January 2012 [Doc. 35 exhibit S] but received no immediate response.

**5.** Plaintiff then emailed Defendant Howard a cease and desist letter on 31 January 2012 to cease exhibition, distribution and sales of the Motion Picture.

**6.** Defendant Howard responded by applying for, and receiving U.S. Copyright Pau003684884 on the Motion Picture by 15 February 2012 [see attachments].

**7.** Upon receiving the Copyright certificate in the mail, Defendant Howard emailed Plaintiff a letter, denying the existence of any agreement between them and induced Plaintiff to forebear seeking judicial relief [Doc. 35 exhibit T].

**8.** Plaintiff became convinced beyond any reasonable doubt that he was a victim of a fully executed Fraud, made evident by the unmistakable elements of an

act of fraud, in the course of Defendants' bad faith dealings over the past year, capped by full denial of his agreed-upon obligations to Plaintiff.

**9.** Anticipating the final act of a Fraud, Plaintiff included a statement in his original Complaint that read, "Plaintiff alleges that he then fraudulently filed a United States Copyright on the same." [Doc. 1, ¶36], which Plaintiff struck in his Amended Complaint [Doc. 35, ¶36], when the proof failed to materialize on the PTO website database at www.copyright.gov at the time the amendment was made.

**10.** Plaintiff Arnett monitored the PTO database throughout, until the week of 19 August 2013 when the Copyright finally appeared in the online search, confirming the totality of Defendants' fraud, rendering Defendants' intent to commit fraud a self-evident matter of conduct in Copyright Pau003684884 of 15 February 2012.

## PROOF OF TRUE OWNERSHIP

The foundational issue of this case is Defendants' Breach in making payment toward the Motion Picture, Audio Book and TV Commercial Spot to Plaintiff. Plaintiff Arnett is the filmmaker and creator of these same Goods. All Intellectual Property Rights of the Motion Picture remain with the work's creator until compensated by a licensing agreement or consideration toward the transfer of Rights is consummated. Heretofore, no such license agreement has been made.

The Motion Picture itself is clearly marked in the opening moments of playback with the first title, "Life Line Media Presents" [see attachments], indicating that Defendant Life Line Media is merely exhibiting; whereas, the marking immediately following is the title, "An A.I.A. Motion Picture Company Production" [see attachments], indicating that Plaintiff is indeed the owner of the product, which Defendant Life Line Media is exhibiting. These markings are uniform in their meaning throughout the motion picture industry. Defendants have no license, nor release, nor agreement to exhibit said Goods.

Plaintiff James Arnett has always branded his work with the "A.I.A." logo. His logo has been in use since 1958, when his father first created it for the family business in New York City, which Plaintiff took over, following the death of his father in 1997. A.I.A. Films have been contracted over the years by the Smithsonian Institution as well as the New York State Fraternal Order of Police, among decades of commercial, documentary, and feature film productions.

Plaintiff is fully licensed for the Adobe Systems Inc. software, in which the Motion Picture was authored. Plaintiff has also been an Adobe software instructor for nearly a decade in Los Angeles, California – whereas Defendants have no such commercial license, nor expertise to complete this three hour long Motion Picture in accelerated fashion, utilizing the advanced compositing and animation techniques evident in this predominantly green screen photographed film.

Defendants have claimed authorship for the "entire motion picture", evident in their Copyright filing – which is a patently false claim [attachment 1]. Typically, the writer of a motion picture, nor any performer have any legitimate copyright to a motion picture, unless these were contractual concessions as consideration.

Because Defendant Howard had dodged putting any agreement in writing, in order to allegedly defraud Plaintiff by deliberate Breach and sundry deceptions, he has no legitimate claim beyond the copyright for his book and his appearance – certainly no legitimate claim of copyright over the Motion Picture, authored by Plaintiff. Merely filing a fraudulent copyright form does not establish proof of true ownership, moreover, it establishes the intent to defraud.

Therefore, Plaintiff James Arnett asserts that a Preliminary Injunction is appropriate and justified, under the elements required to do so, as follows:

## ARGUMENT

The Fifth Circuit Court of Appeals has delineated a *generally accepted* four prong test which must be satisfied in order to obtain a TRO. The applicant must establish each of the following: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not dis-serve the public interest [Allied v. CDL, 878 F.2d 806, 809 (5th Cir. 1989)].

**1. There is a substantial likelihood of success on the merits of the case:**

From the self-authenticating evidence, the prima facie on file, additional video evidence waiting to be filed, by affidavit and allegations, little doubt, if any, remains to the fraudulent nature of the Copyright in question.

**2. Plaintiff faces a substantial threat of irreparable damage or injury if the injunction is not granted:**

Unless stopped from commercially exploiting Plaintiff's unpaid work and intellectual property, Defendants will continue to cause monetary damages to Plaintiff for an amount exceeding that in his First Claim for Relief.

**3. The balance of harms weighs in favor of Plaintiff:**

Whereas, Plaintiff is harmed by not receiving, nor has he received payment for his work, Defendants have no legitimate right to commercially exploit Plaintiff's work and would suffer no legitimate harm because they have no right to unjust enrichment at the expense of Plaintiff.

**4. The grant of an injunction would not dis-serve the public interest:**

There is no public interest in Defendants unjustly enriching themselves at the expense of Plaintiff James Arnett, leaving the only public interest in judicial intervention on this issue – to Order Defendants to cease causing any further, unnecessary harm to Plaintiff.

