James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP 0 9 2013

D. MARK JONES, CLERK
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>        Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah<br>entity; NATIONWIDE AFFORDABLE<br>HOUSNG, a Texas corporation; and the<br>BEN HOWARD TRUST, an Idaho<br>trust,<br><br>        Defendants. | **MOTION**<br><br>Presiding Judge Ted Stewart<br><br>Referred to Magistrate Judge Dustin Pead<br><br>Case 2:13-CV-00591-TS-DBP |

   Plaintiff James Arnett, representing himself Pro Se, herein originates this Motion for the initiation of Sanctions against Defendants for violating Federal Rule of Civil Procedure 11(b) in their Documents 64 & 68, on the following grounds:

Page 1 of 5

## DEFENDANTS' DOCUMENT 64

Whereas, Defendants' Document 64 was filed on 26 August 2013, Defendants' Counsel Bryan J. Stoddard of Tycksen & Shattuck LLC made several conspicuous transgressions of Federal Rule of Civil Procedure 11(b)(1), intending to harass Plaintiff; and, he also transgressed Rule11(b)(3), offering alleged factual contentions, which have no possible evidentiary support, nor are they reasonably forthcoming. A review of the statements drafted by Counsel are self-evident in their direct harassment of Plaintiff, *and his family*, who are not parties connected to this law suit, which fully qualifies as a transgression of Rule 11(b):

> "Finally, and as a sidenote, Defendant Howard wishes to make the Court aware that based on his dealings with Plaintiff James Arnett over the last several years and his conduct in this lawsuit, Howard strongly suspects that Arnett has an undiagnosed and untreated mental illness. Howard is aware of one of Arnett's family members who has been diagnosed with paranoid schizophrenia (which runs in families), and Howard suspects that Arnett may also have that or another mental illness. If possible, Howard requests that this Court strongly urge or order Plaintiff to get an attorney as soon as possible and no longer file frivolous documents with the Court that Howard has to bear the expense of responding to. Howard requests that the Court deny Plaintiff's Motion and award Howard his attorney's fees for having to respond to it." [Doc. 64 page 4]

Whereas, Defendant Howard's obvious personal attack and inappropriate behavior obviously have no place in a United States Court, Defendants' Counsel is required to counsel his client against making harassing and bizarre personal attacks (rather than filing them, merely to harass), which clearly transgress Rule 11(b)(1).

Defendant Howard himself acknowledges that no evidentiary support exists for his peculiar and unqualified "diagnosis", other than his own dishonesty and contempt toward this Honorable Court – transgressing Rule 11(b)(3).

Additionally, Defendants' Counsel transgressed Rule 11(c)(2), failing to file a separate motion, as required by the Rules, when he moved for Sanctions within his Response [Doc. 64 pages 1-2] to Plaintiff's Motion [Doc. 60], with the intent of carrying out the telephonic threats he initiated and made to Plaintiff, on or about 16 August 2013, threatening that if Plaintiff did not withdraw his report of a Title 18 USC§1512(b) violation against the United States, that he would immediately demand this Honorable Court Order Plaintiff to pay Counsel's fees in his Response. Counsel represented said threats to Plaintiff as an effective and viable threat under Federal Rule of Civil Procedure 11. However, Plaintiff had read Rule 11 before, and therefore, did not submit to Counsel's misrepresented threat then, nor after the filing of Counsel's out-of-order demand to this Honorable Court.

Whereas, Defendants' Counsel has, in all likelihood, read Rule 11(c)(2) at some point, whereby, it is reasonable to assume that he was aware of its inappropriate order in Procedure and merely followed through with his telephonic threat for the purpose of harassing Plaintiff with frivolous demands to further harass Plaintiff into withdrawing his Motion [Doc. 60] as he originally intended.

Wherefore, Plaintiff James Arnett respectfully requests that this Honorable Court correct the behavior of Defendants' Counsel, cited in their Document 64, under the remedies provided in Federal Rule of Civil Procedure 11(c)(4).

Furthermore, Plaintiff James Arnett respectfully requests that this Honorable Court grant him the right to use Defendant Howard's statements as an affidavit at the time of trial for the purpose of impeaching his testimony, if Defendants withdraw their offending document by threat of Sanction, if not by cognizance of the impact of said statements, when Defendant Howard gives his testimony at trial for how he gained copyright to Plaintiff's Motion Picture without paying him.

## DEFENDANTS' DOCUMENT 68

Whereas, Defendants' Document 68 was filed on 5 September 2013, Defendants have requested another Oral Argument before this Honorable Court, approximately a month following their last Oral Argument of 30 July 2013.

Whereas, this Honorable Court ultimately Ordered a Status Meeting, Plaintiff did not argue against, nor objected to that official and necessary hearing, where Plaintiff was honored to stand before the dignity of this Honorable United States District Court for the District of Utah.

Whereas, Defendants' new request for an Oral Argument was included in their Notice [Doc. 68], they provided no Good Cause for creating an unnecessary inconvenience for this Honorable Court and the unjustified burden they wish to place upon Plaintiff, who resides in Tucson, Arizona, on I.F.P. status.

Whereas, Defendants offered a Reply [Doc. 67], of little more than a single page of dismissive and conclusionary statements, they now wish to orally supplement what should have been contained in their document. In general, an Oral Argument is a privilege, not a right, and it is typical that a movant's most important arguments should have been included in their documentation.

Whereas, Defendants' argument does not appear complicated, novel, nor merits further explanation, or require interactivity between the Parties and this Honorable Court. To add anything orally to that single page of argument should have been more appropriately included in any one of the several pages allotted to them by the Rules. A lack of diligence on the part of Defendants does not warrant the nuisance to this Honorable Court, nor to be used to harass Plaintiff into making another two thousand mile round trip into this Forum.

Whereas, Defendants offer no Cause whatsoever for making an Oral Argument before this Honorable Court, it can only be construed as a conspicuous transgression of Federal Rule of Civil Procedure 11(b)(1), intended to harass Plaintiff with a frivolous request for Oral Argument, which appears to become a monthly demand by Defendants to exploit Plaintiff's limited financial condition.

Whereas, Defendants' intent has already been made evident by Defendant Howard's demands to increase the financial burden on Plaintiff [Doc. 64] as further financial harassment – while complaining about his own costs of litigation to continue avoiding making full payment on his legitimate debt to Plaintiff.

Wherefore, Plaintiff James Arnett respectfully requests that this Honorable Court DENY Defendants' request for Oral Argument [Doc. 68], and correct the harassing behavior of Defendants, cited in their Document 68, under the remedies provided in Federal Rule of Civil Procedure 11(c)(4).

Respectfully submitted this 6th day of September 2013.

_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, Friday, the 6th day of September 2013, I mailed the preceding MOTION to the Office of the Clerk of the United States Court for the District of Utah at:

>U.S. Court for the District of Utah
>350 South Main Street
>Salt Lake City, Utah  84101

I also hereby certify that I have mailed these identical materials via United States Postal Service, to the following Attorneys for Defendants Howard, et al.:

>TYCKSEN & SHATTUCK, LLC
>Bryan J. Stoddard
>12401 S. 450 E., Suite E-1
>Draper, UT  84020

*/s/ James Arnett*

James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com