Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Texas entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, and Idaho trust,<br><br>    Defendants. | **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTION**<br><br>Judge Ted Stewart<br><br>Case No.: 2:13-cv-00591-TS |

Defendants oppose Plaintiff's request for a Temporary Restraining Order (TRO) and Preliminary Injunction (filed as "Motion" on August 26, 2013 (Document 65)).

## ARGUMENT

Plaintiff's Motion is nothing more than yet another frivolous waste of the Court's time and Defendant's costs, and Defendants request that the Court award them attorneys fees for having to respond to such a filing. Rule 65 of the Federal Rules of Civil Procedure requires that a motion for a TRO or preliminary injunction needs to be based on affidavits or at least a verified complaint. Plaintiff has provided neither. Plaintiff has also failed to provide the Court a proper proposed order.

As to the elements of a TRO, Plaintiff has not established that he has a substantial likelihood of success on the merits—his case is the subject of a Motion to Dismiss for failure to state a claim. He has not demonstrated that he has the evidence and legal theories in place to recover anything from Defendants. Regardless of the fact that Plaintiff has practically "dumped" his evidence at the Courthouse steps (by filing "prima facie" evidence on disc, etc.), he still has not properly established that he has the evidence necessary to suggest that he will prevail on all essential elements of his claims for breach of contract, fraud, or "endangerment." Secondly, Plaintiff himself alleges that his "irreparable damage" is limited to solely monetary damages, but according to the law of this jurisdiction, "[i]rreparable injury generally would not exist if compensatory relief would be adequate." *Collins v. Aggreko, Inc.*, 884 F. Supp. 450, 452 (D. Utah 1995). Thirdly, Plaintiff has not shown that the harm he would endure if the injunction does not issue would outweigh the harm to Defendants if the injunction is wrongfully issued.

Furthermore, Plaintiff says nothing of his willingness or ability to satisfy the requirement that he post an adequate amount of security for the injunction. There is no reason why this Court should grant an injunction against Defendants under the facts alleged and the evidence provided (and not provided) by Plaintiff. The Court must deny Plaintiff's Motion and order that he pay Defendants' attorney fees for having to respond to this baseless motion.

DATED and electronically signed this 10th day of September, 2013.

\_\_/s/ Bryan J. Stoddard_____
TYCKSEN & SHATTUCK
Attorney for Defendants

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTION, was sent to the following persons by the following means:

| | |
|---|---|
| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |

On this 11th day of September, 2013.

                                                               _/s/ Alicia Riggs_