Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, and Idaho trust,<br><br>    Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead<br><br>Case No.: 2:13-cv-00591-TS |

Defendants hereby respond to Plaintiff's Motion for Sanctions (Document 69).

### RESPONSE

**1. Defendants' withdrawal of comments about mental illness in Document 64.**

Plaintiff seeks Rule 11 sanctions for Defendant's comments concerning mental

illness on page 4 of Document 64 (Defendants' "Response in Opposition to Plaintiff's Untitled 'Motion' Filed on August 14, 2013"). Defendants hereby officially and voluntarily withdraw those comments and ask that they be stricken and disregarded by the Court. However, the remainder of Document 64 should not be stricken. Additionally, it is improper and premature for this Court to make a ruling now (as Plaintiff requests) as to whether Plaintiff can use Defendants' comments (now withdrawn) at trial for purposes of impeachment.

**2. Sanctions for Defendants' Request for Attorney's Fees in Document 64.**

Plaintiff claims that Defendants violated Rule 11(c)(2) by asking for attorney fees (without filing a separate motion) for having to respond to Plaintiff's "Motion to Expedite an Inquiry." While Defendants' acknowledge that a request for Rule 11 sanctions against a party requires the filing of a separate motion, Defendants were not seeking Rule 11 sanctions when they requested attorney fees for having to respond to Plaintiff's Motion to Expedite an Inquiry. This Court has broad discretion to award attorney fees, and a request for attorney fees in connection with responding to an improper motion is not necessarily a request for Rule 11 sanctions.

Furthermore, if Plaintiff had read and fully understood the entirety of Rule 11, he would know that his Motion for Sanctions is procedurally improper, because he filed the Motion before having served Defendants with the Motion and given them 21 days to correct (as required by Rule 11(c)(2)). For that reason alone, this Court should deny

Plaintiff's Motion.

### 3. Defendants' Request for Oral Argument on their Motion to Dismiss

Plaintiff also seeks Rule 11 sanctions against Defendants and/or their counsel because Defendants requested that the Court hold oral argument on their Motion to Dismiss. Again, Plaintiff's Motion is procedurally improper because he has not first served a copy of the Motion (before filing) or given 21 days opportunity to correct. Furthermore, Defendants have a right to request oral argument on their Motion to Dismiss. Oral argument would be customary with such a dispositive motion. There is no basis to sanction Defendants for requesting oral argument.

## CONCLUSION

Defendants voluntarily withdraw their comments about mental illness, and the remainder of Plaintiff's Motion for Sanctions should be denied.

DATED and electronically signed this 13th day of September, 2013.

                                          __/s/ Bryan J. Stoddard_____
                                          TYCKSEN & SHATTUCK
                                          Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS, was sent to the following persons by the following means:

| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |

On this 13th day of September, 2013.

　　　　　　　　　　　　　　　　　　　　_/s/ Alicia Riggs___