Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>  Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, and Idaho trust,<br><br>  Defendants. | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S FILING OF A "SECOND AMENDED COMPLAINT"**<br><br>Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead<br><br>Case No.: 2:13-cv-00591-TS |

Defendants oppose Plaintiff's recent attempt to file a "Second Amended Complaint." (Filing No. 71, CM/ECF).

## BACKGROUND

1. Plaintiff filed his first Complaint against Defendants in Arizona Federal District Court on April 24, 2012. That Complaint alleged nine different claims against Defendants: (1) Failure of Consideration; (2) Breach of Contract; (3) Fraud; (4) Fraud; (5) Fraud; (6) Misrepresentation of Material Facts; (7) Intentional Harm; (8) Unjust Enrichment; and (9) Copyright Infringement. (Filing No. 1, at CM/ECF pp. 16-20).

2. Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, pointing out the legal deficiencies of Plaintiff's allegations. (Filing No. 18, at CM/ECF pp. 9-15).

3. Plaintiff then responded by asking that the court allow him, under Rule 15(a) of the Federal Rules of Civil Procedure, to amend his Complaint to correct errors and omissions, claiming (in essence) that he had no knowledge or understanding of the "prima facie requirements" of a proper complaint. (Filing No. 23, CM/ECF).

4. Defendants objected to Plaintiff's Motion for Leave to Amend Complaint on the grounds that the Arizona Federal District Court Local Rules of Civil Procedure (Rule 15.1) require that such a motion be accompanied by a copy of the proposed amended complaint—something that Plaintiff had failed to do. (Filing No. 27, CM/ECF).

5. The Arizona court granted Plaintiff's Motion for Leave to Amend Complaint based on Rule 15 and the fact that Plaintiff had requested to amend within 21 days of having been served with Defendant's Rule 12(b) motion. (Filing No. 34, CM/ECF).

6. Plaintiff then filed his First Amended Complaint, which alleged four causes of action against Defendants: (1) Breach of Contract; (2) Fraud; (3) Fraud; and (4) Endangerment. (Filing No. 35, at CM/ECF pp. 15-27).

7. Defendant then, again, moved to dismiss the First Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Filing No. 37, at CM/ECF pp. 10-16).

8. Plaintiff did not request to file another amended complaint within 21 days of being served with Defendants' Motion to Dismiss.

9. In the Report and Recommendation, the Arizona Magistrate Judge, in recommending that the this case be transferred to Utah, did not address the merits of Defendants' Rule 12(b)(6) motion. (Filing No. 47, at CM/ECF p. 9).

10. The Arizona District Court Judge adopted the Report and Recommendation and transferred this case to Utah, to this Court. (Filing No. 49, CM/ECF).

11. At the most recent hearing on July 30th, 2013, this Court gave Defendants two weeks to re-brief their Rule 12(b)(6) motion under Utah law (since it had only been briefed under Arizona law). (See Minute Entry: Filing No. 56, CM/ECF).

12. Plaintiff filed his Motion for Leave immediately after the hearing on July 30, 2013. (Filing No. 57, CM/ECF).

13. Plaintiff's original Motion for Leave appeared to request that the Court allow him to add several claims to his Complaint: (1) "Fraudulent Inducement To Enter Into An Oral Agreement;" (2) Unjust Enrichment; (3) Copyright Infringment. (Filing No. 57, at

CM/ECF p. 2). However, Plaintiff did not include a copy of the proposed amended complaint with his Motion.

14. Defendants filed their renewed Rule 12(b)(6) Motion to Dismiss on August 6, 2013. (Filing No. 59, CM/ECF).

15. Defendants also filed (on August 6, 2013) an Opposition to Plaintiff's original Motion for Leave, explaining these same background facts. (Filing No. 58, CM/ECF).

16. Plaintiff filed an Opposition to Defendants' 12(b)(6) Motion on August 22, 2013. (Filing No. 63, CM/ECF).

17. Defendants filed a Reply in Support of their 12(b)(6) Motion on September 5, 2013 (Filing No. 67, CM/ECF), as well as a Notice to Submit for Decision and request for oral argument on the Motion (Filing No. 68, CM/ECF).

18. On September 12, 2013, Plaintiff filed a document that contained the caption: "Second Amended Complaint." (Filing No. 71, CM/ECF).

