James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP 19 2013

D. MARK JONES, CLERK
BY_____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>　　Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>　　Defendants. | **REPLY**<br><br>Presiding Judge Ted Stewart<br><br><br>Case 2:13-CV-00591-TS-DBP |

　　Plaintiff James Arnett, representing himself Pro Se, herein Replies to Defendants Response in opposition [Doc. 72] to Plaintiff's Motion [Doc. 69] (RE: Defendants wish to withdraw their Doc. 64).

Whereas, Defendants have officially withdrawn in their Response [Doc. 72] to Plaintiff's Motion for Sanctions [Doc. 69], they merely wish not to be held to Defendant Howard's false and impeaching testimony [Doc. 64], while not withdrawing their document in its entirety, further demonstrating the Defendants' [and their Counsel's] disingenuous behavior toward this Honorable Court.

Whereas, Plaintiff James Arnett asserts that all testimonies and affidavits made by Defendants under the Rules can be used against them in a court of law, unless they can show Good Cause for this Honorable Court to disregard said statements. No Good Cause has been offered by Defendants, whereas, Plaintiff specifically requested [Doc. 69] that their statements be preserved in the Record for use at trial. The fact that they made false and impeaching statements in no way qualifies as any Good Cause. Just the opposite, it establishes a pattern, upon which, testimony is properly impeached as a matter of standard practice.

Whereas, the cumulative effect of false and impeaching statements made by Defendants can result in the impeachment of Defendant Howard's testimony, Defendant Howard should not be privileged by being placed beyond Plaintiff's ability to impeach his testimony whenever they do offer false statements, as Plaintiff would with any other disingenuous or otherwise perjuring witness.

Whereas, this is not the Defendants' first episode of disingenuous behavior, they have generated complaints in the past [Doc. 44] for less than upright practice. The Honorable Court of the District of Arizona has already indulged them with the benefit of the doubt once before. This repeated episode makes the need for correction evident because it has happened again, and will continue to happen if left unchecked by this Honorable Court.

Whereas, Defendants have demonstrated by their Withdrawal [Doc. 72] of their Reply [Doc. 64] they made false and impeaching statements, Plaintiff understood those were false and impeaching statements at the time, and now this Honorable Court understands that those were false and impeaching statements too – designed to harass Plaintiff and to deliberately mislead this Honorable Court.

Therefore, Defendants must be held to their testimonies and affidavits, rather than allow them to frivolously argue why they should not be held liable for putting the Parties and this Honorable Court through all of the time, effort and nuisance for Plaintiff to collect a lawful and self-evident debt, for which, Defendants have no justifiable excuse for denying payment for more than two years. Defendants have chosen to litigate rather than settle, yet continually cry about their cost of litigation, for monies, which would have been better applied to paying their lawful debts.

Wherefore, Plaintiff James Arnett respectfully requests that this Honorable Court allow Plaintiff to preserve Defendant Howard's statements in his Response [Doc. 64] for use at trial.

NOTICE: It has come to Plaintiff's attention that Defendant Howard may have misrepresented himself as a resident of the state of Utah. On information and belief, it appears that Defendant Howard may have fled Utah jurisdiction and now resides at his Hurst, Texas home (from where he originally fled when his Grafton entity was served, which led to case 1:2009-CV-02799-ODE gandce). How this situation may affect this case is currently unknown to Plaintiff. If this development undermines the enforcement of the judgments of this Honorable Court, it may also affect a potentially related case in the District of Arizona, where Defendant Howard is also a defendant in case 4:2013-CV-00058-DCB azdce, where he is currently motioning to transfer Venue to the District of Utah again.

Plaintiff is still investigating the full factuality of this information with school enrollment records in the area, which may list Defendant Howard as a parent or guardian (assuming he is not home-schooling) to establish his true residency and will return further information to this Honorable Court when it becomes available.

Photographs are attached, which appear to show Defendants' vehicles being prepared to be moved from their Huntsville, Utah location.

Respectfully submitted this 17th day of September 2013.

James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

The only known property personally owned by Defendant Howard in Utah is an undeveloped "homestead" property located in Huntsville, Utah, which Plaintiff James Arnett observed, in or around Sunday 28 July 2013. These are some of his photographs:



Inside the property are three pickup trucks belonging to Defendant Howard.

An unidentified individual with a forth (older model) pickup truck is loading Defendant's two jet skis onto a trailer.

A car-carrier trailer is seen on the right.



Defendant Howard's "Hurricane" RV, parked outside of Defendant Howard's Huntsville property, in or around Sunday 28 July 2013, following two years of storage inside the same undeveloped "homestead" status (reduced tax) property.



Defendant Howard's "Hurricane" RV, with its door open and an unidentified individual inside, appearing to be preparing the vehicle for travel, in or around Sunday 28 July 2013.

Upon information and belief, Defendant Howard may have either fled from Utah to his Hurst, Texas home or had returned from there to transport his vehicular assets to Texas, some time between 28 July 2013 and 12 September 2013 when James Arnett learned of the information.

ATTACHMENT

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2013, I mailed the preceding REPLY to the Office of the Clerk of the United States Court for the District of Utah at:

    U.S. Court for the District of Utah
    350 South Main Street
    Salt Lake City, Utah  84101

I also hereby certify that I have mailed these identical materials via United States Postal Service, to the following Attorneys for Defendants Howard, et al.:

    TYCKSEN & SHATTUCK, LLC
    Bryan J. Stoddard
    12401 S. 450 E., Suite E-1
    Draper, UT  84020

_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com