IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah entity;<br>NATIONWIDE AFFORDABLE<br>HOUSING, a Texas corporation; and the<br>BEN HOWARD TRUST, an Idaho trust,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:13-cv-00591-TS<br><br>United States District Court<br>Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead |

This matter comes before the Court pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Ted Stewart (doc. 61). Currently pending before the Court is Plaintiff James Arnett's (Plaintiff) Rule 11 "Motion For Sanctions" against Defendants' Counsel Bryan J. Stoddard (Defendants' Counsel) (doc. 69).

## PENDING MOTION

On September 9, 2013, Plaintiff filed his Motion For Sanctions against Defendants' Counsel, alleging "conspicuous transgressions of [Rule 11] intending to harass Plaintiff" and the "offering [of] alleged factual contentions, which have no possible evidentiary support" (doc. 69, p. 2). More specifically, Plaintiff takes issue with Defendants' Counsel's personal attack on his mental health, failure to file a separate motion for attorney fee sanctions[1] and the "unnecessary"

---

[1] Plaintiff alleges that Defendant failed to file a separate motion for attorney fees in connection with Defendants' "Response In Opposition To Plaintiff's Untitled 'Motion' Filed On August 14, 2013" (doc. 64).

and "inconvenien[t]" request for oral argument.² (docs. 69, 76). In response, Defendants' Counsel moves to withdraw its comments made in reference to Plaintiff's mental health and clarifies that its request for attorney fees was not made pursuant to Rule 11 (doc. 72).

## ANALYSIS

A Motion for Sanctions filed pursuant to Federal Rule of Civil Procedure 11, must "not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This "safe harbor" provision of the Rule, is designed to give the opposing party an opportunity to correct or withdraw any violative statement or action prior to the imposition of sanctions. *See Wolf v. Petrock*, 2010 U.S. Dist. LEXIS 61915, *4. The "safe harbor" provision of Rule 11 is to be strictly enforced. *Id.* (citing, *Roth v. Green,* 466 F.3d 1179, 1192-93 (10th Cir. 2006) (holding that substantial compliance with Rule 11's "safe harbor" provision was not sufficient).

Here, it appears that Plaintiff failed to comply with the notice requirements of Rule 11, as there is no evidence that Plaintiff served Defendant's counsel with the motion for sanctions before it was filed. Fed. R. Civ. P. 11(c)(2). Under such circumstances, Rule 11 does not authorize the imposition of sanctions. Defendants' counsel has, however, agreed to voluntarily withdraw the comments at issue and accordingly the comments regarding Plaintiff's mental health are hereby stricken from the record (doc. 64, p. 4). In addition, the Court requires Defendant's Counsel to re-file Defendants' "Response In Opposition To Plaintiff's Untitled

---

²Plaintiff objects to Defendants' request for oral argument in connection with a Notice To Submit filed in relation to Defendants' "Motion To Dismiss Plaintiff's First Amended Complaint For Failure To State A Claim" (doc. 68).

'Motion' Filed On August 14, 2013" with the offending portions of the submission formally removed.

As to Plaintiff's argument regarding attorney fees, Defendants' Counsel's request for attorney fees was made pursuant to the discretionary powers of the Court and not under Rule 11. Therefore, it was not necessary for Defendants' Counsel to file a separate motion for sanctions. *See* Fed. R. Civ. P. 11(c)(1) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)). Furthermore, it is entirely appropriate for a party to request oral argument in conjunction with the filing of a dispositive motion, and as a result, the Court finds that Defendants' Counsel's request for oral argument is not sanctionable. *See* DUCivR 7-1(f) ("requests for oral arguments on motions will be granted on good cause shown.").

## ORDER

For the reasons now stated herein, Plaintiff's Motion For Sanctions is hereby DENIED (doc. 69). It is hereby ORDERED that the portion of the record referencing Plaintiff's mental health is stricken (doc. 64, p.4) and shall not be considered by the Court. Defendant's Counsel is further ORDERED to re-file Defendants' "Response In Opposition To Plaintiff's Untitled 'Motion' Filed On August 14, 2013" (doc. 64) with the offending portions of the submission removed.

Dated this 9th day of October, 2013

_____
Dustin Pead
U.S. Magistrate Judge