# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSING, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:13-cv-00591-TS<br><br>United States District Court<br>Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead |

This matter comes before the Court pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Ted Stewart (doc. 61). Currently pending before the Court, is pro se Plaintiff James Arnett's (Plaintiff) "Motion To Expedite Inquiry, Regarding A Violation of 18 USC §1512(b)" (doc. 60).[1] Defendants Benjamin Snow Howard, Lifeline Media, LLC, Nationwide Affordable Housing, and the Ben Howard Trust (collectively "Defendants") oppose the motion (doc. 64).

## PENDING MOTION

On August 8, 2013, Plaintiff filed his "Motion To Expedite Inquiry, Regarding A Violation of 18 USC § 1512(b)" alleging that a key witness in the case, Ms. Robin Howard (Ms. Howard), who has the "immediate potential to confirm the allegations of Plaintiff Arnett", has

---

[1]The caption listed on Plaintiff's pending matter is simply "Motion". However, in light of the relief requested therein, the Court shall refer to the motion as Plaintiff's "Motion To Expedite Inquiry, Regarding A Violation of 18 USC § 1512(b)".

been intimidated and threatened by Defendant Benjamin Snow Howard in order to induce her to "withhold testimony from an official proceeding and to withhold making [an] affidavit, reciting the account of her testimony" (doc. 60, p.2, 4). As a result, Plaintiff requests that the Court expedite an inquiry into this alleged witness tampering by conducting an ex parte interview with Ms. Howard and by prohibiting Defendant Howard from "being in possession of any firearms for the duration of this case. . ." (doc. 60, p. 3-4).[2]

## ANALYSIS

The provision of the United States Criminal Code relied upon by Plaintiff states:

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with the intent to—
    (1) influence, delay, or prevent the testimony of any person in an official proceeding;
    (2) cause or induce any person to—
        (A) withhold testimony, or withhold a record, document, or other object from an official proceeding;
        (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; or
        (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
        (D) be absent from an official proceeding to which such person has been summoned by legal process; or
    (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a

---

[2] In Plaintiff's reply memorandum Plaintiff appears to also assert a Rule 11 violation based upon the "frivolous and harassing nature" of Defendants' opposition "offered in lieu of any denial or reasonable justification for this honorable Court to turn a blind-eye to the allegation of a Title 18 USC§1512(b) [sic] violation" (doc 66, pg. 2). Upon consideration, however, any request for Rule 11 sanctions must be denied as Plaintiff did not file the motion separately and did not comply with the rule's safe harbor notice requirements. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."); *see also* (doc. 79).

>Federal offense or a violation of conditions of probation, supervise release, or release pending judicial proceedings;
>shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. §1512(b).

A reading of § 1512(b) reveals that the referenced provision does not provide any legal basis for Plaintiff's request—an expedited inquiry into suspected criminal activity through the private investigation of a potential witness by the Court. In civil matters, there is no procedural mechanism by which to compel a potential witness to provide or sign an affidavit. Instead, at the appropriate time, Plaintiff may proceed by deposing or subpoenaing Ms. Howard in accordance with the federal rules. Further, Plaintiff's request for an order restricting Defendant Howard from possessing a firearm is not appropriate in the context of a civil breach of contract action and has absolutely no bearing on the issues in the case. Accordingly, for the reasons stated, Plaintiff's Motion To Expedite Inquiry, Regarding A Violation of 18 USC §1512(b) (doc. 60) is denied.

Defendants request an award of attorney fees for having to respond to Plaintiff's "improper" motion (doc. 80). While a pro se litigant's pleadings are to be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court will not permit the continued filing of motions that lack any basis in law. Accordingly, Plaintiff is hereby instructed that the continued filing of improper and frivolous motions may result in the future imposition of sanctions. *See Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) ( A Court may impose sanctions "to regulated its docket, promote judicial efficiency, and deter frivolous filings.").

# ORDER

For the reasons now stated herein, Plaintiff's "Motion To Expedite Inquiry Regarding A Violation of 18 U.S.C. § 1512(b)" is hereby DENIED (doc. 60).

Dated this 29th day of October, 2013

_____
Dustin Pead
U.S. Magistrate Judge