FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

APR 14 2014

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah<br>entity; NATIONWIDE AFFORDABLE<br>HOUSNG, a Texas corporation; and the<br>BEN HOWARD TRUST, an Idaho<br>trust,<br><br>    Defendants. | **MOTION FOR RELIEF**<br><br>Presiding Judge Ted Stewart<br><br><br>Case 2:13-CV-00591-TS-DBP |

Plaintiff James Arnett respectfully requests that this honorable Court hear his prayer for Relief, and consider Granting him a modification to its Order in Document 82, which Orders Plaintiff to file a Proposed Amended Complaint, thirty days from 21 March 2014 (due on 20 April 2014).

Page 1 of 6

Whereas, Plaintiff's First Fraud Claim was Dismissed in the Order of Document 82, Plaintiff respectfully requests that this honorable Court weigh his prayer for Relief by the Good Cause detailed herein, as follows:

A.  FIRST FRAUD CLAIM

Plaintiff's First Fraud Claim was Dismissed for two main reasons:
(1.)  *Howard's Failure to Disclose Separate Suit*;
(2.)  *Statement Concerning Defendant's Trustworthiness.*

(1.)  HOWARD'S FAILURE TO DISCLOSE SEPARATE SUIT

*"Arnett has not alleged facts to support a finding that Howard had a duty to disclose allegations against him in unrelated federal court proceedings in Georgia. In fact, Arnett's allegations indicate that the parties had arm's length discussions about their transaction. Moreover, Plaintiff's First Amended Complaint includes an excerpt of one of the orders issued by the federal court in Georgia, which indicates that the proceedings were ongoing well beyond the parties' negotiations in the instant case. Additionally, even if Arnett had successfully pleaded a fraud claim, the economic loss rule likely bars this claim."* [Doc. 82, Page 9, ¶2]

(a.) <u>Regarding the Duty to Disclose</u>: This honorable Court found that the Defendant had no duty to disclose, based upon the "Arms Length" doctrine. This doctrine required Plaintiff to perform his own due diligence. However, the First Fraud Claim is based upon misrepresentations of material fact, which the Defendant made when Plaintiff was quartered at Defendant's Utah residence, under conditions of substantial and undue influence, coercion, and on occasion, duress.

As alleged throughout the body of the Complaint, Defendant had exploited his control over Plaintiff through various means of non-performance, including threats and violence, in addition to withholding and granting Plaintiff's personal needs to impose his self interests and control over every aspect of Plaintiff's well-being. By the volume of Defendant's non-performance, detailed in the Complaint, it is apparent that the Defendant deliberately created a de facto dependency in order to coerce Plaintiff.

Plaintiff could not freely leave Utah because the Defendant went as far as withholding the agreed-upon means for Plaintiff to return home, in order to coerce Plaintiff to acquiesce to Defendant's demands. Ultimately, Plaintiff had no choice *but* to acquiesce – in fear of being stranded far from home in an indigent condition as a result of Defendant's deliberate non-performance [Doc. 35, ¶28]. Defendant's systematic and ongoing non-performance left Plaintiff without reasonable recourse. The underlying facts were not reasonably within the knowledge of both parties. That relationship might not adequately be construed to be two independent parties, when one party is under the direct control, and thumb, of the other party.

The Arms Length Doctrine might not be fully applicable in this situation, as articulated in *Sugarhouse Fin. Co. v. Anderson*, 610 P.2d 1369, 1373 (Utah 1980).

(b.) <u>Regarding the Georgia proceedings chronology</u>: Although the excerpt of the Defendant's Georgia case was indeed dated 7 August 2012, the case history within that excerpt shows that Defendant Howard was aware of the proceedings against him as far back as the Orders of the Court issued on 17 February 2011 in Document 89, and as early as 28 June 2009 in Document 62 cited therein. That document *proves* the Defendant did know the nature of the separate suit against him at the time he made the representations to Plaintiff on or about 25 July 2011.

