Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah entity;<br>and NATIONWIDE AFFORDABLE<br>HOUSNG, a Texas corporation,<br><br>    Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "MOTION FOR RELIEF"**<br><br>Judge Ted Stewart<br>Magistrate: Dustin B. Pead<br>Case No.: 2:13-cv-00591-TS-DBP |

    Defendants Benjamin Snow Howard ("Howard"), Lifeline Media LLC ("Lifeline"), and Nationwide Affordable Housing ("NAH") (collectively "Defendants"), oppose Plaintiff James Arnett's ("Plaintiff") "Motion for Relief" filed on April 14, 2014 (Document No. 83).

### ARGUMENT

    Although Plaintiff entitled his Motion generically as a "Motion for Relief," it appears to be, in substance, a Motion to Reconsider—requesting that the Court change part of its

Memorandum Decision and Order on Pending Motions.[1] Regardless of how the Motion is titled, it fails to establish a valid basis for relief and should be denied by this Court.

*Applicable Case Law & Rules*

The Tenth Circuit Court of Appeals has explained the following about motions to reconsider:

> The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). . . . Which rule applies to a motion depends essentially on the time a motion is served.[2]

If the motion is filed within the time allowed under Rule 59(e)—within 28 days after the entry of the judgment—then it should be construed as a Rule 59(e) motion to alter or amend a judgment.[3] In order to prevail on a motion to reconsider under Rule 59(e), the movant must show one of three grounds: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice.[4] However, a motion for reconsideration is not an appropriate vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[5] And as stated by this District Court 2005 in *MacArthur v. San Juan County*,

> Motions for "reconsideration" will not be granted absent "highly unusual circumstances"—they do not provide litigants with an opportunity for a "second bite at the apple" or allow them, like Emperor Nero, to "fiddle as Rome burns," or license to a litigation "game of hopscotch," allowing parties to switch from one legal theory to a new one "like a bee in search of honey." Such motions are not

---

[1] (Document 82).
[2] *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).
[3] *Id.*
[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[5] *Id.*

vehicles for relitigating old issues. Courts properly decline to consider new arguments or new evidence on reconsideration where those arguments or evidence were available earlier.[6]

*Analysis*

Here, in Plaintiff's Motion for Relief, he requests that the Court change part of its prior ruling and revive one of his claims for fraud. However, Plaintiff has failed to provide adequate grounds upon which this Court could reconsider its prior ruling, because his motion is simply an attempt to reargue an issue previously addressed by the Court. Plaintiff has not shown any of the three grounds for reconsideration mentioned above. He merely attempts to advance new arguments and facts that were all available to him previously—at the time of Defendants' original Motion to Dismiss.

Notwithstanding the impropriety of Plaintiff's Motion, his substantive arguments also fail to overcome or rebut the Court's analysis concerning the dismissal of his fraud claim. Plaintiff's rambling motion is practically incoherent, the cases he cites are inapposite, his legal arguments are illogical, and he continues to cast improper aspersions at Defendant Howard.

For all these reasons, this Court must deny Plaintiff's motion. Furthermore, since Plaintiff's Motion is frivolous, Defendants request that the Court award them their reasonable attorney's fees for having to respond to it.

DATED and electronically signed this 16th day of April, 2014.

            __/s/ Bryan J. Stoddard_____
            TYCKSEN & SHATTUCK
            Attorneys for Defendants

---

[6] *MacArthur v. San Juan County*, 405 F.Supp.2d 1302, 1305-06 (D.Utah 2005)(quoting Steven Baicker-McKee, William M. Janssen & John B. Corr, *Federal Civil Rules Handbook* 962 (2006 ed.)).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following persons by the following means:

| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |
|---|---|

On this 16th day of April, 2014.

                                               _/s/ Alicia Riggs_