Bryan J. Stoddard, #13590
bryan@tyshlaw.com
Steven C. Tycksen #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, LLC
12401 S. 450 E., Ste. E-1
Draper, UT 84020
Phone: (801)748-4081
Fax: (801)748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; and NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation,<br><br>　　　　Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "MOTION FOR LEAVE"**<br><br>Judge Ted Stewart<br>Magistrate: Dustin B. Pead<br>Case No.: 2:13-cv-00591-TS-DBP |

Defendants Benjamin Snow Howard ("Howard"), Lifeline Media LLC ("Lifeline"), and Nationwide Affordable Housing ("NAH") (collectively "Defendants")[1], oppose Plaintiff James Arnett's ("Plaintiff") "Motion for Leave" filed on April 17, 2014 (Document Nos. 85 & 85-1).

---

[1] The Ben Howard Trust was dismissed as a party in the Court's most recent Decision.

## BACKGROUND

1. Plaintiff originally filed his first Complaint in Arizona Federal District Court on April 24, 2012. ([Filing No. 1, CM/ECF](#)).

2. Defendants filed a Motion to Dismiss that Complaint on September 26, 2012, arguing (in part) that Plaintiff had failed to state a claim upon which relief can be granted. ([Filing No. 18, CM/ECF](#)).

3. Before Defendants' Motion to Dismiss was decided by the Arizona court, Plaintiff filed his first Motion for Leave to Amend his Complaint, attempting to correct the pleading deficiencies Defendants' pointed out in their Motion to Dismiss. ([Filing No. 23, CM/ECF](#)).

4. The Arizona court allowed Plaintiff to amend his Complaint before and instead of deciding Defendants' Motion to Dismiss. ([Filing No. 34, CM/ECF](#)).

5. Plaintiff then filed his First Amended Complaint on January 7, 2013. ([Filing No. 35, CM/ECF](#)).

6. Defendants then revised and re-filed their Motion to Dismiss, part of which was again based on Plaintiff's failure to state a claim upon which relief can be granted. ([Filing No. 37, CM/ECF](#)).

7. On May 29, 2013 the Arizona Magistrate Judge issued his Report and Recommendation to the District Court to transfer this case to Utah but not reach

the merits of Defendants' Motion to Dismiss for failure to state a claim. (Filing No. 47, CM/ECF).

8. The Arizona District Court Judge adopted the Report and Recommendation and transferred this case to Utah on June 24, 2013. (Filing No. 49, CM/ECF).

9. After this case was transferred to this Court, Plaintiff filed *another* Motion to Amend his Complaint on July 30, 2013. (Filing No. 57, CM/ECF).

10. Defendants opposed that Motion to Amend (Filing No. 58, CM/ECF), and revised and re-filed their Motion to Dismiss for failure to state a claim upon which relief can be granted. (Filing No. 59, CM/ECF).

11. Before this Court entered rulings on Plaintiff's Motion to Amend or Defendants' Motion to Dismiss, Plaintiff filed (without first obtaining leave of Court) his Second Amended Complaint on September 11, 2013. (Filing No. 71, CM/ECF).

12. Defendants opposed Plaintiff's filing of the Second Amended Complaint. (Filing No. 74, CM/ECF).

13. On March 21, 2014, this Court entered its Memorandum Decision and Order, in which it granted Defendants' Motion to Dismiss in part and directed Plaintiff to file an amended complaint consistent with the Order within 30 days. (Filing No. 82, CM/ECF).

14. Instead of simply filing an amended complaint in compliance with the Court's directions, Plaintiff filed his "Motion for Leave" on April 17, 2014, in which he

requests that the Court allow him to add a totally new claim (for Odometer Tampering) and change other fundamental aspects of his most recent complaint. (Filing No. 85, CM/ECF). With that Motion, Plaintiff attached a proposed Amended Complaint as an exhibit. (Filing No. 85-1, CM/ECF).

## ARGUMENT

Plaintiff's Motion for Leave and his proposed Amended Complaint are not consistent with what the Court Ordered in its most recent Decision. Additionally, Plaintiff's changes to this latest version on the Complaint should not be allowed because they are untimely, futile, and in bad faith.

When it dismissed several of Plaintiff's claims, the Court stated the following: "The Court will grant leave for Plaintiff to file a new complaint consistent with this Order. In summary, Plaintiff may reassert the breach of contract claim and assert claims for unjust enrichment and copyright infringement. All other claims are dismissed and should not be repleaded." (Filing No. 82, at CM/ECF p. 21-22). However, Plaintiff's proposed Amended Complaint contains improper allegations and goes beyond what the Court directed. He seeks permission to add a ridiculous and foundationless claim against Defendant Howard and (presumably) the Ben Howard Trust for "Odometer Tampering." That new claim should not be allowed because it is futile.

