IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>                     Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSING, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>                     Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br><br>Case No. 2:13-CV-591 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Relief[1]—which the Court construes as a Motion to Reconsider—and Motion for Leave to Amend.[2] For the reasons discussed more fully below, the Court will deny Plaintiff's Motion for Relief and grant Plaintiff's Motion for Leave to Amend.

I. BACKGROUND

In 2011, Plaintiff James Arnett and Defendant Benjamin Howard ("Defendant Howard") discussed creating a movie and audio book together. After negotiating the terms of the parties' agreement, Plaintiff traveled to Defendant Howard's home in Utah to begin working on the project. Within a few weeks of his arrival, Plaintiff completed his work on the audio book and a television commercial. Over the following two months, the parties' relationship soured while they worked on the film.

---

[1] Docket No. 83.

[2] Docket No. 85.

1

Plaintiff alleges that Defendant Howard failed to perform his contractual obligations, including making payments to Plaintiff. Plaintiff alleges that Defendant Howard's failure to pay forced Plaintiff to be so dependent upon Defendant Howard that Plaintiff could not afford to travel home and had no choice but to continue working on the project. Defendant Howard allegedly transferred title of a motorcycle to Plaintiff in an attempt to convince Plaintiff to continue working on the project despite Defendant Howard's failure to perform. Plaintiff remained in Utah until the film's video had been created and returned to his home in Arizona to complete the audio portion.

In April 2012, Plaintiff filed suit against Defendant Howard and three associated entities, Lifeline Media, LLC, Nationwide Affordable Housing, and the Ben Howard Trust (the "Trust"), in the United States District Court for the District of Arizona.

In September 2012, Defendants moved to dismiss Plaintiff's claims. Before the motion was fully briefed, Plaintiff moved for leave to amend his Complaint. The Arizona district court granted leave to amend, rendering the motion to dismiss moot.

In January 2013, Plaintiff filed his First Amended Complaint. Shortly thereafter, Defendants again moved to dismiss the Complaint. The Arizona court concluded that this Court was the proper venue and transferred the case to the District of Utah without reaching the merits of Defendants' motion.

In July 2013, Plaintiff again moved for leave to amend his Complaint, and shortly thereafter Defendants filed their third Motion to Dismiss. Before this Court ruled on the motions, Plaintiff withdrew his request for leave to amend his Complaint and submitted an

updated motion, his third Motion for Leave to Amend.  In March 2014, this Court granted in part and denied in part both Motions ("March 2014 Order").

Plaintiff now moves for reconsideration of the Court's March 2014 Order and yet another amendment of his Complaint.  Plaintiff has not yet submitted a Complaint that complies with the March 2014 Order.

## II. MOTION TO RECONSIDER

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge."[3]  Federal Rule of Civil Procedure 54(b) expressly allows for revision of an interlocutory order before entry of final judgment.  Rule 54(b) provides, in pertinent part, that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This inherent power to review is limited by the long-standing rule that an issue decided should remain decided.  However, "[c]ourts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous."[4]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's

---

[3] *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (citation and internal quotation marks omitted).

[4] *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) (citing *Furhman v. U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)).

3

position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[5]

Plaintiff does not present substantially different and new evidence or subsequent and contradictory controlling authority. Rather, Plaintiff argues that the Court misapprehended controlling law, the facts, and Plaintiff's position. Plaintiff seeks reconsideration of the Court's dismissal of Plaintiff's first fraud claim.

The Court has considered all of Plaintiff's arguments and concludes that Plaintiff has not raised issues demonstrating that the Court misapprehended the facts, Plaintiff's position, or controlling law. Therefore, for substantially the same reasons described in the Court's March 2014 Order, the Court will deny Plaintiff's Motion to Reconsider.

### III. MOTION FOR LEAVE TO AMEND

At this stage of the case, the Federal Rules of Civil Procedure only allow Plaintiff to amend his Complaint "with the opposing party's written consent or the court's leave."[6] Rule 15 also explains that "[t]he court should freely give leave when justice so requires."[7] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[8] The Court may refuse to grant leave to amend, however, where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[6] Fed R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[9]

Plaintiff seeks leave to amend his Complaint beyond the scope of the instructions contained in the Court's March 2014 Order, to include a new claim for odometer tampering that names a previously dismissed party, the Ben Howard Trust. Defendant Howard opposes Plaintiff's proposed amendments. Specifically, Defendant Howard argues that Plaintiff has asserted new factual allegations in bad faith concerning the equity share contemplated by the parties' agreement, and that Plaintiff's additional claim for odometer tampering is futile.

A.  ALLEGATIONS OF EQUITY SHARES

Defendant Howard argues that Plaintiff should not be permitted to allege new facts concerning the equity share contemplated by the parties' agreement because Plaintiff is using Rule 15 to make his Complaint a moving target by modifying his allegations to avoid dismissal.

