**EXHIBIT "L" 1 of 2**

Case 1:09-cv-02799-ODE   Document 101   Filed 08/07/12   Page 1 of 12 FILED IN CHAMBERS
U.S.D.C. - Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUG 0 7 2012

James N. Hatten, Clerk
By: _____
Deputy Clerk

PAT HUDDLESTON, II,

        Plaintiff

v.

GRAFTON ENTERPRISES MIDWAY
LLC, BENJAMIN HOWARD, and
GRAFTON ENTERPRISES, LLC,

        Defendants

CIVIL ACTION NO.
1:09-CV-2799-ODE

ORDER

This breach of contract case is before the Court on Defendant Benjamin Howard's ("Howard's") Renewed Motion for Summary Judgment [Doc. 95], to which Plaintiff Pat Huddleston II ("Huddleston") has responded in opposition [Doc. 99] and Howard has replied in support [Doc. 100].

For the reasons discussed below, Howard's Renewed Motion for Summary Judgment [Doc. 95] is DENIED.

I.   Case History

As detailed in the Court's February 17, 2011 and June 28, 2009 orders [Docs. 89, 62], this case is an ancillary proceeding to Civil Action No. 1:08-CV-0011-ODE, in which the United States Securities and Exchange Commission ("SEC") filed suit against James A. Jeffrey ("Jeffrey"), Thomas E. Repke ("Repke"), and several entities known in this case as the "Coadum Defendants" (including Mansell Capital Partners III, LLC ("Mansell")). The SEC alleged that the Coadum Defendants, which Jeffrey and Repke controlled and directed, operated a massive Ponzi scheme that

# EXHIBIT "L" 2 of 2

defrauded investors out of approximately $30 million. On January 3, 2008, the Court issued a temporary restraining order in Civil Action No. 1:08-CV-0011-ODE, in which it appointed Plaintiff Huddleston as Receiver for the estates of the Coadum Defendants.

Huddleston, as Receiver, brought this action to hold Defendants Howard, Grafton Enterprises Midway LLC ("Grafton Midway"),[1] and Grafton Enterprises, LLC ("Grafton") liable for events that occurred prior to the establishment of the Receivership. In or around May 2007, Mansell — one of the Coadum Defendants — sought to acquire a parcel of real property located in Midway, Utah (the "Property"), owned at that time by Harbor Capital Partners ("Harbor") [Doc. 51-7]. Mansell decided to use Grafton as a straw buyer to conceal from Harbor its involvement in the transaction: Grafton would purchase the Property from Harbor on Mansell's behalf and would then transfer the Property to Mansell [Id.]. At that time, it is undisputed that Howard at least served as a manager for Grafton [Doc. 95-2 at 5; Doc. 99-1 at 3]. Mansell agreed in a signed contract to pay Grafton $25,000 regardless of whether the transaction was successful, as well as an additional $175,000 in commission if Grafton successfully bought and transferred the property to Mansell [Doc. 51-7].

---

[1]Although the existence of Grafton Midway is not in dispute, it is not clear that the company was involved in the events that formed the basis for this civil action. Grafton Midway is represented by the same counsel retained by Howard, but has filed no pleadings in this case since the April 21, 2010 answer, filed by Grafton Midway and Howard, to Huddleston's complaint [Doc. 25]. Further, Huddleston's first and second amended complaints do not specifically allege that Grafton Midway was involved in the events for which Huddleston seeks damages.

2