Steven C. Tycksen, #3300
 steve@tyshlaw.com
TYCKSEN & SHATTUCK, L.L.C.
12401 South 450 East, Suite E-1
Draper, Utah  84020
Telephone:  (801) 748-4081
Facsimile:  (801) 748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>        Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah entity;<br>and NATIONWIDE AFFORDABLE<br>HOUSNG, a Texas corporation,<br><br>        Defendants. | **NOTICE OF MOTION TO CONSOLIDATE**<br><br><br>Judge Ted Stewart<br>Magistrate: Dustin B. Pead<br>Case No.: 2:13-cv-00591-TS-DBP |

      **COMES NOW** Defendants Benjamin Snow Howard; Lifeline Media LLC; by and through counsel, and hereby notifies the Court and parties pursuant to FRCP 42(a) and Local Rule 42-1 that a Motion to Consolidate has been filed in. Case No. 1:13-cv-00131-RJS, *Gerren Ard v. Benjamin Snow Howard; Lifeline Media, LLC*, currently assigned to Judge Shelby. The Motion seeks to consolidate this case (Case No.: 2:13-cv-00591-TS-DBP) with the lower numbered Case No. 1:13-cv-00131-RJS. A copy of the Motion and Proposed Order are attached

hereto as Exhibits A and B. Any objections should be filed in Case No. 1:13-cv-00131-RJS (*Gerren Ard v. Benjamin Snow Howard et al.*).

DATED and electronically signed this 9th day of January, 2015.

/s/ Steven C. Tycksen
Steven C. Tycksen
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following persons by the following means:

| | |
|---|---|
| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | **U.S. Mail** |
| Gerren Ard<br>2134 E. Granito Vista<br>Tucson, AZ 85713 | **US. Mail** |

On this 9th day of January, 2015.

                         <u>/s/ Alicia Riggs</u>

# EXHIBIT A

Steven C. Tycksen, #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, L.L.C.
12401 South 450 East, Suite E-1
Draper, Utah 84020
Telephone: (801) 748-4081
Facsimile: (801) 748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GERREN ARD,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Texas entity<br><br>Defendants. | **MOTION TO CONSOLIDATE**<br><br>Judge Robert J. Shelby<br><br>Case No.: 1:13-cv-00131-RJS |

**COMES NOW** Defendants Benjamin Snow Howard; Lifeline Media LLC; by and through counsel, and pursuant to FRCP 42(a), move this Court to consolidate this case with, and merge into Case No.: 2:13-cv-00591-TS-DBP, *James Arnett v. Benjamin Snow Howard et al.* currently assigned to Judge Ted Stewart and Magistrate Dustin B. Pead for the following reasons:

1. Pursuant to F.R.C.P. 42(a), "If actions before the court involve a common question of law or fact, the court may… consolidate the actions…"

2. Local Rule 42-1 states, "Any party may file a motion and proposed order to consolidate two or more cases for hearing by a single judge if the party believes that such cases or matters

   (i) arise from substantially the same transaction or event;

   (ii) involve substantially the same parties or property;

   (iii) involve the same patent, trademark, or copyright;

   (iv) call for determination of substantially the same questions of law; or

   (v) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

   The motion shall be filed in the lower-numbered case, and a notice of the motion shall be filed in all other cases which are sought to be consolidated. The motion shall be decided by the judge assigned the lower-numbered case. If the motion is granted, the case will be consolidated into the case with the lowest number."

3. The objective of the rule is " to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9 C. Wright & A. Miller, Fed. Practice & Procedure § 2381, at 427 (1995).

4. "Rule 42(a) allows a district judge to order consolidation of cases, so long as those cases are " pending" before the court. "*Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)(Citing 9 C. Wright & A. Miller, Fed. Practice & Procedure § 2382, 427-28.)

5. The cases above are both currently pending before the United States District Court for the District of Utah.

6. The case with the lowest number is Case No. 1:13-cv-00131-RJS, *Gerren Ard v. Benjamin Snow Howard; Lifeline Media, LLC*, currently assigned to Judge Shelby.

7. The cases in question each arise out of the same factual circumstances.

8. Mr. Ard's Complaint itself alleges and admits that Arnett v. Howard is a "materially related case" which he "intends to join." See Ard Complaint Pg.1 Lines 12-164 attached as Exhibit A.

9. Both cases arise out of the same factual circumstances surrounding work Mr. Ard and Mr. Arnett allegedly completed for Defendant's project "Overcoming Life's Trauma" for which they claim they were not adequately compensated.

10. The factual allegations in both complaints (Mr. Ard's Complaint is attached as Exhibit A and Mr. Arnett's Complaint is attached as Exhibit B) are similar and involve the work each of them claimed to have done for the Defendant, their understanding as to the agreement for compensation, and Defendant's alleged breach.

