FILED
U.S. DISTRICT COURT
2015 JAN 23  A 11: 36
DISTRICT OF UTAH
DEPUTY CLERK

James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona  85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>  Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>  Defendants. | **NOTICE**<br><br>Presiding Judge Ted Stewart<br><br>Case 2:13-CV-00591-TS-DBP |

For the Record, Plaintiff James Arnett has NOT agreed with Defendants to Consolidate his case with case number 1:13-CV-00131-RJS, (*Gerren Ard v. Benjamin Snow Howard and Lifeline Media, LLC., Defendants*), in reference to Defendants' Notice of Motion to Consolidate (Doc. 101).

Whereas, Defendants have directed Plaintiff to file his objections in Plaintiff Ard's case (1:13-CV-00131), Plaintiff Arnett is not a party in that case. Further, Counsel for Defendants did not provide any rule of procedure, nor have they established the authority by which they may direct Plaintiff to act as a filing party in any other case. Plaintiff has further objections for the Record, stated herein.

## FACTUAL BACKGROUND

1.  On 1 February 2013, Plaintiff Arnett Motioned to Consolidate (2:13-CV-00591 Doc. 39) with Plaintiff Ard's case (1:13-CV-00131).

2.  On 19 February 2013, Defendants <u>argued against</u> Consolidation (2:13-CV-00591 Doc. 42) with the Ard case (1:13-CV-00131).

3.  On 24 June 2013, the Honorable Judge Bury DENIED Plaintiff's Motion to Consolidate (2:13-CV-00591 Doc. 49), settling the issue.

4.  On 9 September 2013, Plaintiff Ard also proposed to Consolidate with the Arnett case (1:13-CV-00131 Doc. 13).

5.  On 10 September 2013, Defendants <u>rejected</u> Consolidation (1:13-CV-00131 Doc. 14), however, Plaintiff Ard's case was transferred to the District of Utah, deferring the issue to this Forum.

6.  On 20 December 2013, the Honorable Magistrate Judge Furse Ordered the cut-off date for adding parties on 31 January 2014 in the Ard case (1:13-CV-00131 Doc.30).

7.  On 22 September 2014, the Honorable Magistrate Judge Furse Ordered the cut-off date for adding parties on 5 December 2014 in the Arnett case (2:13-CV-00591 Doc. 89).

8.  On 1 October 2014, Defendants made an Oral Motion to the Honorable Magistrate Judge Wells to Consolidate in the Ard case, who orally DENIED Defendants' Oral Motion Plaintiff Ard's case (1:13-CV-00131 Doc. 49), settling the issue in this Forum.

**9.** On 9 January 2015, Defendants filed a written Motion in the Ard case for this same DENIED Motion to Consolidate (1:13-CV-00131 Doc. 63).

**10.** On 9 January 2015, this same Motion was filed as a Notice in Plaintiff Arnett's case (2:13-CV-00591 Doc. 101), directing Plaintiff's Opposition to the Ard case (1:13-CV-00131).

## OBJECTIONS FOR THE RECORD

Defendants' Motion to affect this case is improper on several major points, it seeks Reconsideration; it breaches the agreed upon and Ordered deadlines for adding parties, which expired about a year ago in the Ard case (and over a month ago in this case); and, it is self-serving to the detriment of Plaintiff James Arnett, by reducing him and his case to a cross-claimant in another case.

By Defendants failing to provide any new facts in either case for either Honorable Court to consider, they have essentially filed a Motion for Reconsideration on an Oral decision already rendered in the District of Utah and in the District of Arizona, over an elapsed time of nearly 2 years and 62 documents in the Arnett case, exactly as Defendants wished to burden Plaintiff Arnett and burden two U.S. Court Districts, to suit their own convenience and advantage at that time.

Now that more advantage appears to Defendants via consolidation, their sudden concern for "judicial economy" after the two years of time, separate filings and expense of two District Courts and both Plaintiffs is completely disingenuous after Defendants made repeated arguments against consolidation, as demonstrated within the Record.

In addition to the Order in the Ard case (1:13-CV-00131 Doc. 30), Defendants agreed to the cut-off date for adding parties, that expired about a year

ago in their Attorney Planning Meeting Report, which they filed themselves (1:13-CV-00131 Doc. 28). Because Plaintiff Ard's case is the "lower numbered" case, Local Rule 42 would require Arnett's case, of greater scope and claims, filed eight months before Plaintiff Ard's case, to be incorporated into that case – as some undefined "cross-claimant" party, as found in Defendants' vague Proposed Order, which should be disregarded. Plaintiff James Arnett objects to diminishing his status as Plaintiff, this late in the proceedings, after making it past document 100 as a Pro Se litigant with his two-day trial already Ordered for 2 November 2015.

Defendants' argument does not satisfy the objective of Local Rule 42-1 " *to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.*" *9 C. Wright & A. Miller, Fed. Practice & Procedure § 2381, at 427 (1995),* because justice to the parties is better served independently, one case at a time, precluding Defendants from the opportunity to obfuscate cross-claims and liabilities, when prosecuted by an inexperienced Pro Se Plaintiff, who is not prepared to litigate around the added complexities of simultaneous cross-claims within another case.

This is a great burden and disadvantage to Plaintiff, that does not provide equal justice – it transforms a simple two-day trial into a complex and awkward procedure that may consume several more days, which may also lay the ground work for Defendants' subsequent appeal on the final ruling of this Honorable Court, when they are ultimately held liable. In both cases, Defendants' Motion is more of a detriment to Federal Rule of Civil Procedure 42(b) that requires separate trials to serve justice cleanly and expediently. Defendants coming this late in the proceedings to overturn Orders creates new issues – when there are none now.

## IMPACT

Whereas, Defendants offer the convenience of all witnesses as good cause, the fact remains that both cases share only <u>one</u> common, non-party witness – the former Mrs. Robin Howard, who is very local to this Honorable Court.

Consolidation does not offer Plaintiff Arnett any cost saving or benefit this far after the fact, it only benefits Defendants strategically to the detriment of Plaintiff. Defendants had no regard for wasting precious judicial resources until it became the foundation of their Hail Mary play strategy in the hope of creating cross-claimant issues to muddy the water at trial.

The Record makes the motivation of Defendants transparent. They fear being held liable in one-on-one trials, and they desperately need the advantage of consolidation at this point to either confound the judgment or position themselves to appeal that judgment and further delay the final disposition of these cases.

The impact on Plaintiff James Arnett is substantially detrimental. Because he is Pro Se, preparation time is essential to a fair chance of prevailing. Reducing that time now, not only impacts his trial preparation negatively but also impacts his professional commitments by advancing trial further into his busy filming season, rather than at the slow holiday season, where it currently stands and should remain – as already Ordered and set forth by this Honorable Court.

## DENIAL

Wherefore, Plaintiff James Arnett respectfully requests that this Honorable Court maintain this Notice in the Record, whereby, he fully denies making any agreement with Defendants' Notice of Motion to Consolidate (Doc. 101 and Doc. 101 exhibit A) and its attached Proposed Order (Doc. 101 exhibit B).

Respectfully submitted this 21st day of January 2015.

_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January 2015, I mailed the preceding NOTICE to the Office of the Clerk of the United States Court for the District of Utah:

>U.S. Court for the District of Utah
>350 South Main Street
>Salt Lake City, Utah  84101

I also hereby certify that I have mailed these identical materials via United States Postal Service, to the following Attorneys for Defendants Howard, et al.:

>TYCKSEN & SHATTUCK, LLC
>Steven Tycksen
>12401 S. 450 E., Suite E-1
>Draper, UT  84020

_____

James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com