James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona  85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

```
                          FILED
                    U.S. DISTRICT COURT

                    2015 FEB -4  A 11: 21

                     DISTRICT OF UTAH

                    BY:_____
                         DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSNG, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>    Defendants. | **MOTION TO QUASH**<br><br>Presiding Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead<br><br>Case 2:13-CV-00591-TS-DBP |

Plaintiff James Arnett herein files his Motion To Quash Defendants' Notice Of Taking Plaintiff's Deposition (Doc. 103).

Whereas, Defendants have filed their Notice of Taking Plaintiff's Deposition (Doc. 103), it is improper for several reasons. Plaintiff objects to its improper timing, its improper basis for questioning, and its less than good faith construct.

## FACTUAL BACKGROUND

1.  The Docket shows that Defendants have *never* filed any Certificate of Service for their alleged "First Set" of Admissions, Interrogatories, and Requests for the Production of Documents, nor has Plaintiff received any part of the same.
2.  On 30 September 2014, Defendants served Plaintiff with their Initial Disclosures (Doc. 99).
3.  On 1 October 2014, Plaintiff served Defendants with his Initial Disclosures (exhibit A).
4.  On 20 November 2014, Defendants sent their "late notice" letter to Plaintiff for the production of documents only (exhibit B).
5.  On 20 November 2014, Plaintiff responded to Defendants' "late notice" letter to Plaintiff (exhibit C).
6.  On 25 November 2014, Plaintiff assembled the complete set of all of his documents related to this case and mailed them to Defendants (exhibit C) and mailed his Certificate of Service (Doc. 100) during the same USPS transaction.
7.  On the deadline for written Discovery, 27 January 2015, Defendants filed their mis-titled "Second Set" of requests for the production of documents (Doc. 104), which was actually their *first* and only set to Plaintiff; Defendants still having failed to file any Admissions or Interrogatories to Plaintiff whatsoever.
8.  On the deadline for written Discovery, 27 January 2015, Defendants filed their Notice of taking Plaintiff's Deposition (Doc. 103).
9.  On 29 January 2015, Defendants received Plaintiff's first set of Admissions, Interrogatories and Production of Document Requests via Priority Mail (exhibit H), USPS Tracking Number: 9505 5111 2857 5027 3532 11.

# ARGUMENT

Whereas, Defendants have unilaterally scheduled their Deposition for 18 February 2015, they have provided Plaintiff with an insufficient number of days notice for Plaintiff to make arrangements to travel from Tucson, Arizona to Draper, Utah to appear.

Defendants omitted any courtesy of conferring with Plaintiff as to the practical execution of Plaintiff appearing for, what amounts to, Defendants' emergency deposition of Plaintiff – when no actual emergency exists to show as good cause for such irregular timing. Defendants have denied Plaintiff fair notice by scheduling their Deposition in mere days without any regard for the convenience of all parties, making a practical nuisance of themselves.

Now, it is a matter of fact in the Record that Defendants have failed to file their Admissions and Interrogatories to Plaintiff during Written Discovery. The deadline for Written Discovery has already passed on 27 January 2015 – the same day Defendants filed their Notice of Taking Plaintiff's Deposition (Doc. 103).

An oversight on the Defendants' part does not constitute an emergency on the Plaintiff's part. If Defendants suddenly need a deposition from Plaintiff to make up for their failure, it should not be made by immediately burdening the Plaintiff for answers they could have already received through a good faith attempt by written discovery.

The deadline for Depositions was set to 31 May 2015 (Doc. 98 part 5.b.), providing Defendants with ample time to conduct a proper deposition. By their unreasonable timing, Defendants are attempting to prevent this Honorable Court from hearing any objections from Plaintiff, which is also highly irregular.

Further, Defendants have timed said Deposition *before* they are required to respond to Plaintiff's Admissions and Interrogatories, which he filed on 27 January 2015. Defendants have not yet provided Plaintiff with the factual basis for all 21 of their affirmative defenses, contained within their Answer (Doc. 92) to Plaintiff's Complaint (Doc. 91). The demand for which, is contained within Plaintiff's Interrogatories to Defendants. Therefore, Plaintiff has no basis from which to determine the relevance and materiality of any of Defendants' questions during this deposition. Defendants' deposition essentially becomes a fishing expedition for more than one case, rather than a legitimate deposition, limited to this one case.

Defendants are also being sued in another civil case within the District of Utah, case 1:13-CV-00131, *Gerren Ard v. Benjamin Snow Howard, et al.*, for which, Plaintiff Arnett is a key witness. Defendants have failed to depose him in that case, and the deadline for depositions in that case closed and passed last year.

