Steven C. Tycksen, #3300
   steve@tyshlaw.com
TYCKSEN & SHATTUCK, L.L.C.
12401 South 450 East, Suite E-1
Draper, Utah  84020
Telephone:  (801) 748-4081
Facsimile:  (801) 748-4087

Attorneys for Defendants

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>         Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah entity;<br>and NATIONWIDE AFFORDABLE<br>HOUSNG, a Texas corporation,<br><br>         Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH**<br><br>Judge Ted Stewart<br>Magistrate: Dustin B. Pead<br>Case No.: 2:13-cv-00591-TS-DBP |

Defendants oppose Plaintiff's Motion to Quash his Deposition and Defendants also request that the Court issue an Order compelling Plaintiff to attend his own deposition in accordance with the notice Defendants sent to him.

## BACKGROUND

1. Plaintiff filed this action in Arizona Federal District Court in April 2012.  (Filing No. 1, CM/ECF).

2. The Arizona court decided that Utah was the appropriate venue for this case, and therefore transferred the matter to this Court in June 2013. (Filing No. 50, CM/ECF).

3. On September 22, 2014 the Court entered the Scheduling Order for this case. The Scheduling Order provides that each side may conduct five depositions each, at a maximum of seven hours each. (Filing No. 98, CM/ECF).

4. The last day to serve written discovery was January 27, 2014, that same day, Defendants served their Notice of Taking Plaintiff's Deposition—notifying him that he is required to attend his own deposition at the office of Tycksen & Shattuck in Draper, Utah on February 18, 2015 at 1:00 pm. (Filing No. 103, CM/ECF).

5. The close of fact discovery is February 27, 2015. (Filing No. 98, CM/ECF).

6. On February 4, 2015 Plaintiff filed a Motion to Quash.

7. On February 4, 2015, an associate at Tycksen & Shattuck spoke with James Arnett to discuss moving the deposition date to a better time for him so as to avoid litigating the Motion to Quash. Associate further explained that the closing of discovery was February 27, 2014 and depositions needed to be conducted before

that date, not May 31, 2015 as he stated in his Motion to Quash. James Arnett

seemed agreeable but said that he would need to check with his boss for an

appropriate time.

8.  On February 5, 2014, the associate called James Arnett and left a voicemail asking

if he had spoken with his director and if they could coordinate a deposition date so

as to avoid litigating the Motion to Quash.

9.  On February 6, 2015, the associate sent an email to James Arnett again requesting

acceptable dates for the deposition so that he would withdraw his Motion to

Quash. (See Exhibit A).

10.  On February 6, 2014, the Defendant responded to the email and declined to settle

the discovery dispute. (See Exhibit B).

## ARGUMENT

The Court should enter an Order compelling Plaintiff to attend his own Deposition

in Utah in accordance with the Notice sent to him by Defendants.

Although Plaintiff is proceeding *pro se*, he must submit to his own deposition in

the forum in which his case is proceeding. Although Plaintiff attempted to start the case

in Arizona, he is now maintaining this case here in Utah. As such, Plaintiff has

voluntarily submitted himself to the jurisdiction of this state and this Court, and he should

be required to be deposed here.

The amount of Notice given was adequate. The Defendants are willing to adjust the date to better suit the Plaintiff's schedule, if necessary, but the close of discovery is February 27, 2015.

The Plaintiff seems to believe that conducting the deposition is some kind of "half-baked…fishing expedition." This claim is false. The Defendants are entitled to conduct any discovery that they believe will be beneficial for trial and have determined that a deposition is now necessary. The Notice was filed within the time prescribed by the scheduling order and is valid. It is not an attempt to trick or harm Mr. Arnett, as he seems to believe, it is just routine discovery that he is required to submit to.

There has been no bad faith committed in seeking a deposition. Although the timing may be shorter than Defendant would like, it is appropriate. The Defendant is not required to submit written requests for discovery prior to a deposition, nor are they required to respond to any submitted requests prior to a deposition occurring.

Finally, it is unclear what kind of relief the Plaintiff is seeking in his claim that evidence has been destroyed. The Plaintiff already has a copy of the video as he has already posted it online himself. If he requires another copy, that can be provided. If the video was, in fact removed, the Defendant is not required to maintain the video's presence online and removing it does not constitute the destruction of evidence. If

Plaintiff seeks to have some kind of relief for this claim, Defendant can respond with further factual information and legal argumentation once a motion is filed.

For these reasons, this Court should compel Plaintiff to attend his deposition in Draper, Utah on February 18, 2015 as Defendants have requested.

**DATED & ELECTRONICALLY SIGNED this 6th day of February, 2015.**

> **TYCKSEN & SHATTUCK, L.C.**
>
> **/s/ Steven C. Tycksen _____**
>
> **Attorney for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2015, the foregoing document was served upon the

following individuals by the following means.

| James Arnett<br>9288 N. Monmouth Court<br>Tucson, AZ 85742<br>Jamesarnettaz@gmail.com | **U.S. Mail (Postage Prepaid)**<br>**Email** |
|---|---|

*/s/ Hillary Pavia*

# Exhibit A



---

## Deposition

---

**Hillary Pavia** <hillary@tyshlaw.com>                                      Fri, Feb 6, 2015 at 9:04 AM
To: jamesarnettaz@gmail.com

Hi James,

Were you able to talk to your director about the deposition? We are absolutely willing to work with you on a date but technically the discovery deadline is at the end of February. If we can come to an agreement on a date we may be able to go slightly outside of that month as long as it does not affect the other deadlines.

If we can come to an agreement about the date quickly and you withdraw your motion to quash it will save us both a lot of time and argument.

Please let me know if you are unwilling to cooperate as soon as possible so that I can respond to your Motion to Quash.

If you can give me a range of dates or several dates that would be best so that I can ensure that Steve has room on his calendar.

Thanks for your assistance. I look forward to working with you.

--
**Hillary Pavia**
Attorney at Law
TYCKSEN & SHATTUCK, L.C.
12401 South 450 East, Suite E-1
Draper, Utah 84020
Telephone: (801) 748-4081
Fax: (801) 748-4087

# Exhibit B

**Gmail** by Google

Hillary Campbell <hillary@tyshlaw.com>

---

**Deposition**

---

**James Arnett** <jamesarnettaz@gmail.com>                Fri, Feb 6, 2015 at 12:41 PM
To: Hillary Pavia <hillary@tyshlaw.com>

Hi Hillary,


I'm going to have to decline your very kind offer at this time.


Best regards,


James Arnett

Sent from my iPhone
[Quoted text hidden]