IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JAMES ARNETT,<br><br>           Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA LLC, a Utah entity; NATIONWIDE AFFORDABLE HOUSING, a Texas corporation; and the BEN HOWARD TRUST, an Idaho trust,<br><br>           Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:13-cv-00591-TS<br><br>United States District Court<br>Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead |

This matter comes before the Court pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Ted Stewart (doc. 61). Currently pending before the Court is Plaintiff James Arnett's (Plaintiff) "Motion To Quash " his deposition scheduled for February 18, 2015, in Salt Lake City, Utah (doc. 105).

### PENDING MOTION

On February 4, 2015, Plaintiff filed his motion to quash asserting that Defendants have provided him with "an insufficient number of days notice. . . to make arrangements to travel from Tucson, Arizona to Draper, Utah" (doc. 105, p.3). Additionally, Plaintiff asserts that the timing of his deposition is "highly irregular" given that the Defendants have not yet filed responses to Plaintiff's Admissions and Interrogatories. *Id.* In response, Defendants contend that they are entitled to conduct Plaintiff's deposition in Utah and are not required to respond to any requests prior thereto (doc. 106).

Given the rapidly approaching deposition and fact discovery dates, the Court now rules as follows and denies Plaintiff's motion.[1]

## ANALYSIS

As an initial matter, there is no requirement that Defendants submit or respond to written requests for discovery prior to a deposition. Further, it is the examining party that determines the location of a deposition, subject to the court's power to designate a different location through a protective order pursuant to Fed. R. Civ. P. 26(c)(2). *See Riley v. Murdock,* 156 F.R.D. 130, 132 (E.D.N.C. 1994) (finding that the party noticing the deposition has the right to choose the location of the deposition). Thus, when the party deposed is the plaintiff, a deposition is appropriate in the district where the suit was brought since it is "plaintiff [who] has selected the forum and should not be heard to complain about having to appear there for a deposition." *Koengeter v. Western Wats Ctr., Inc.,* 2010 U.S. Dist. LEXIS 102031, *3 (D. Utah 2010) (citing *Gipson v. Southwestern Bell Tel. Co.,* 2008 U.S. Dist. LEXIS 77481, *15 (D. Kan. October 1, 2008) ; *see also, Shockey v. Huhtamaki, Inc.,* 280 F.R.D. 598, 600 (D. Kan 2012); *Clem v. Allied Van Lines Int'l. Corp.,* 102 F.R.D. 938, 939 (S.D.N.Y. 1984); *W.H. Brady Co. v. Dorman-Bogdonoff Corp.,* 36 Fed. R. Serv. 2d 307 (D. Mass. 1982).[2]

---

[1] The Court recognizes that this ruling is issued without the benefit of Plaintiff's reply memorandum. The relevant legal issues and arguments, however, are fully before the court and have been appropriately addressed in the parties' respective briefing (doc. 105, doc 106). Moreover, given the approaching deposition date, the Court finds it in the best interest of all parties to issue a ruling quickly so as to facilitate necessary travel accommodations.

[2] Here, the Court notes that Plaintiff did not choose to file his action in Utah and instead filed his original complaint the Arizona Federal District Court (4:12-cv-00311–TUC-DTF). However, thereafter, on June 25, 2013, the Arizona Court determined that Utah, not Arizona, was the appropriate venue for Plaintiff's action and, as a result, transferred the lawsuit to this court (doc. 50). Thus, while Plaintiff did not choose to file his action here, this court is the appropriate

Upon review, the court concludes that Plaintiff's motion to quash should be denied and that Plaintiff is required to personally appear in Utah for his properly noticed deposition. While the court is not unsympathetic to Plaintiff's circumstances, Plaintiff should assume that his deposition will be conducted in the district in which his lawsuit is maintained. Moreover, while rule 26 requires that the court protect parties from "undue burden or expense," the court finds that although travel to Utah may be difficult and costly for Plaintiff, it is not unduly so. Fed. R. Civ. P. 26(c)(1). Plaintiff is moving forward with his suit in the District of Utah and should therefore anticipate that his presence in the forum state would be required.

## ORDER

For the reasons now stated herein, Plaintiff's Motion To Quash is hereby DENIED (doc. 106). Plaintiff is ORDERED to appear at his properly noticed deposition in Salt Lake City, Utah, on February 18, 2015.

In the interest of time, in addition to sending a copy of this Order to Plaintiff via U.S. mail, the Clerk's Office is also instructed to email a copy directly to Plaintiff at: jamesarnettaz@gmail.com.

Dated this 12th day of February, 2015

_____
Dustin Pead
U.S. Magistrate Judge

---

forum for his claims and Plaintiff continues to maintain and move forward with his case in the state of Utah.