FILED
U.S. DISTRICT COURT

2015 FEB 12  A 11: 03

DISTRICT OF UTAH

BY:_____
      DEPUTY CLERK

James Arnett
Plaintiff, In Propria Persona (I.F.P.)
9288 N. Monmouth Court
Tucson, Arizona  85742
Telephone: (520)304-0129
Email: jamesarnettaz@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ARNETT,<br><br>          Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD;<br>LIFELINE MEDIA LLC, a Utah<br>entity; NATIONWIDE AFFORDABLE<br>HOUSNG, a Texas corporation; and the<br>BEN HOWARD TRUST, an Idaho<br>trust,<br><br>          Defendants. | **REPLY TO DEFENDANTS'**<br>**MEMORANDUM IN OPPOSITION**<br><br>Presiding Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead<br><br>Case 2:13-CV-00591-TS-DBP |

Plaintiff James Arnett herein replies to Defendants' Memorandum In Opposition (Doc. 106).

## BACKGROUND

1.      On or about 8 December 2011, Defendant Howard uploaded Plaintiff's Motion Picture [Doc. 36. exhibit DVD-2] in whole or in part, to Vimeo.com, at: www.vimeo.com/33328737 [Doc. 1 ¶32 & ¶35, Doc. 91 ¶32 & ¶35 and exhibit Q], "Overcoming Life's Trauma", onto the World Wide Web – the "Internet".

2.      On or about 24 April 2012, Plaintiff filed his original Complaint [Doc. 1] in the USDC of Arizona, specifying Defendants' unauthorized public exhibition at www.vimeo.com/33328737, which is one of the four elements of the Breach of Contract Claim, that establishes the "Acceptance" element of that Claim.

3.      On or about 7 January 2013, Plaintiff filed his First Amended Complaint [Doc. 35], which included Prima Facie Evidence, that included a screen shot of Plaintiff's Motion Picture publicly exhibited online by Defendants without Plaintiff's permission at: www.vimeo.com/33328737 [Doc. 91 exhibit Q].

4.      On or about 27 January 2015, Plaintiff fact-checked his Interrogatories and Admissions, finding said Motion Picture preserved online by Defendants at: www.vimeo.com/33328737 before mailing this First Set to Defendants.

5.      On 29 January 2015, Defendants received Plaintiff's First Set of Admissions, Interrogatories and Requests for Production of Documents, which contained four Interrogatory questions, indirectly regarding public exhibition in general; and four Admissions, directly regarding the public exhibition of Plaintiff's Motion Picture at:  www.vimeo.com/33328737 [see exhibit A].

6.       On or about 2 February 2015, Plaintiff discovered that Defendants had destroyed the evidence of public exhibition [Doc. 105 exhibit D] from its location online at:  www.vimeo.com/33328737.

7.      On or about 2 February 2015, ATF Special Agent Jay Dobyns (ret.) confirmed the destruction of this same evidence for Plaintiff [see exhibit B].

8.      On or about 6 February 2015, Defendants denied their duty to preserve said evidence as their justification for destroying it [Doc. 106 Pages 4-5].

Whereas, Plaintiff has not motioned for relief in his allegation of Defendants' Spoilation of Evidence within this Motion to Quash, Plaintiff reserves the right to file a motion, once Defendants' pending Motion to Consolidate [Doc. 101] has been decided, so it may be appropriately filed. Plaintiff has now introduced this information in his Motion To Quash [Doc. 105] and herein, to support his claim that Defendants are acting in bad faith during the Discovery phase of this law suit.

Defendants' duty to preserve evidence is well known from the Federal Rules, Tenth Circuit Rulings and Common Law (*Zubulake v. UBS Warburg, 229 F.R.D. 422 S.D.N.Y. 2004, "Zubulake V"*), which includes preserving evidence they may have any *reasonable expectation* may be called into evidence by a party. This evidence was already in Plaintiff's Original Complaint, Prima Facie Evidence, and First Set of Interrogatories and Admissions, so Defendants had a *certainty* that it was evidence relating to every one of Plaintiff's three Claims related to the Motion Picture [Doc. 36. exhibit DVD-2].

