IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GERREN ARD,<br><br>                    Plaintiff,<br><br>v.<br><br>BENJAMIN SNOW HOWARD; LIFELINE MEDIA, LLC, *a Texas entity;*<br><br>                    Defendants. | **ORDER GRANTING MOTION TO CONSOLIDATE**<br><br>Case No.  1:13-cv-00131<br><br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

Defendants Benjamin Snow Howard and Lifeline Media, LLC ("Mr. Howard and Lifeline") moved this Court to consolidate this case with *Arnett v. Howard*, No. 2:13-cv-00591, currently assigned to District Judge Ted Stewart.  (Mot. to Consolidate 1, ECF No. 63.)  Mr. Howard and Lifeline filed a Notice of Motion to Consolidate in *Arnett v. Howard*, (ECF No. 101, No. 2:13-cv-00591).

Federal Rule of Civil Procedure 42(a) and District of Utah Civil Rule 42-1 govern consolidation of civil cases.  Rule 42(a) permits consolidation if the "actions before the court involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  DUCivR 42-1 provides additional guidance, permitting consolidation when the cases:

> (a) arise from substantially the same transaction or event;
> (b) involve substantially the same parties or property;
> (c) involve the same patent, trademark, or copyright;
> (d) call for determination of substantially the same questions of law; or
> (e) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

DUCivR 42-1.

These two cases satisfy DUCivR 42-1's requirements. (*See* Mot. to Consolidate 3–5, ECF No. 63.)  The cases arise from substantially the same transaction because each case

concerns disputes about work the Mr. Ard and Mr. Arnett completed for Mr. Howard and Lifeline's film project. (*Id.* at 3, Ex. B ¶2; 1st Am. Compl. ¶3, ECF No. 16.) Mr. Ard and Mr. Arnett allege Mr. Howard and Lifeline violated compensation agreements related to the project titled "Overcoming Life's Trauma." (1st Am. Compl. ¶¶ 3, 4, 7, 60, ECF No. 16; Mot. to Consolidate Ex. B at ¶¶ 1, 4, 49, 54–57, ECF No. 63.) Both cases seek to vindicate agreements allegedly giving Mr. Ard and Mr. Arnett equity stakes in the project. (*Id.*) Claims for breach of contract and unjust enrichment undergird both Plaintiffs' claims. (*Id.; see also* First Am. Compl. ¶31, ECF No. 16; Mot. to Consolidate Ex. B ¶26, ECF No. 63.) The Complaint in this case, (First Am. Compl, ECF No. 16), shares a basis in law and fact with the Complaint in *Arnett v. Howard*, (Mot. to Consolidate Ex. B, ECF No. 63). As a result consolidation will conserve judicial resources. That commonality also satisfies Rule 42(a). *See* Fed. R. Civ. P. 42(a).

Gerren Ard argues the Motion to Consolidate really constitutes a motion for "'reconsideration.'" (Resp. in Opp'n to Def.'s Mot. to Consolidate 3, ECF No. 64.) The Court disagrees. The Motion at bar is the first request for consolidation filed by Mr. Howard and Lifeline, and complies with District Judge Shelby's order setting a filing deadline of January 9, 2015. (*See* Jan. 6, 2015 Min. Entry, ECF No. 62.) Unlike in *Van Skiver v. United States*, cited by Mr. Ard, the Court has not yet issued an order on Mr. Howard and Lifeline's request. *Cf. Van Skiver v. United States*, 952 F.2d 1241, 1242–43 (10th Cir. 1991) (denying motion for reconsideration of a final order granting summary judgment and noting no such motion exists

under the Federal Rules).  Because this Motion is not one for reconsideration, Mr. Ard's argument fails.[1]

**THE COURT ORDERS:**

1. *Arnett v. Howard,* No. 2:13-cv-00591, consolidated into *Ard v. Howard,* No. 1:13-cv-00131-RJS;

2. All future filings in each and either of those cases made in *Ard v. Howard,* No. 1:13-cv-00131-RJS.

DATED this 9th day of April, 2015.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

---

[1] Mr. Ard also filed a surreply without leave from the Court.  (Resp. in Opp'n to Def.'s "Second" [Proposed] Order Granting Mot. to Consolidate, ECF No. 67 (brackets in original).)  Because Mr. Ard did not seek the Court's leave, the Court will not consider the surreply's arguments.  Nevertheless, the surreply contains no new explication, and the Court proceeds without its consideration.