## CONCLUSION

Wherefore, based on the above information and attached memorandum, Plaintiff James Arnett respectfully requests that this honorable Court Grant a Preliminary Injunction under Federal Rule of Civil Procedure 65 for the purpose of restraining Defendants from selling, distributing and otherwise exhibiting Plaintiff's Goods, consisting of the Motion Picture, the Audio Book, and the TV Commercial Spot until this case has been officially and fully resolved.

For immediate Relief, Plaintiff additionally Moves for a Temporary Restraining Order (TRO) to be Granted until the issue of a Preliminary Injunction is decided by this honorable Court.

Additionally, Plaintiff respectfully requests that any hearings be conducted telephonically, if possible, as he is on I.F.P. status and has not recovered financially yet, after his last round trip between Tucson, Arizona and this honorable Court.

Respectfully submitted this 24th day of August 2013.

James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

SOURCE: United States Copyright website at www.copyright.gov
Self-authenticating under Federal Rule of Evidence 902
Alleged fraudulent copyright filing by Defendants Howard & Life Line Media, under U.S. Copyright registration **Pau003684884** of **15 February 2012**.

*Overcoming Life's Trauma.*

**Type of Work:** Motion Picture
**Registration Number / Date:** PAu003684884 / 2012-02-15
**Application Title:** Overcoming Life's Trauma.
**Title:** Overcoming Life's Trauma.
**Description:** Videodisc (DVD)
**Copyright Claimant:** Ben S Howard, 1967- . Address: PO Box 223, Huntsville, UT, 84317, United States.
**Date of Creation:** 2011
**Authorship on Application:** Ben S Howard, 1967- , employer for hire; Domicile: United States; Citizenship: United States. Authorship: entire motion picture.
**Alternative Title on Application:** Forgive and Be Free
Healing the Soul
**Rights and Permissions:** Ben S Howard, Lifeline Media, LLC, PO Box 223, Huntsville, UT, 84317, United States, (817) 313-5944
**Copyright Note:** C.O. correspondence.
**Names:** Howard, Ben S. 1967-



NOTICE: Important declarations, *"employer for hire"* AND *"entire motion picture"*. Plaintiff detected this recent addition to the online database the week of 19 August 2013, that took more than a year for the PTO to post. Defendants are not legitimately entitled to any claims of copyright to Plaintiff's production without license. Plaintiff alleges the following: Defendants responded to Plaintiff's demand letters for payment of 26 January 2012 [Doc. 35 exhibit S], which Plaintiff followed up with a cease and desist letter on 31 January 2012 to cease exhibition, distribution and sales – by immediately filing this fraudulent copyright, in order to complete the successful fraud perpetrated by Defendants, outlined in Plaintiff's Second Count of Fraud in Claim Two [Doc. 35], followed by Defendant Howard's email of 25 February 2012 [Doc. 35 exhibit T], denying any contract or obligation existed, including a deceptive attempt to induce Plaintiff to forebear seeking judicial relief.

ATTACHMENT 1

SOURCE: Video evidence from Pima County, AZ Library computers, April 2012



NOTE: Defendants publicly exhibited Motion Picture, conspicuously marked as "Life Line Media Presents", i.e., purporting to be the exhibitor/distributor (without license) followed by the title, "an A.I.A. Motion picture company production", which Defendants purport to be the actual author of the Motion Picture, by universally understood terms. A.I.A. is the trade name of Plaintiff James Arnett, dating back to the year 1958 in NYC.

ATTACHMENT 2

SOURCE: Defendants' public exhibition downloaded from www.vimeo.com April 2012
Evidence on file with the Clerk of the Court on DVD-1



NOTE: Defendant Life Line Media purports itself to be the exhibitor/distributor, conspicuously marked at the opening as "Presents" - exhibiting without any license from Plaintiff to do so. These markings were placed by Defendants – NOT by Plaintiff.

ATTACHMENT 3

SOURCE: Video evidence from Pima County, AZ Library computers, April 2012



NOTE: Defendant Life Line Media LLC publicly exhibited Motion Picture, conspicuously marked as "an A.I.A. Motion picture company production" in the subsequent title, which Defendants purport to be the actual author of the Motion Picture. A.I.A. is the trade name of Plaintiff James Arnett, dating back to the year 1958.

ATTACHMENT 4

SOURCE: Defendants' public exhibition downloaded from www.vimeo.com April 2012
Evidence on file with the Clerk of the Court on DVD-1



NOTE: Defendant Life Line Media purports the motion picture to be a production of Plaintiff James Arnett, under his "A.I.A." trade name, conspicuously marked at the opening. These markings were placed by Defendants – NOT by Plaintiff. Nevertheless, motion picture is indeed the intellectual property of Plaintiff, fraudulently copyrighted by Defendants, who responded to Plaintiff's demand letter for payment by that action.

ATTACHMENT 5

## CERTIFICATE OF SERVICE

I hereby certify that on this day, Saturday the 24th of August 2013, I mailed the preceding MOTION to the Office of the Clerk of the United States Court for the District of Utah at:

>U.S. Court for the District of Utah
>350 South Main Street
>Salt Lake City, Utah  84101

I also hereby certify that I have mailed these identical materials via United States Postal Service, to the following Attorneys for Defendants Howard, et al.:

>TYCKSEN & SHATTUCK, LLC
>Bryan J. Stoddard
>12401 S. 450 E., Suite E-1
>Draper, UT  84020

_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com