## ARGUMENT

*Applicable Rules and Law*

It was improper for Plaintiff to simply file his Second Amended Complaint in the manner and form that he did. As a preliminary matter, the Court should be mindful that under the Local Rules for this U.S. District Court (DUCivR 83-1.19(f)),

> Any party proceeding on its own behalf without an attorney will be expected to be familiar with and to proceed in accordance with the rules of practice and procedure of this court and with the appropriate federal rules and statutes that govern the action in which such party is involved.

With that being said, under Rule 7(b) of the Federal Rules of Civil Procedure, "[a]

request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Furthermore, under this Court's Local Rules (DUCivR 7-1(a)(1)),

> [A] motion and any supporting memorandum must be contained in one document . . . . The document must include the following: (A) An initial separate section stating succinctly the precise relief sought and the specific grounds for the motion; and (B) One or more additional sections including a recitation of relevant facts, supporting authority, and argument.

Additionally, Rule 15 of the Federal Rules of Civil Procedure states that once a party has amended its pleading once as a matter of course, then "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." And, this Court's Local Rules state the following requirements concerning amended complaints (DUCivR 15-1):

> Parties moving under FRCP 15-1 to amend a complaint must attach the proposed amended complaint as an exhibit to the motion for leave to file. A party who has been granted leave to file must subsequently file the amended complaint with the court. The amended complaint filed must be the same complaint proffered to the court, unless the court has ordered otherwise.
>
> Finally, the Tenth Circuit Court of Appeals has explained that
>
> While Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.[1]

---

[1] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)(internal quotation marks and citations omitted).

*Analysis*

This Court should deny Plaintiff's procedurally improper attempt to file yet another amended complaint. First, his request (to amend again) was not even made by way of an actual motion—he simply filed the Second Amended Complaint without first obtaining leave from the Court. Plaintiff violated Rule 7 by not filing an actual motion to state with particularity the grounds for his request and the specifics of the relief sought. Plaintiff did not even cite the appropriate Rule for amending pleadings. Plaintiff also did not file the proposed amended complaint as an attachment to a motion as required.

Additionally, Plaintiff has not even attempted to explain why, at this point in the litigation, he should be allowed to amend his complaint yet again. Plaintiff must first demonstrate that "justice requires" that this Court allow the amendments at this time. Defendants contend that justice requires that this Court enter a ruling on their 12(b)(6) Motion and put this case to an end. Defendants should not have to bear the substantial costs of Plaintiff's learning curve in his pro se attempt to practice law. This is Plaintiff's case—he is suing Defendants and forcing them to incur substantial attorney's fees. Plaintiff should be held to the same standard to which Defendants' counsel or any other counsel is held. Defendants should not have to keep incurring costs chasing Plaintiff's changing complaint.

Furthermore, if the Court actually considers the content of Plaintiff's Second

Amended Complaint, it will find that the amendments are futile to withstand Defendants' Motion to Dismiss.

The two new causes of action: Copyright Infringement and Unjust Enrichment are both based on Plaintiff's allegations that Defendant Howard filed a wrongful copyright. However, under Plaintiff's allegations and current copyright law, Plaintiff had no entitlement to the copyright for the work he allegedly created while working for Defendant Howard. This Court (Magistrate Judge David Nuffer) held in 2009 that

> Copyright law establishes that, "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author ... and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." A "work made for hire" is "a work prepared by an employee within the scope of his or her employment" or "a work specially ordered or commissioned for use as a contribution to a collective work ... if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."[2]

According to Plaintiff's own allegations, whatever his contribution to the production in question was (Defendant Howard will tell a very different story when it become procedurally proper), Plaintiff was not the "author" under the law because his work was "work for hire" prepared by an employee within the scope of his employment. Therefore, Plaintiff's Copyright Infringement and Unjust Enrichment claims fail on the face of Plaintiff's allegations.

For these reasons and those set forth in Defendants' prior briefing on the 12(b)(6)

---

[2] *Heimerdinger v. Collins*, No. 2:07 CV 00844 DN, 2009 WL 1743764 (D. Utah June 18, 2009) (unpublished decision) (citing 17 U.S.C §§ 201(b) & 101, respectively).

Motion, this Court should deny Plaintiff's procedurally and fundamentally flawed attempt to amend his complaint again. This Court should also enter a ruling on Defendants' 12(b)(6) Motion to Dismiss as soon as possible.

DATED and electronically signed this 18th day of September, 2013.

        __/s/ Bryan J. Stoddard_____
        TYCKSEN & SHATTUCK
        Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S FILING OF A "SECOND AMENDED COMPLAINT", was sent to the following persons by the following means:

| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |
|---|---|

On this 18th day of September, 2013.

        _/s/ Alicia Riggs___