(c.) <u>Regarding the Economic Loss Rule</u>: *"The Economic Loss Rule does not bar tort claims when those tort claims are based on a duty independent of those found in the contract."* [*Grynberg v. Questar Pipeline*, 2003 UT 8]. The source of the loss is the Defendant's breach of his legal Duty of Care, violated when he acted wantonly, and/or recklessly, and showed a reckless indifference to the interests of others – independent of the contract [*Hermansen v. Tasulis*, 2002 UT 52 ¶17]. Plaintiff respectfully requests that this honorable Court take into consideration the Defendant's own *admission* [Doc. 35, ¶21], in which he violently declared his intent to defraud, then later repented and apologized to induce Plaintiff to perform, yet he willfully and systematically carried out his fraud to its ultimate conclusion, as he swore he would do.

The validity of Plaintiff's First Fraud Claim might not necessarily be negated by: (a.) The Arms Length Doctrine, due to the absence of any practical degree of individual independence afforded to Plaintiff, whereby the underlying facts could be reasonably within the knowledge of both parties; (b.) Not necessarily negated by the timing, due to the Defendant being fully aware of the separate suit against him as early as June 2009, and; (c.) Not necessarily negated by the Economic Loss Rule, due to Defendant's breach of his Duty of Care, independent of the contract.

2. STATEMENT CONCERNING DEFENDANT'S TRUSTWORTHINESS

In the Order of Document 82, the second main reason given for Dismissing Plaintiff's First Fraud Claim was:

> *"Without additional facts demonstrating that Howard fraudulently obtained the temple recommend, the Court is unable to conclude that the statement was false, or that Howard made this statement with knowledge of its falsity.* [Doc 82, page 2, ¶2]"

Whether demonstrated to be true or not, the Plaintiff never alleged that the Defendant *"fraudulently obtained the Temple Recommend"*, which would require him to provide any factual support for an allegation he never made. A fraudulently obtained Temple Recommend does not appear in any one of the nine criterion that establish the fraud. In fact, the entirety of Plaintiff's statements regarding this Temple Recommend are limited to one, subordinate clause in his Complaint:

> *"Upon Plaintiff's arrival, Defendant Howard briefed him on the project, characterizing the project to Plaintiff as personally commissioned to him by 'God', via direct revelation, due to his ordination in the 'Melchisedek Priesthood', conferred by the Church of Jesus Christ of Latter Day Saints (LDS), <u>with the notable distinction of possessing a 'Temple Recommend'</u>, providing Plaintiff reason to have confidence that Defendant Howard was sincere in his motivations and practices."* [Doc. 35, ¶5]

No direct, nor indirect reference to the Defendant's Temple Recommend is made anywhere else in the Complaint. It is foreign to the nine point test for fraud and is not an element that Plaintiff constructed within his First Fraud Claim.

Therefore, the validity of Plaintiff's First Fraud Claim might not necessarily be negated by the means, in which the Defendant obtained his Temple Recommend, due to the absence of that allegation within the Complaint.

Because this "(2.) Statement Concerning Defendant's Trustworthiness" was never in contention within the Complaint, nor within its First Fraud Claim, and; "(1.) "Howard's Failure to Disclose Separate Suit" does not necessarily preclude the successful prosecution of this Claim at trial, Plaintiff offers this honorable Court with this clarification as Good Cause to support his prayer for Relief.

Wherefore, if this honorable Court find Good Cause demonstrated herein, Plaintiff respectfully requests to be Granted his prayer for Relief, by a modification to its Order [Doc. 82], to reinstate Plaintiff's First Fraud Claim, as proposed in Document 71.

Alternatively, Plaintiff respectfully requests to be Granted his prayer for Relief, by a modification to its Order [Doc. 82], to Order him to reintroduce his First Fraud Claim as a new Claim in his proposed Amendment.

Respectfully submitted this 8th day of April 2014.

James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April 2014, I mailed the preceding MOTION to the Office of the Clerk of the United States Court for the District of Utah:

      U.S. Court for the District of Utah
      350 South Main Street
      Salt Lake City, Utah  84101

I also hereby certify that I have mailed these identical materials via United States Postal Service, to the following Attorneys for Defendants Howard, et al.:

      TYCKSEN & SHATTUCK, LLC
      Bryan J. Stoddard
      12401 S. 450 E., Suite E-1
      Draper, UT  84020

      _____
      James Arnett, In Propria Persona (I.F.P.)
      9288 N. Monmouth Court
      Tucson, Arizona 85742
      Telephone: (520)304-0129
      Email: jamesarnettaz@gmail.com