Plaintiff also made fundamental changes to the factual allegations in his Complaint concerning the specific percentage amount of equity Howard allegedly agreed

to give Plaintiff and/or Gerren Ard. These proposed changes are proposed in bad faith and the Court should not allow them to be included in Plaintiff's latest Amended Complaint.

*Untimely Amendments Made in Bad Faith*

A court can refuse to grant leave to amend a complaint "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). When a party seeking to amend has no adequate explanation for the delay in requesting leave to amend, that alone can be a sufficient reason to disallow the amended pleading. *Id.* at 1365-66. "Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366 (internal quotation marks and citation omitted).

Moreover, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal . . . ." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)(internal quotation marks and citations omitted).

In the present case, Plaintiff's theory and factual allegations of breach of contract have changed substantially throughout the several versions of his Complaint. In his first Complaint, Plaintiff alleged that Howard is liable for breach of contract simply because he added two additional months to the original term of service. (Filing No. 1, at CM/ECF p. 17). There was no mention of an agreement on a *specific* amount or percentage for an equity partnership—Plaintiff only stated that "Defendant Howard then offered Plaintiff Arnett assignment as a major equity partner in the project . . . ." (Filing No. 1, at CM/ECF p. 3). Defendants pointed out the inadequacy of the allegations of breach of contract in their first Motion to Dismiss. (Filing No. 18, at CM/ECF p. 10-11). Plaintiff's First Amended Complaint also did not allege any specific amount or percentage of equity that Defendants agreed to give Plaintiff in the project—Plaintiff only alleged that Defendant Howard had failed to "execute in writing the promised equity interest," but Plaintiff never mentioned precisely what that interest was. (Filing No. 35, at CM/ECF p. 16). Defendants then pointed out in their *second* Motion to Dismiss that Plaintiff had *still* failed to allege sufficient facts that would constitute a binding contract, and that the Court could not enforce an equity interest division unless it knew precisely what the agreement was concerning the equity interest. (Filing No. 37, at CM/ECF p. 10-13). Defendants *again* reiterated those same arguments in the Motion to Dismiss they filed after this case was transferred to Utah. (Filing No. 59, at CM/ECF p. 5-8). But when Plaintiff filed his Second Amended Complaint, he *still* did not allege any specific amount or percentage of

equity agreed upon by the parties—he simply alleged that Defendant Howard had failed to "execute a written equity partnership agreement . . . ." (Filing No. 71, at CM/ECF p. 20).

In its most recent decision, this Court analyzed whether or not Plaintiff's claim for breach of contract failed state a claim upon which relief can be granted, and the Court specifically mentioned the fact that under Plaintiff's allegations, "the percentage share of Arnett's major equity partnership remains unclear . . . ." (Filing No. 82, at CM/ECF p. 7). Now, Plaintiff is seeking to fundamentally change the factual allegations of his Complaint to include an allegation that Defendant Howard offered Plaintiff a 50% equity interest in the project (Filing No. 85-1, at CM/ECF p. 2), and then later a 33% three-way split with Plaintiff and Gerren Ard (Filing No. 85-1, at CM/ECF p. 5-6). These changes in the factual allegations are extremely untimely and represent a significant shift from what Plaintiff has been alleging since the beginning. These changes should not be allowed because Plaintiff should have alleged these facts in his *original* Complaint. The fact that he is now trying to "beef up" his allegations by adding specifics (when there were none previously) demonstrates bad faith because these changes only came *after* the Court observed that the equity partnership terms were unclear from the allegations. It is becoming increasingly evident (through multiple amendments to the Complaint) that Plaintiff is trying to make his Complaint a moving target—shifting the factual allegations

to fit the theory of the moment or to avoid dismissal. Such improper and manipulative actions should not be looked upon kindly by this Court, despite Plaintiff's pro se status.

### *Odometer Tampering*

Plaintiff's added claim against Defendant Howard and the Ben Howard Trust for "Odometer Tampering" goes beyond what the Court allowed in its recent Decision. Also, adding such a claim would be futile because Plaintiff has failed to allege any facts that would connect Defendant Howard or the Ben Howard Trust to any alleged tampering with the motorcycle odometer. His claim lacks any factual foundation, is based purely on speculation, and would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Therefore the Court should not allow Plaintiff to include his allegations of and claim for Odometer Tampering.

### **CONCLUSION**

The Court should deny Plaintiff's Motion for Leave and should also disregard the proposed Amended Complaint. The Court should require Plaintiff to submit another proposed Amended Complaint in full compliance with the Court's directions—without the inappropriate claim for Odometer Tampering and without the bad faith additional factual allegations of equity percentages.

DATED and electronically signed this 28th day of April, 2014.

                                        __/s/ Bryan J. Stoddard_____
                                        TYCKSEN & SHATTUCK
                                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following persons by the following means:

| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |
|---|---|

On this 28th day of April, 2014.

                                        _/s/ Alicia Riggs___