Allegations describing Plaintiff's understanding of the equity share under the parties' agreement does not alter the Complaint to make it a moving target. These allegations help to clarify allegations already contained in Plaintiff's claim, and appear to be an attempt by Plaintiff to remedy a deficiency identified in the Court's prior Order. The Court finds that Plaintiff has not alleged new facts concerning the equity share in bad faith and will grant Plaintiff leave to amend the Complaint to include these allegations.

B.  ODOMETER TAMPERING

Plaintiff seeks to add a claim for odometer tampering in violation of 49 U.S.C. §§ 32703, 32710. To state such a claim, Plaintiff must allege that Defendant Howard "disconnected, reset,

---

[9] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer,"[10] and that Plaintiff did so "with inten[t] to defraud."[11] Defendant argues that amendment is futile.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[12] "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ."[13] On a 12(b)(6) motion to dismiss, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."[14] "[C]ourts must consider the complaint in its entirety, . . . [including] documents incorporated into the complaint by reference . . . ."[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[16] But, the Court "will disregard conclusory statements."[17] "We construe a pro se litigant's pleadings liberally."[18] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

---

[10] 49 U.S.C. § 32703(2).

[11] *Id.* § 32710(a); .

[12] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

[13] *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

[14] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[15] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[18] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[19] Nonetheless, "it is not 'the proper function of the district court to assume the role of advocate for the pro se litigant.'"[20] Courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[21]

Defendant Howard argues that it would be futile to permit Plaintiff to assert a claim for odometer tampering because the claim "lacks any factual foundation, is based purely on speculation, and . . . fail[s] to state a claim upon which relief can be granted."[22] The Court disagrees.

Plaintiff does allege factual support for the claim. For example, Plaintiff provides a detailed description of the physical indications of tampering that Plaintiff observed on the motorcycle. Plaintiff also alleges that the mileage does not correlate with the motorcycle's age. Moreover, Plaintiff alleges that Defendant Howard insisted on removing the windshield—which Plaintiff alleges is necessary to reach the odometer cable—before transferring the motorcycle to Plaintiff. Therefore, the Court finds that Plaintiff's proposed amendment states a claim for odometer tampering against Defendant Howard.

---

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Cathey v. Jones*, 505 F. App'x 730, 733 (10th Cir. 2012) (unpublished) (quoting *Hall*, 935 F.2d at 1110).

[21] *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[22] Docket No. 87, at 8.

Plaintiff also seeks leave to assert the odometer tampering claim against the motorcycle's prior owner, the Trust. The Court previously dismissed the Trust from this case because Plaintiff had failed to state a claim relating to the motorcycle. Plaintiff now states a claim relating to tampering with the motorcycle's odometer and further alleges that Defendant Howard was acting as an agent of the Trust when he transferred ownership of the motorcycle. Based upon these allegations, the Court will grant Plaintiff's request to name the Trust when asserting this claim.

The Court notes, however, that Plaintiff's repeated requests to amend his Complaint have created significant delays in this case. Notwithstanding the Court's aforementioned findings, the progress of this suit is concerning.

Undue delay is one of the reasons the Supreme Court has provided as a basis for denying leave to amend. Although "[l]ateness does not of itself justify the denial of the amendment,"[23] "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[24] "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[25]

The Tenth Circuit "focuses primarily on the reasons for the delay."[26] "[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the

---

[23] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[24] *Minter*, 451 F.3d at 1205 (citation and internal quotation marks omitted).

[25] *Id.* (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[26] *Id.*

delay.'"[27] "Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'"[28]

> Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay[ ] raising [an] issue until the eve of trial.[29]

Plaintiff asserts that he did not discover the alleged odometer tampering until December 2013. The Court takes Plaintiff at his word. Nonetheless, Plaintiff's repeated amendments have permitted Plaintiff to slowly refine his claims against Defendant, at Defendant's expense through multiple rounds of motions to dismiss. More than two years have passed since Plaintiff initially filed this suit, and in that time the parties have undergone multiple rounds of amended complaints—the Motion to Amend currently before the Court is Plaintiff's fourth such Motion. Plaintiff has had ample opportunity to notify the Defendant of all of his claims arising from the parties' interactions at issue in this case. Consequently, the Court instructs Plaintiff that future motions to amend will be viewed unfavorably and are unlikely to be granted.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Relief (Docket No. 83) is DENIED. It is further

---

[27] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1987)).

[28] *Frank*, 3 F.3d at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

[29] *Minter*, 451 F.3d at 1206 (alterations in original) (citations and internal quotation marks omitted).

9

ORDERED that Plaintiff's Motion for Leave to Amend (Docket No. 85) is GRANTED.

Plaintiff is directed to file an Amended Complaint in full compliance with this Order and the Court's March 2014 Order by August 1, 2014.

DATED this 16th day of July, 2014.

BY THE COURT:

Ted Stewart
United States District Judge