11. Although Mr. Ard's claimed work involved graphic design and Mr. Arnett's claimed work involved production, the project under dispute was the same and both parties claim similar factual circumstances.

12. The main point of dispute with the Defendant outlined in both Mr. Ard's and Mr. Arnett's cases is that they each alleged that they both were entitled to equity in the project "Overcoming Life's Trauma" based on an agreement they claim they made with the

Defendant.

13. The Defendant's responses to Mr. Ard and Mr. Arnett's description of the factual circumstances surrounding their alleged work on "Overcoming Life's Traumas" and right to equity are the same and will be disputed in the same manner in each case.

14. The two suits involve substantially the same parties, namely: Mr. Howard, Lifeline Media LLC, Mr. Ard. and Mr. Arnett.

15. The legal causes of action are similar in both Mr. Ard's and Mr. Arnett's complaints including: breach of contract and fraud. Although the fraud claim has been dismissed in Mr. Arnett's action, and Mr. Arnett has also alleged unjust enrichment[1], copyright infringement, and odometer tampering[2], these causes of action are related to the same factual circumstances and can easily be resolved in a consolidated case.

16. Judicial convenience and economy will be promoted by consolidation of the actions. Consolidation will result in one trial, which will bind all plaintiffs and defendants. This will save time and avoid unnecessary costs to the parties in both actions, witnesses who would otherwise be required to testify in two cases, and this Court. Currently there are two magistrates and two judges involved in the two matters. This is a waste of precious judicial resources. Consolidation will decrease the number of and time expended from Court staff, judges, and magistrates

---

[1] Mr. Ard's Amended Complaint also includes unjust enrichment but was lodged by the Court, has not been properly requested or filed with the Court, and was due by 1/31/14

[2] Odometer Tampering to a motorcycle claimed to have been given to Arnett by Defendant

necessary to resolve the two cases and decrease the court resources expended on two trials.

17. Consolidation will not delay the final disposition of this matter. The two cases are in the same procedural position, a status conference/pre-trial conference has been held, deadlines set, and the trial dates have been set. Mr. Ard's trial has been set for 8/24/2015 and Mr. Arnett's trial has been set for 11/2/2015. These trial dates are so close together that it would not be a substantial burden to either party for a consolidated trial to be held. It may be necessary to adjust the deadlines to match more closely the deadlines in Mr. Arnett's case so as not to cut short his discovery period, but this would be a small adjustment which would greatly conserve judicial economy in the long run.

18. A Notice of Motion for Consolidation will be filed conjunctively with this Motion in Case No. 1:13-cv-00131-RJS and the Notice and Motion will be mailed to all parties.

**WHEREFORE**, the Defendants request that their motion for consolidation be granted.

DATED and electronically signed this 9th day of January, 2015.

/s/ Steven C. Tycksen
Steven C. Tycksen
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following persons by the following means:

| | |
|---|---|
| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | U.S. Mail |
| Gerren Ard<br>2134 E. Granito Vista<br>Tucson, AZ 85713 | US. Mail |

On this 9th day of January, 2015.

_/s/ Alicia Riggs_

# EXHIBIT B

Steven C. Tycksen, #3300
steve@tyshlaw.com
TYCKSEN & SHATTUCK, L.L.C.
12401 South 450 East, Suite E-1
Draper, Utah 84020
Telephone: (801) 748-4081
Facsimile: (801) 748-4087

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GERREN ARD,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Texas entity<br><br>Defendants. | **[PROPOSED] ORDER GRANTING MOTION TO CONSOLIDATE**<br><br>Judge Robert J. Shelby<br><br>Case No.: 1:13-cv-00131-RJS |

Having received and reviewed Defendant's Motion to Consolidate and for good cause therein appearing

**IT IS ORDERED AS FOLLOWS:**

1. The Arnett Lawsuit (2:13-cv-00591-TS-DBP) is consolidated into the Ard Lawsuit (Case No. 1:13-cv-00131-RJS).

Page 1 of 3

2. All future filings in each and either of those cases shall be made in the Arnett Lawsuit, under Case No. 1:13-cv-00131-RJS.

3. Gerren Ard will be classified as the Plaintiff.

4. Benjamin Snow Howard and Lifeline Media LLC will be classified as Defendants and Cross- Defendants.

5. Nationwide Affordable housing will be classified as a Cross-Defendant.

6. James Arnett will be classified as a Cross-claimant.

DATED this _____ day of _____, 2015

BY THE COURT

_____

The Honorable Ted Stewart

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following persons by the following means:

| | |
|---|---|
| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742 | U.S. Mail |
| Gerren Ard<br>2134 E. Granito Vista<br>Tucson, AZ 85713 | US. Mail |

On this 9th day of January, 2015.

/s/ Alicia Riggs