Considering that Defendants have filed a pending Motion to Consolidate this case into that same Ard case, it would be very convenient for Defendants to effect an illegitimate deposition in the Ard case on a witness, long after the deadline has passed – manufacturing for themselves an improper second bite at the apple.

Without Defendants' response to Plaintiff's Interrogatories, Plaintiff has no means of determining whether Defendants' deposition questions are material to his specific case or an attempt to gain an improper deposition for use in the Ard case, on an independent or consolidated basis.

Defendants' timing creates all of these issues for this Honorable Court and for Plaintiff, which are completely unnecessary – all for the sake of Defendants' failure to perform their Written Discovery to Plaintiff by the Ordered deadline.

Defendants had ample opportunity to request Admissions and Interrogatories from Plaintiff but established that they had no questions. Yet on the deadline day, Defendants became conflicted with the sudden need for questions by deposition. It appears that Defendants are in a situation of going to trial without the unusually high number of 50 Admissions and 50 Interrogatories generously made available to them by the Scheduling Order (Doc. 98), double the usual 25, given by the Rules.

Additionally, Defendants' "Second Set", their only actual set, of Requests for Production of Documents, amounted to only six line item requests, served on the deadline date. These seem hastily assembled and insufficient for the totality of their Written Discovery, necessary for defending against four claims at trial.

Nevertheless, Defendants have demanded the immediate deposition of the Plaintiff – not for the full seven hours allowed to them in the same Scheduling Order (Doc. 98 part 2. a.-f.), but for a mere three and a half hours, from 1:00PM to 4:30PM, to make up for their lack of any Admissions or Interrogatories at trial. A brief deposition in an afternoon does not appear to be an earnest effort to make up for a lack of adequate written discovery with which to go to trial.

Defendants' Initial Disclosures have also failed to itemize a single piece of tangible evidence. Defendants do not appear to be earnestly preparing for trial. It is apparent that Defendants have not professed any factual defense yet – and are merely making a procedural nuisance of themselves to this Honorable Court, designed to over burden Plaintiff's resources, in an effort to force him to relent.

This is the apparent nature of Defendants' emergency timing. Plaintiff should not be burdened by Defendants' mischief in Discovery. It also appears that Defendants have recently *destroyed* a major and key piece of evidence in this case.

## DESTRUCTION OF EVIDENCE

In Plaintiff's Last Amended Complaint, the Motion Picture in prima facie (Doc. 91 ¶32 and exhibit Q), "Overcoming Life's Trauma", publicly exhibited online by Defendants since 8 December 2011, was recently destroyed from its location on Vimeo.com, at:   www.vimeo.com/33328737   (exhibit D).

This key piece of evidence is foundational to the Breach of Contract and Unjust Enrichment claims in this law suit. Defendant Howard is the authorized manager of his password protected, online Vimeo account. Defendant Howard's main Vimeo account page (exhibit E), still maintains two related videos (exhibit F & exhibit G), which have not been completely destroyed at the time of this filing, which may still be found at:   www.vimeo.com/benshoward   (exhibit E).

Whether Defendant Howard was directed by his Counsel to destroy this key piece of evidence, or it was a unilateral act by Defendant Howard is unknown to Plaintiff. Because the Vimeo service is a *free* online service, Defendants' account items were not canceled by any failure to pay a subscription fee – they deliberately destroyed the Motion Picture from its public exhibition location on the Internet, without any good faith notice to this Honorable Court whatsoever. Paying sanctions may be less costly than paying a judgment against two large claims.

## BAD FAITH

Regardless of Defendants' specific motivations, destroying key evidence demonstrates bad faith on the part of Defendants, which removes any remaining benefit of the doubt extended toward them. This puts Defendants' Notice of Taking Plaintiff's Deposition (Doc. 103) into another light all together – *harassment*. This half-baked deposition is designed to be a fishing expedition and a difficult burden forced upon Plaintiff on unreasonably short notice, as a construct of bad faith.

## CONCLUSION

Wherefore, Plaintiff James Arnett respectfully requests that this Honorable Court Quash Defendants' Notice of Taking Plaintiff's Deposition (Doc. 103) for the reasons stated herein and documented in the attached exhibits.

Respectfully submitted this ____ day of February 2015.