Rather than answering Plaintiff's Interrogatories and Admissions [see exhibit B], regarding the online exhibition of the Motion Picture [Doc. 91 ¶32 & ¶35 and exhibit Q], Defendants destroyed that evidence to deny the Finder Of Facts in this case of foundational evidence that demonstrates Acceptance and public exhibition.

Intentional destruction of this evidence by Defendants may render the Breach of Contract Claim unenforceable; it may undermine the Unjust Enrichment Claim; and, it may severely undermine the Copyright Infringement Claim. Defendants offered the remedy of sending Plaintiff a DVD copy of his own Motion Picture [Doc. 106 page 4] (the DVD is already on file with this Honorable Court), as some kind of perverse remedy – which completely fails to restore the evidential substance of his Claims. That was not an exhibition of any good faith.

Within that evident bad faith, Plaintiff maintains that Defendants have established that they had no legitimate questions for Plaintiff, by their complete lack of Interrogatories and Admissions, which allowed for 50 of each, and would have made a deposition *unnecessary* – had they not failed to issue them to Plaintiff.

Defendants did indeed request that Plaintiff withdraw his Motion To Quash via email [Doc. 106 exhibit A], however, doing so would have made Plaintiff complicit in aiding Defendants in the bad faith concealment of said spoilage of evidence, whereby Plaintiff rightfully declined to do so [Doc. 106 exhibit B].

Defendants' Memorandum In Opposition [Doc. 106] stated, "*Although the timing may be shorter than Defendant would like, it is appropriate.*" Defendants apparently did not "like" to provide Plaintiff with the full month between their Notice and the deadline for depositions. Defendants were not reasonable in denying Plaintiff an additional nine days to make work and travel arrangements.

Defendants continue to demand an 18 February 2015 appearance, without offering this Honorable Court with an alternative date in their Memorandum In Opposition [Doc. 106] showing any good faith, nor was the full time available to depose offered in good faith by Defendants in their Notice To Depose [Doc. 103].

Failing to file any Interrogatories and Admissions by their deadline, the identical day Defendants filed their Notice To Depose [Doc. 103], is disingenuous because Defendants have established that they had no questions for Plaintiff, yet required him for a deposition, knowing they had no questions – under the burden of shorter notice than what was fully available to them. In the Attorney Planning Meeting Report [Doc. 96], parties agreed to double the standard 25 Interrogatories and Admissions to 50 each – specifically to avoid the need for depositions.

In light of Defendants' bad faith in their recent destruction of evidence, bad faith *tactics* appear to have taken priority over their pre-trial preparation and said Deposition is merely a *harassment* tactic. Defendants have no legitimate questions which they could not have posed through a good faith effort in written discovery. Defendants merely chose the most financially burdensome means possible, and forcing the least amount of time for Plaintiff to react. That was deliberate timing.

It should also be noted that Defendants had filed a Notice of their Motion To Consolidate [Doc. 101] on 9 January 2015, knowing beforehand that this could adversely affect deadlines for Discovery, as they stated in their document on page 9, item 17, so they were not caught by surprise on the last day from which to unnecessarily burden Plaintiff with their 18 February 2015 deposition date.

Therefore, Defendants acted with deliberation to create an unnecessarily burdensome situation for Plaintiff.

Wherefore, Plaintiff James Arnett respectfully requests that this Honorable Court GRANT his Motion to Quash [Doc. 105] Defendants' Notice Of Taking Plaintiff's Deposition [Doc. 103].

Respectfully submitted this *10th* day of February 2015.

James Arnett, In Propria Persona (I.F.P.)

9288 N. Monmouth Court

Tucson, Arizona 85742

Telephone: (520)304-0129

Email: jamesarnettaz@gmail.com

# EXHIBITS
# A - G

Exhibits A - G

# EXHIBIT "A"

1.　　Excerpted <u>ADMISSIONS</u> from Plaintiff's First Set, which relate directly to the public exhibition of Plaintiff's Motion Picture at:  www.vimeo.com/33328737.