_____
James Arnett, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona 85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

# EXHIBIT "A"

Arnett vs. Howard: Initial Disclosures     Inbox x

**James Arnett** <jamesarnettaz@gmail.com>     10/1/14
to steve

Hi Steve,

As agreed in the Attorneys Planning Meeting Report, we were going to mutually accept email as service. Please find the attached document containing my initial disclosures.

Sorry for the late night email but I'm working the day shift and the night shift and sometimes the graveyard shift so my hours are all over the place until finished on a project.

[disclosures.pdf]

**Steven Tycksen** <steve@tyshlaw.com>     10/2/14 
to me

James,

Thank you for the disclosures.

I have been trying to reach you on the phone for two weeks without success. If you want to consolidate the cases you will need to convince Gerren to go along with it. I spoke with him yesterday and he got suspicious and seemed to oppose the idea just because I suggested it. I think there are benefits to consolidation for all of us now but it will likely take an agreement of all parties to get the Court to order it. Will you talk to him please. We will have a mediation in a few weeks in his case and if we want to include your issues we will have to hurry and address consolidation now with the court. Call me if you want to discuss this further.

Steve

> <disclosures.pdf>

# EXHIBIT "B"

# TYCKSEN & SHATTUCK, L. C.
## ATTORNEYS AT LAW

STEVEN C. TYCKSEN  
SPENCER K. RICKS

CHAD C SHATTUCK  
HILLARY PAVIA

12401 South 450 East, Suite E-1, Draper, Utah 84020  
Telephone: 801-748-4081, Facsimile: 801-748-4087

November 20, 2014

SENT VIA U.S. MAIL AND E-MAIL (jamesarnettaz@gmail.com)

James Arnett  
9288 N. Monmouth Court  
Tucson, Arizona 85742

Re: Arnett v. Howard  
    Rule 37 Meet and Confer

Dear Mr. Arnett:

    On October 10, 2014 I served you with a Set of Requests for Production of Documents. You had 28 days from that time to respond to my Requests. To date I have not received any documentation from you and your responses are late.

    Pursuant to Rule 37 I am hereby requesting that you produce responses within ten (10) days from the date of this letter to avoid my filing of a Motion to Compel.

    If you have any questions, please feel free to contact me.

Sincerely yours,

TYCKSEN & SHATTUCK, L.C.

Steven C. Tycksen  
Attorney at Law

SCT:jt

**Ltr 112014-Arnett.PDF**

# EXHIBIT "C"

**Letter from Steve Tycksen** — Inbox

**Alicia Riggs** <alicia@tyshlaw.com> — 11/20/14
to me

Dear Mr. Arnett:

Please see the attached letter from Steve Tycksen. If you have any questions please feel free to contact our office.

Sincerely,

Alicia A. Riggs
Receptionist
TYCKSEN & SHATTUCK LLC.
12401 S. 450 E. Ste. E1
Draper, UT 84020
Office 801-748-4081
Fax 801-748-4087

📎 Ltr 112014-Arnett....

---

**James Arnett** <jamesarnettaz@gmail.com> — 11/20/14
to Alicia

My apologies to Steve, I'm in the last phase of a job that's paying December's bills. Those documents will be forthcoming.

Best regards,

James

Sent from my iPhone

> <Ltr 112014-Arnett.pdf>

---

**James Arnett** <jamesarnettaz@gmail.com> — 11/25/14
to Alicia

Please advise Steve that my production of documents are going out in the mail today.

Thank you,

James Arnett

Sent from my iPhone

On Nov 20, 2014, at 3:32 PM, Alicia Riggs <alicia@tyshlaw.com> wrote:

> <Ltr 112014-Arnett.pdf>

---

Click here to Reply or Forward


**EXHIBIT "D"**





**Sorry, there is no video here.**

Either it was deleted or it never existed in the first place. Such are the mysteries of the Internet.



**EXHIBIT "E"**





## Ben Howard

Joined 3 years ago

 2          



**Untitled**
from Ben Howard
3 years ago



**Welcome**
from Ben Howard
3 years ago



# EXHIBIT "F"



**EXHIBIT "G"**



# EXHIBIT "H"



 

Add a tracking number



9505511128575027353211

**Delivered:**
DRAPER, UT 84020 on
January 29, 2015 at 11:45 am

**Updated Delivery Day:**
**On Time:** Thursday, January 29, 2015

 UPDATED 2/1/2015 5:19 AM MST