> *(Admission 23.) Admit that in December of 2011, Defendant Howard uploaded the Movie, in whole or in part, to Vimeo.com at www.vimeo.com/33328737 for public exhibition.*

> *(Admission 24.) Admit that Defendant Howard also exhibited the Movie, in whole or in part, to the producers of National Geographic's "Sleepless In America" or otherwise communicated the embodiment of the Movie.*

> *(Admission 37.) Admit that Defendant Howard had appropriated those same files from the same computer in Admission 36 from which he uploaded the Movie, in whole or in part, to Vimeo.com, in December of 2011.*

> *(Admission 45.) Admit that Defendant Howard ultimately used the elements of Admission 44 in the embodiment of the Movie, which he uploaded to Vimeo.com in December of 2011.*

2.　　Excerpted <u>INTERROGATORIES</u> from Plaintiff's First Set, which relate in general to the public exhibition of Plaintiff's Motion Picture at:  www.vimeo.com/33328737.

> *(Interrogatory 6.) Where did Defendant Howard ever exhibit the Movie in public, online, distribute it to subscribers, or otherwise benefit from the exhibition or distribution of the Movie to any third parties?*

> *(Interrogatory 44.) When and where has Defendant Howard ever publicly exhibit the Movie?*

> *(Interrogatory 45.) When and where has Defendant Howard ever attempted to commercially exploit or otherwise exhibit or offer the Movie to potential buyers, broadcasters or distributors of any kind?*

> *(Interrogatory 48.) In what manner and by what means does Defendant Howard allege that he lawfully appropriated Plaintiff's audio/visual embodiment of the Movie in order to lawfully file his copyright or otherwise exhibit, distribute, or commercially exploit the Movie?*

# EXHIBIT "B"

Independent confirmation of the destruction of evidence, performed by ATF Special Agent Jay Dobyns (ret.) on 2 February 2015.

February 2, 2015

To Whom It May Concern,

My name is Jay Dobyns.  Before retiring in January 2014, I served as a federal Special Agent (Investigator) for the Bureau of Alcohol, Tobacco and Firearms for twenty-seven consecutive years.

On this date I was contacted by Mr. James Arnett and asked for advice on how to locate a law enforcement officer to confirm the deletion of a video file from the internet.  I offered to assist him with an independent confirmation.  I was provided the web address to examine by Mr. Arnett.

On February 2, 2015 at approximately 11:25 a.m. mst, I accessed the Vimeo web page at address: http://vimeo.com/33328737.

The result of my search was the below message:

# **Permission Denied**

### **Sorry, there is no video here.**

Either it was deleted or it never existed in the first place. Such are the mysteries of the Internet.

I accessed this page from my personal computer and do not / did not have the ability to alter or edit that result.

I swear this statement to be truthful under the penalty of perjury.

Respectfully,

*Jay Dobyns*

s/Jay Dobyns
ATF Special Agent (ret.)

(310) 991-2837
azjdob@yahoo.com
jay@jaydobyns.com

# EXHIBIT "C"

Prima Facie Evidence of the Motion Picture that Plaintiff alleges Defendants destroyed, on or around 2 February 2015, from its location online at: www.vimeo.com/33328737, in response to their receipt of Plaintiff's Interrogatories and Admissions, which illustrates that Defendants knew, or should have known, that this had already been called in to be used as evidence of public exhibition of the Motion Picture and Defendants had a clear duty to preserve it.

Case 2:13-cv-00591-TS-DBP   Document 91-18   Filed 08/18/14   Page 1 of 1

**EXHIBIT "Q"**



Exhibits A - G

# EXHIBIT "D"

Excerpts of Plaintiff's Last Amended Complaint (Doc. 91 ¶32 & ¶35) which relate directly to the public exhibition of Plaintiff's Motion Picture at: www.vimeo.com/33328737, illustrating that Defendants knew, or should have known, that this had already been called in to be used in evidence of public exhibition.

¶32    *"On 8 December 2011, Defendant Howard uploaded the motion picture for public exhibition on the Lifeline Media websites, www.benshoward.com and www.benshoward.net, using the Vimeo service at www.vimeo.com/33328737 [Exhibit Q] without license to exhibit the unpaid motion picture nor license for the music score, created by Mr. Robert A. Wolf, of Evansville, Indiana."*

¶35    *"...Defendant Howard had refused to make any payment, while continuing to benefit from the unpaid labor in the promotion of his books and seminar events, advertized on his Lifeline Media websites at:  http://www.benshoward.net and http://wwwbenshoward.com, still using the Vimeo service at www.vimeo.com/33328737.*

# EXHIBIT "E"

Current destroyed condition of the evidence under Defendants' exclusive control, at its location online at: www.vimeo.com/33328737 since Plaintiff discovered it on or about 2 February 2015. This fact is commonly and readily verifiable by visiting the Web address of its location online – www.vimeo.com/33328737.

## EXHIBIT "D"



**Sorry, there is no video here.**

Either it was deleted or it never existed in the first place. Such are the mysteries of the Internet.



# EXHIBIT "F"

Defendants' email to Plaintiff of 6 February 2015, where Defendants requested that Plaintiff withdraw his motion (¶2), which would have concealed Defendants' destruction of evidence from this Honorable Court – that Plaintiff rightfully declined.

Case 2:13-cv-00591-TS-DBP   Document 106   Filed 02/06/15   Page 8 of 10

**Gmail** by Google

Hillary Campbell <hillary@tyshlaw.com>

---

## Deposition

Hillary Pavia <hillary@tyshlaw.com>                                     Fri, Feb 6, 2015 at 9:04 AM
To: jamesarnettaz@gmail.com

Hi James,

Were you able to talk to your director about the deposition? We are absolutely willing to work with you on a date but technically the discovery deadline is at the end of February. If we can come to an agreement on a date we may be able to go slightly outside of that month as long as it does not affect the other deadlines.

If we can come to an agreement about the date quickly and you withdraw your motion to quash it will save us both a lot of time and argument.

Please let me know if you are unwilling to cooperate as soon as possible so that I can respond to your Motion to Quash.

If you can give me a range of dates or several dates that would be best so that I can ensure that Steve has room on his calendar.

Thanks for your assistance. I look forward to working with you.

--
**Hillary Pavia**
Attorney at Law
TYCKSEN & SHATTUCK, L.C.
12401 South 450 East, Suite E-1
Draper, Utah 84020
Telephone: (801) 748-4081
Fax: (801) 748-4087

# EXHIBIT "G"

Document 101, item 17 illustrates that Defendants were not caught by surprise by the time, to justify their very burdensome timing – illustrating that they were cognizant of the deadlines and dates beforehand and acted with deliberation.

Case 2:13-cv-00591-TS-DBP   Document 101   Filed 01/09/15   Page 9 of 15

necessary to resolve the two cases and decrease the court resources expended on two trials.

17. Consolidation will not delay the final disposition of this matter. The two cases are in the same procedural position, a status conference/pre-trial conference has been held, deadlines set, and the trial dates have been set. Mr. Ard's trial has been set for 8/24/2015 and Mr. Arnett's trial has been set for 11/2/2015.  These trial dates are so close together that it would not be a substantial burden to either party for a consolidated trial to be held. It may be necessary to adjust the deadlines to match more closely the deadlines in Mr. Arnett's case so as not to cut short his discovery period, but this would be a small adjustment which would greatly conserve judicial economy in the long run.

18. A Notice of Motion for Consolidation will be filed conjunctively with this Motion in Case No. 1:13-cv-00131-RJS and the Notice and Motion will be mailed to all parties.

**WHEREFORE**, the Defendants request that their motion for consolidation be granted.